**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Solicitor Division
590 S. Marine Corps. Drive
ITC Bldg., Ste. 802
Tamuning, Guam 96913 · USA
671-475-2709/10 (tel) · 671-477-2493 (fax)
www.oagguam.org

Attorneys for the Government of Guam

# BEFORE THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, PO K. DIAZ AND DOES 1 TO 10,<br><br>Defendants. | Civil Case No. 1:24-cv-00019<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT GOVERNMENT OF GUAM** |

Defendant has moved to dismiss the claims against the Government of Guam made in the above captioned case, pursuant to Guam Code of Civil Procedure Rules 12(b)(1) and Rules 12(b)(6).

The claims against the Government of Guam should be dismissed because 1) the District Court of Guam has no jurisdiction over claims made pursuant to local law, and 2) the District Court of Guam has no supplemental (aka pendant or ancillary), jurisdiction over claims made pursuant to local law.

Paragraphs 7 and 8 of Plaintiff's Amended Complaint for Damages provides:

> 7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1331 because [Plaintiff] Jose's claims under 42 U.S.C. 1983 arise under federal questions.
>
> 8. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**1) <u>The District Court of Guam has no original jurisdiction over claims made pursuant to local law</u>**

28 U.S.C. 1424 (b) and (c) provide:

> **(b) Jurisdiction**
>
> The District Court of Guam <u>shall have the jurisdiction of a district court of the United States</u>, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, and that of a bankruptcy court of the United States.
>
> **(c) Original Jurisdiction**
>
> In addition to the jurisdiction described in subsection (b), the District Court of Guam shall have original jurisdiction in all other causes in Guam, jurisdiction over which is not then vested by the legislature in another court or other courts established by it. In causes brought in the district court solely on the basis of this subsection, the district court shall be considered a court established by the laws of Guam for the purpose of determining the requirements of indictment by grand jury or trial by jury.

Subsequent to the enactment of 28 USC 1424(c) the Guam Legislature enacted 7 GCA §3105. That statute provides:

> Jurisdiction of Superior Court. The Superior Court shall have original jurisdiction over all causes of action, and, except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature. (emphasis added)

**Original Jurisdiction** refers to a court's authority to hear and decide a case for the first time before any appellate review occurs. Thus 7 GCA § 3105 vested in the Superior Court the jurisdiction originally vested in the District Court of Guam by **28 U.S.C. 1424 (b) and (c).**

28 U.S.C. § 1331 provides:

> The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. (emphasis added)

Thus, the only jurisdiction exercised by the District Court is that arising under the Constitution, laws or treaties of the United States.

Count V of the Amended Complaint alleges "vicarious liability;" Count VI of the Amended Complaint alleges "negligent hiring, retention, supervision and training;" and Count XI alleges "conversion." The aforesaid causes of action may not be said to arise under the Constitution, laws, or treaties of the United States, because the ***source*** of those laws is not the Constitution, laws, or treaties of the United States, and because their geographical applicability is limited to Guam.

**2) This Court has no supplemental jurisdiction in this case over claims based on in local law, because it lacks original jurisdiction over *any* of the claims made in this case**

The Legal Information Institute states:

**Supplemental jurisdiction** allows the federal court to hear additional claims that it would not independently have subject matter jurisdiction (either diversity jurisdiction or **federal question jurisdiction**) over. These claims must be closely related to **at least**

**one** of the existing claims that the federal court does have ***original*** subject matter jurisdiction over.

http://www.law.cornell.edu/wex/supplemental_jurisdiction#:~:text=Supplemental%20jurisdiction%20allows%20the%20federal,or%20federal%20questions%20jurisdiction%20)%20over.

The District Court of Guam does not have original jurisdiction over Count XI, which alleges an integral participant violation actionable under 42 USC 1983. Nor does the Court have original jurisdiction under any other count. Therefore, the Court does not have original or supplemental jurisdiction over any count against the Government of Guam, and those courts should be dismissed.

Respectfully submitted this 18th day of February, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B Moylan, Attorney General**

**By**: ______________________
**JOSEPH A. GUTHRIE**
Chief Deputy Attorney General