DANIEL J. BERMAN, ESQ.
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone No.: (671) 477-2778
Facsimile No.: (671) 477-4366
Email: djberman@pacificlawyers.law

Attorneys for Plaintiff:

*JOSE ARLINE DADIVAS DEVELLES*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL T. DIAZ, AREN L. FABILA and DOES 1 TO 10,<br><br>Defendants. | CIVIL CASE NO. 1:24-cv-00019<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOVERNMENT OF GUAM'S MOTION TO DISMISS** |

COMES NOW the Plaintiff JOSE ARLINE DADIVAS DEVELLES ("Jose"), by and through counsel undersigned, and hereby opposes the Motion to Dismiss filed by the Defendant GOVERNMENT OF GUAM as follows.

**INTRODUCTION**

This is an action to hold the Government of Guam ("GovGuam"), the Guam Police Department ("GPD"), and at least two police officers accountable for their unlawful, malicious battery on Plaintiff and related violations of Jose's rights during and after a vehicle stop. After Jose was severely beaten at the scene of the stop, the assigned and involved GPD officers stole Jose's money. GPD supervisors applied no discipline, GPD's internal affairs investigators failed to take appropriate disciplinary action, and when served with Jose's government claim form, GovGuam did not bother to write a response

or reply with any defense. As a result, Jose understandably filed this action and alleges claims under federal and Guam law against Defendant GovGuam[1] and certain named and unnamed police officers employed by GovGuam. GovGuam has moved to dismiss the claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] As shown below, dismissal is unwarranted.

## RELEVANT FACTS

In the Amended Complaint, Plaintiff alleges:

> 7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Jose's claims under 42 U.S.C. § 1983 arise under federal questions.
>
> 8. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

The Amended Complaint contains eleven (11) counts, all of which form part of the same case or controversy. The factual background common to all claims is extensive and detailed. *See* Doc. 17 (Am. Compl.) ¶¶ 9–30. The role of GovGuam as plead in the Amended Complaint is central and vast. To begin, Jose alleges that GovGuam "expected its police officers to perform law enforcement activities in conformance with all applicable laws and GPD policies and procedures." *Id.* ¶10. Although the Amended Complaint certainly includes tort claims under Guam law, the essence of the case

[1] The claims in the Amended Complaint alleged against Defendant GovGuam are: Count V – Vicarious Liability; Count VI – Negligent Hiring, Retention, Supervision and Training; Count IX – Integral Participant Violation (48 U.S.C. § 1983) for Prospective Injunctive Relief Only; and Count XI – Conversion of Money.

[2] GovGuam refers to the "Guam Rules of Civil Procedure" in its Motion to Dismiss (Doc. 21) and supporting memorandum (Doc. 22). The Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure. *See People v. Quitugua*, 2009 Guam 10 ¶10. Certainly, the "Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). "If a Federal Rule of Civil Procedure is valid under the Constitution and the Enabling Act, it applies according to its terms in all civil cases in federal district court." *Id.* Accordingly, this Opposition refers to the Federal Rules of Civil Procedure and authority interpreting those rules.

involves asserted violations of 48 U.S.C. § 1983. *See id.* (Counts VII, VIII, IX, and X). Indeed, Count IX—the § 1983 claim against GovGuam—explains how the policies, procedures, customs, practices, and atmosphere, including failed governmental oversight, led to the alleged violation of Jose's constitutional and federal rights at issue. *See id.* ¶¶85–86. Plaintiff alleges a pervasive governmental and departmental role of creating and tolerating "an atmosphere of lawlessness and carelessness." *Id.* ¶85. Jose requests prospective injunctive relief for GovGuam's "ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision." *Id.* ¶92. As discussed below, all of these counts—whether under federal or Guam law—derive from the same incident and core facts to form the same controversy.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal on the grounds that the court lacks subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger_ asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a facial attack, the court "assume[s] [plaintiff's factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). But, as with a Rule 12(b)(6) motion, courts do not accept the truth of any legal conclusions contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Article III, § 2, of the Constitution restricts federal courts' jurisdiction to a "case" or "controversy." *Murthy v. Missouri*, 603 U.S. 43 (2024).

Under Rule 12(b)(6)[3], a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts

[3] Although GovGuam references both Rule 12(b)(1) and Rule 12(b)(6), GovGuam's argument appears to be entirely jurisdictional. *See* Doc. 22.

under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The complaint need not include detailed factual allegations but must provide more than just a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required, however, to accept as true legal conclusions couched as factual allegations. *See Iqbal,* 556 U.S. at 678. Here, Jose's Amended Complaint is replete with specific factual detail of his stop, arrest, and outrageous beating into a pulp.

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

## POINTS AND AUTHORITIES

In opposition to GovGuam's motion, this district court should find that it has original jurisdiction over civil actions arising under federal questions, including the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

This motion should not be granted if this Court applies the rule that: "[A]ny civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367 provides litigants an "opportunity … to pursue complete relief in a federal-court lawsuit." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1240 (2006). The "case or controversy" formulation confers supplemental jurisdiction over state law claims that arise out of a "common nucleus of operative facts" with substantive federal claims. *Parker v. Scrap Metals Processors Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

If "the facts underlying the federal and state claims substantially overlap or … presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court," the exercise of supplemental jurisdiction is warranted. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (internal citation omitted). Accordingly, if the federal court has original jurisdiction over a claim between one plaintiff and one defendant, the court may also have supplemental jurisdiction over that same plaintiff's claims against a different defendant, even if the district court does not independently have original jurisdiction over this latter claim.

If, however, the federal and state claims "rest[] on essentially unrelated facts," the exercise of supplemental jurisdiction is not justified. *Id. See Bell v. SL Green Realty Corp.*, No. 19 Civ. 8153(LGS), 2021 U.S. Dist. LEXIS 26570, 2021 WL 516575, at *8 (S.D.N.Y. Feb. 11, 2021) (declining to exercise supplemental jurisdiction over state law claim where "the state law claims are asserted against a different defendant than the defendant of the surviving § 1981 claim and are factually distinct claims arising out of different events"). But, the facts of Jose's case show the high level of connection between his battery by GPD and the lack of any supervision, training or discipline provided by senior GPD officers in charge of policy and standards of conduct. Section 1367(a) "is a broad grant of

supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district court would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). This "broad grant of supplemental jurisdiction" extends to "claims involving joinder or intervention of additional parties." *Id.*

One action can be filed against multiple defendants in federal court, where the plaintiff can show the claims against all of the defendants are part of the "same case or controversy," and that the court has original jurisdiction over the claims against at least one of the defendants. *See ABF Freight Sys. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (having original jurisdiction over action against the Union, the district court had supplemental jurisdiction over the claims against a different defendant, as the claims against all defendants arose from the same facts). Nonetheless, federal courts may decline to exercise supplemental jurisdiction if: the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Section 1983 provides that: "Every person who, under color of any statute . . . of any Territory . . . [that] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983.A "Guam officer sued in his official capacity is a 'person' within the meaning of § 1983." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) (citing *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir. 1992). Regardless, who is a "person" under § 1983 is a statutory question that does not implicate subject matter jurisdiction. *Id.* Similarly, sovereign immunity does not

apply to the claims Jose brings against officers in their official capacities only for declaratory and injunctive relief. *See id.* As this Court has recognized, GovGuam may be sued for prospective injunctive relief through a § 1983 claim. *Ryan v. Mansapit-Shimizu*, 2024 U.S. Dist. LEXIS 123181, *15 (D. Guam July 11, 2024). Here, Jose is suing GovGuam only for prospective injunctive relief in the § 1983 claim naming GovGuam as a defendant. Therefore, GovGuam is a "person" under § 1983 for this purpose. *See id.*

**A. Original Subject-Matter Jurisdiction Exists in This § 1983 Action**

In a recent case, this Court found that it had both original subject-matter jurisdiction over a federal § 1983 claim and supplemental jurisdiction over state law claims. *See Gumataotao v. Highsmith*, 2022 U.S. Dist. LEXIS 58532, *7 (D. Guam Mar. 28, 2022). The plaintiff, Gumataotao alleged "Counts II and III against GovGuam, and Counts I and III against Highsmith," *id.* at *2, because he had alleged a battery by a law enforcement officer: Asst. AG Highsmith.[4] Although that case was eventually remanded to the Superior Court of Guam for other reasons,[5] this Court concluded that it had "original federal question jurisdiction due to Gumataotao's allegation that GovGuam and Highsmith violated § 1983." *Id.* at *2.

Here, the same reasoning applies, and therefore original federal question jurisdiction exists. Jose alleges that the Government of Guam and certain individual officers, including supervisors, violated § 1983. The Government argues that "[t]he District Court of Guam does not have jurisdiction over Count XI, which alleges an integral participant violation[.]" Doc. 22 at 3. Regardless of the title to the count, Plaintiff

[4] "The Complaint contains three counts: Count 1 is against Defendant Highsmith; Count II is against Defendant Government of Guam; and Count III is against both Defendants Highsmith and the Government of Guam." *Gumataotao v. Highsmith*, 2023 U.S. Dist. LEXIS 42794, *4 (D. Guam Mar. 13, 2023).

[5] Because Gumataotao's claim was for retroactive money damages and did not seek prospective injunctive relief, the Court dismissed the claim against "GovGuam and Highsmith." *Gumataotao v. Highsmith*, 2022 U.S. Dist. LEXIS 58532, *4 (finding in Count III that the Defendants are not "persons" under Section 1983 and thus cannot be held liable under Section 1983). That is not the case plead in Jose's Complaint.

certainly alleges a § 1983 claim for prospective injunctive relief against the GovGuam, unlike the Gumataotao case. Doc. 17 (Am. Compl.) ¶92. The complaint contains detailed allegations explaining how GovGuam, its agents, and its GPD agency failed to train, failed to supervise, failed to review, failed to discipline, and directly participated in the violation of Plaintiff's constitutional rights, and thereby jointly caused and encouraged the officers who actually struck the blows severely harming Jose.

Furthermore, GovGuam is overlooking the other existing federal counts in the Amended Complaint against government agents, including supervisory and individual police officers. GovGuam cites the Legal Information Institute for the premise that supplemental jurisdiction is limited to additional claims that are closely related to one of the existing claims that the federal court does have original jurisdiction over. Doc. 22 at 3–4. Nothing in GovGuam's motion has support for the idea that the existing claims must be brought against the same exact party. Plaintiff here not only alleges a claim of original jurisdiction against GovGuam, but also alleges several federal claims against the other defendants who have yet to respond. *See generally* Am. Compl. Doc. 17; *also*, Doc. 23 (Stipulation to Extend deadlines to Respond).

**B. Supplemental Jurisdiction Exists Over the Guam Law Claims**

Because the court has original federal jurisdiction, the court "shall" have supplemental jurisdiction over Jose's Guam law claims because they undoubtedly form part of the same case or controversy. Every harm suffered by Jose stems from the alleged governmental policies and practices that directly lead to extreme physical abuse of Jose during a traffic stop by Guam police officers. Jose alleges a factual background common to all claims, including the claim he brings against GovGuam for a violation of § 1983. This Court has noted the viability of this pleading approach with approval in recognizing the need to exercise supplemental jurisdiction. *See Gumataotao*, 2022 U.S. Dist. LEXIS 58532, *7 ("Importantly, the main operative facts, which describe an altercation … are

contained within paragraphs 1-23 of the Complaint."). Like in that case, as here in Jose's case, "the federal and state law claims arise out of the same controversy." *Id.* Accordingly, this Court should find that it has supplemental jurisdiction over Jose's Guam law claims and no sufficient discretionary reasons for declining to exercise supplemental jurisdiction exist. *See* 28 U.S.C. § 1367(c).

Alternatively, should the Court decide to dismiss Jose's federal or state law claims against GovGuam, Jose should be provided an opportunity to amend[6] his Complaint to cure any technical pleading deficiencies that may remain. *See Heineke v. Santa Clara Univ.*, 812 Fed. Appx. 644, 646 (9th Cir. 2020) (reversing denial of leave to amend because "[i]n elevating form over substance, the court abused its discretion.").

## CONCLUSION

For the foregoing reasons, the Court should deny GovGuam's Motion to Dismiss.

DATED this 4 day of March, 2025.

Attorneys for Plaintiff

By: [signature]
**DANIEL J. BERMAN**

---

[6] The Federal Rules of Civil Procedure require that leave to amend be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, the harsh penalty of dismissal should only be imposed in extreme circumstances." *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (internal quotation marks and citation omitted). "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).