**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Solicitor Division
590 S. Marine Corps. Drive
ITC Bldg., Ste. 802
Tamuning, Guam 96913 · USA
671-475-2709/10 (tel) · 671-477-2493 (fax)
www.oagguam.org

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **JOSE ARLINE DADIVAS DEVELLES,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GOVERNMENT OF GUAM, KENDALL T. DIAZ, AREN L. FABILA and DOES 1 TO 10,**<br><br>**Defendants.** | CIVIL CASE NO: 1:24-cv-00019<br><br>**OPPOSITION TO PROPOSED CLERK'S ENTRY OF DEFAULT** |

On March 27, 2025, Defendant Aren L. Fabila was served, through the Office of the Attorney General, with a Proposed Entry of Default in the above-captioned case. It claimed that Defendant AREN L. FABILA is in default for failure to plead or otherwise respond to the Amended Complaint as required by law. However, a partial motion to dismiss is pending in this case, seeking to dismiss counts against the defendant Government of Guam.

Federal Rule of Civil Procedure 12(a)(4) states that a Rule 12 motion tolls the time period within which a defendant must file a responsive pleading. Cases cited below conclude that Rule 12(a)(4) also applies to a partial Rule 12(b) motion, tolling the time period for filing an answer to all claims contained in a Complaint—not just the claims for which the motion seeks dismissal.

The majority of courts interpreting Rule 12(a)(4) have held that "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion." See ThermoLife Int'l, LLC vs. Gaspari Nutrition, Inc., No. CV11-01056-PHX-NVW, 2011 WL 6296833 (D. Ariz. Dec. 16, 2011) (even when a pending motion to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); see also Gortat v. Capala Bros., 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (finding that requiring a party to reply to claims not the subject of a partial motion to dismiss would result in a "procedural thicket of piecemeal answers that would poorly serve judicial economy"); Kent v. Geren, No. CIV.A.07-CV02202-Z, 2008 WL 150060 (D. Colo. Jan. 11, 2008) (finding that partially dispositive Rule 12 motion altered responsive pleading date under Rule 12(a)(4); Beaulieu v. Bd. Of 15 Trustees of Univ. of W. Fla., No. 3:07CV30 REVEMT, 2007 WL 2020161 (N.D. Fla. July 9, 2007) (holding that a partial motion to dismiss "automatically extends" the time to file a responsive pleading on unchallenged claims pursuant to Rule 12(a)(4)); Shah v. KIK Int'l LLC, No. 3:06-CV-712RLM, 2007 WL 1876449 (N.D. Inc. June 26, 2007) (holding that Rule 12(a)(4) applies "by operation of law" to claims not challenged in partial motion to dismiss); Bertaut v. Par.

of Jefferson, No. CIV.A 02-2104, 2002, WL 31528468 (E.D. La. Nov. 8, 2002) ("[e]ven the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint" under Rule 12(a)(4); Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247, 250 (W.D.N.Y. 1998) (holding that the plain language of Rule 12(a)(4) contemplates suspending the time to response to the entire complaint, not just to claims that are the subject of a partial motion to dismiss); Oil Express Nat., Inc. v. D'Alessandro, 173 F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts that have considered this questions … have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); Brocksopp Eng'g, Inc. v. Back-Simpson Ltd., 136 F.R.D. 485, 486-87 (E.D. Wis. 1991).

For the foregoing reasons, Officer Fabila opposes the Clerk's Entry of Default.

Respectfully submitted this 27th day of March, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General**

**By**: ______________________
**JOSEPH A. GUTHRIE**
Chief Deputy Attorney General