**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Solicitor Division
134 W Soledad Avenue, Suite 302
Hagatna, GU 96910
Tel: (671) 475-2709
Fax: (671) 472-2493
www.guamattorneygeneral.org

***Attorneys for the Government of Guam***

**BEFORE THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Petitioner,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL T. DIAZ, AREN L. FABILA and DOES 1 TO 10,<br><br>Defendants. | CIVIL CASE NO. 1:24-CV-00019<br><br>**MEMORANDUM IN SUPPORT OF SECOND MOTION TO DISMISS DEFENDANT GOVERNMENT OF GUAM FROM SECOND AMENDED COMPLAINT FOR DAMAGES** |

Defendant Government of Guam moves under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss all claims and causes of action alleged against it in Plaintiff's Second Amended Complaint (Doc. 40), and to strike any punitive-damages demand against GovGuam.

The claims against the Government of Guam should be dismissed because 1) the District Court of Guam has no jurisdiction over claims made pursuant to local law, and 2) the District Court of Guam has no supplemental (aka pendant or ancillary) jurisdiction over claims made pursuant to local law.

Paragraphs 10 and 11 of Plaintiff's Second Amended Complaint for Damages provide:

10. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1331 because [Plaintiff] Jose's claims under 42 U.S.C. 1983 arise under federal questions.

11. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**1. The District Court of Guam has no original jurisdiction over claims made pursuant to local law**

48 U.S.C. 1424(b) and (c) provides:

**(b) Jurisdiction**

> The District Court of Guam <u>shall have the jurisdiction of a district court of the United States</u>, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, and that of a bankruptcy court of the United States.

**(c) Original Jurisdiction**

> In addition to the jurisdiction described in subsection (b), the District Court of Guam shall have original jurisdiction in all other causes in Guam, jurisdiction over which is not then vested by the legislature in another court or other courts established by it. In causes brought in the district court solely on the basis of this subsection, the district court shall be considered a court established by the laws of Guam for the purpose of determining the requirements of indictment by grand jury or trial by jury.

Subsequent to the enactment of 48 USC 1424(c) the Guam Legislature enacted 7 GCA §3105. That statute provides:

> Jurisdiction of Superior Court. The Superior Court shall have original jurisdiction over all causes of action, and except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature. (emphasis added)

Original Jurisdiction refers to a court's authority to hear and decide a case for the first time before any appellate review occurs. Thus 7 GCA § 3105 vested in the Superior Court the jurisdiction originally vested in the District Court of Guam by 48 U.S.C. 1424 (b) and (c).

28 U.S.C. § 1331 provides:

> The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. (emphasis added)

Thus, the only jurisdiction exercised by the District Court is that arising under the Constitution, laws or treaties of the United States.

Count V of the Second Amended Complaint alleges "vicarious liability"; Count VI of the Second Amended Complaint alleges "negligent hiring, retention, supervision and training"; and Count XI alleges "conversion". The aforesaid causes of action may not be said to arise under the Constitution, laws, or treaties of the United States, because the source of those laws is not the Constitution, laws, or treaties of the United States, and because their geographical applicability is limited to Guam.

2. **This Court has no supplemental jurisdiction in this case over claims based on local law, because it lacks original jurisdiction over any of the claims made in this case.**

Count IX should be dismissed for failure to state a claim, as it is pleaded under 48 U.S.C. § 1983, a statute that does not provide a cognizable cause of action for the conduct alleged in that count.

Further, the District Court of Guam does not have original jurisdiction over Count IX. The Legal Information Institute states:

> **Supplemental jurisdiction** allows the federal court to hear additional claims that it would not independently have subject matter jurisdiction (either diversity jurisdiction or **federal question jurisdiction**) over. These claims must be closely related to **at least one** of the existing claims that the federal court does have ***original*** subject matter jurisdiction over.[1]

[1] https://www.law.cornell.edu/wex/supplemental_jurisdiction#_test=Supplemental%20jurisdiction%20allows%20the%20federal,or%20federal%20questions%20jurisdiction%20)%20over.

The District Court of Guam does not have original jurisdiction over Count XI, which alleges Government Custom or Policy / Failure to Supervise or Train violations actionable under 42 USC 1983. Nor does the Court have original jurisdiction under any other count. Therefore, the Court does not have original or supplemental jurisdiction over any count against the Government of Guam, and those counts should be dismissed.

### A. Count IX should be dismissed because it does not establish a likelihood of future individualized harm to Plaintiff, nor does the Second Amended Complaint allege sufficient factual matter to state a claim to relief that is plausible on its face.

#### i. <u>Count IX should be dismissed because it does not establish a likelihood of future individualized harm to Plaintiff.</u>

Defendant Government of Guam moves under Fed. R. Civ. P. 12(b)(6) to dismiss Count IX to the extent it seeks prospective injunctive relief against the Government of Guam. The Second Amended Complaint does not allege facts showing a real and immediate threat that Plaintiff will again be stopped and, without provocation, subjected to police brutality by the Government of Guam or its agents—an essential showing for injunctive relief under 42 U.S.C. § 1983.

Count IX seeks only prospective injunctive relief against the Government of Guam (Second Am. Compl. ¶¶ 117–131 [Dkt. 40]). The Complaint describes a single incident on March 4, 2023 (Second Am. Compl. ¶¶ 16–35; exhibits, pp. 21-70 [Dkt. 40]), but contains no nonconclusory allegations that Plaintiff faces any continuing or imminent risk of being stopped and assaulted again by Government of Guam officers.

Prospective equitable relief in a § 1983 action requires an actual and imminent—not speculative—threat that the plaintiff personally will suffer the challenged acts again. *City of Los*

*Angeles v. Lyons*, 461 U.S. 95, 102–11 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 496–98 (1974). The District of Guam applied this rule in *Adkins v. Guam Police Dep't*, No. CIV. 09-00010, 2010 WL 3385176, at *5 (D. Guam Aug. 24, 2010), dismissing injunctive claims where the complaint failed to show a likelihood of recurrence.

The Second Amended Complaint alleges a single past incident (the March 4, 2023 stop and alleged assault) and makes generalized assertions about departmental policies or customs (Second Am. Compl. ¶¶ 122–129 [Dkt. 40]). Past misconduct and broad policy allegations, without more, do not establish a likelihood of future individualized harm to Plaintiff. *Lyons*, 461 U.S. at 105–06; *Adkins*, 2010 WL 3385176, at *5.

Plaintiff does not plead facts showing that the Government of Guam or any policymaker has threatened, targeted, or is likely to stop and assault him again, nor that Plaintiff has experienced repeated or recent stops or harassment creating an imminent risk. Thus, the Complaint lacks the particularized factual allegations required to support prospective relief.

Because Plaintiff has not plausibly alleged an imminent, individualized threat of future constitutional injury, Count IX's request for prospective injunctive relief against the Government of Guam should be dismissed. Dismissal should be with prejudice as to injunctive relief unless the Court grants leave to amend and Plaintiff can plead specific facts demonstrating a real and immediate threat that he personally will again be stopped and subjected to police brutality.

For the foregoing reasons, Defendant Government of Guam respectfully requests that the Court dismiss with prejudice Count IX to the extent it seeks prospective injunctive relief against the Government of Guam.

**ii. <u>Count IX should be dismissed because the Second Amended Complaint fails to allege sufficient factual matter to state a claim to relief that is plausible on its face.</u>**

A complaint must allege sufficient factual matter to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Conclusory formulaic recitations of elements, labels, and legal conclusions are insufficient. For municipal liability under 42 U.S.C. § 1983, a plaintiff must plead facts showing (1) the existence of a municipal policy, practice, or custom, (2) that the policy was the moving force behind a constitutional deprivation, and (3) deliberate indifference where relevant. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Canton* v. Harris, 489 U.S. 378 (1989).

Plaintiff alleges that during the traffic stop on March 4, 2023, he was forcibly removed from his vehicle, beaten, and later discovered that $2,000 in cash was missing (Second Am. Compl., Dkt. 40 ¶¶16–31, 22–29, 142–148; Doc. 40 pp.3–6, 22–23). Plaintiff asserts federal §1983 claims and various state tort claims, seeking relief from the Government of Guam based on municipal policy, custom, or supervisory failure under *Monell* (*supra*) theories (Dkt. 40 ¶¶119–128, 132–139; Doc. 40 pp.18–22). However, these *Monell* and supervisory allegations are largely legal conclusions and lack sufficient factual detail to plausibly demonstrate a municipal policy, practice, or deliberate indifference as the moving force behind the alleged constitutional injury, as required by *Twombly* and *Iqbal*, *supra*. The attached documentary exhibits (internal affairs summary, property report, arrest record, and medical records; Dkt. 40 pp.27–66) do not provide the necessary *Monell* or supervisory factual basis. Accordingly, the counts against the Government of Guam should be dismissed.

3. **Counts VI (negligent hiring/retention/supervision/training) and X (supervisory §1983 liability) fail because the Second Amended Complaint does not plead facts showing notice, deliberate indifference, or causation.**

To impose municipal or supervisory liability, plaintiffs must plead facts showing that supervisors knew of a pattern of similar misconduct and were deliberately indifferent

in failing to act, or similar facts demonstrating a causal link between the supervisory policy/inaction and the constitutional deprivation. Canton, 489 U.S. at 388–91; *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010).

**4. Pleading deficiencies in Counts VI (negligent hiring / retention / supervision / training) and X (supervisory §1983 liability) fail because the Second Amended Complaint does not plead facts showing notice, deliberate indifference, or causation**

The Second Amended Complaint asserts supervisors "acquiesced" and "failed to supervise" (Doc. 40 ¶¶75–86, 121–128, 132–139; Doc. 40 pp.11–13, 18–22) but provides no factual allegations showing prior incidents, disciplinary files, knowledge by named supervisors, or any direct causal chain linking training/hiring choices to the March 4 conduct. Without such facts, the allegations are conclusory and must be dismissed pursuant to *Twombly* and *Iqbal*, *supra*.

Based on these pleading deficiencies Counts VI and X should be dismissed as to the Government of Guam.

**5. Plaintiff's state-law intentional tort claims cannot stand against GovGuam absent an allegation of a statutory waiver of immunity.**

A. Plaintiff's own pleading acknowledges limits on GovGuam's waiver and cites territorial authority (Dkt. 40 ¶70, p.11). Territory law governs whether the Government waived immunity for particular torts; any waiver must be pleaded.

B. The Second Amended Complaint asserts assault, battery, conversion, and related torts (Counts I–IV, XI) against all Defendants, including GovGuam, but nowhere alleges the statutory basis or facts necessary to show the Government has waived immunity for intentional torts in this context. Because Plaintiff fails to plead waiver the intentional tort counts against GovGuam must be dismissed.

6. **Plaintiff's request for punitive damages and related remedies against GovGuam should be stricken.**

Punitive damages against a governmental entity are generally barred except where statute permits. Plaintiff's demand for punitive damages against the Government of Guam (see Second Amended Complaint at ¶105) should be stricken.

Plaintiff's *Monell* and supervisory allegations are conclusory and prevent the Government of Guam from formulating a responsive pleading. If the Court is unwilling to grant dismissal, it should require Plaintiff to provide a more definite statement identifying specific policies/customs, prior incidents with dates and actors, and the factual basis for alleging deliberate indifference (Fed. R. Civ. P. 12(e)).

If the Court dismisses federal claims against the Government of Guam, it should decline to exercise supplemental jurisdiction over any remaining state claims.

If the Court dismisses the federal *Monell* and supervisory claims early, 28 U.S.C. §1367(c)(3) permits dismissal of supplemental state claims without prejudice to refile in the Guam Superior Court.

## RELIEF REQUESTED

For the foregoing reasons, Defendant Government of Guam respectfully requests that the Court:

1. Grant this Motion and dismiss the Second Amended Complaint (Dkt. 40) as to the Government of Guam under Fed. R. Civ. P. 12(b)(6);
2. Strike any demand for punitive damages against GovGuam;
3. Alternatively, dismiss without prejudice or enter an order under Fed. R. Civ. P. 12(e) directing Plaintiff to provide a more definite statement; and
4. Grant any other relief the Court deems just and proper.

Dated this 20th day of March, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General

By: *_/s/ Staci L. Anderson_*
**STACI L. ANDERSON**
Deputy Attorney General