**TORRES LAW GROUP**
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 477-9891

***Attorneys for Defendants***
*Kendall J.N. Diaz, Aren L. Fabila,*
*John W. Barcinas, Patrick G. Corpuz*
*and Donald Flickinger*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Plaintiff,<br>vs.<br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, JOHN W. BARCINAS, PATRICK G. CORPUZ DONALD FLICKINGER and DOES 1 TO 10,<br>Defendants. | CIVIL ACTION NO. 1-24-cv-00019<br><br>**MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS PATRICK G. CORPUZ AND DONALD FLICKINGER** |

On June 25, 2025, JOSE ARLINE DADIVAS DEVELLES, ("Plaintiff" or "Develles") filed a Second Amended Complaint adding Defendants JOHN W. BARCINAS ("BARCINAS"), PATRICK G. CORPUZ ("CORPUZ") AND DONALD FLICKINGER ("FLICKINGER"). Corpuz and Flickinger, the Moving Defendants (collectively "Defendants" or "Moving Defendants"), by and through their undersigned counsel, hereby move the Court to dismiss Count IV (Negligence), Count VII (Deprivation of Federal Civil Rights), COUNT IX - (Government Custom or Policy/Failure to Supervise or Train, 48 U.S.C. § 1983...in their Official Capacity for Prospective Injunctive Relief Only), Count X (Supervisor Liability), Count XI (Conversion of Money) and Count XII ("Attorneys Fees") of the Second Amended Complaint ("SAC") based upon Rules 8(a), 12(b)(6) and 56 of the Federal Rules of Civil Procedure ("FRCP"). This Motion is supported by the below Memorandum of Points and Authorities and the pleadings on filed herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This action arises from a traffic stop on March 4, 2023, during which Plaintiff alleges

he was subjected to excessive force by co-Defendants Diaz, Fabila, and Barcinas. Moving Defendants Corpuz and Flickinger were not present at the scene. Plaintiff admits they were added as defendants only because discovery later identified them as having "authority over the co-Defendants" as "supervisory officers" (SAC at ¶¶32 and 33).

Count VII must be dismissed because Moving Defendants lacked personal involvement.

Plaintiff alleges in Count VII that Moving Defendants violated his Fourth and Fourteenth Amendment rights by "unreasonably seizing him and using excessive force". (See SAC at ¶97). However, liability under 42 U.S.C. § 1983 requires personal involvement. The SAC contains no factual allegations that Corpuz or Flickinger were present during the traffic stop or participated in the use of force.

Plaintiff asserts in its SAC claims against the Moving Defendants in Counts IV, VII, and IX. Plaintiff's factual allegations relating to the claims asserted against Defendants are found at paragraphs 28, 29, 33, 34, and 119-127 of the SAC. Plaintiff's deficient Second Amended Complaint has not set plead sufficient facts or elements of its claims against the Defendants nor has it plead or set forth claims upon which relief can be granted. Defendants are entitled to Summary Judgment in their favor and dismissal of all claims against them.

**A. Standard for Dismissal under FRCP Rules 8(a), 12(b)(6) and 56.**

Defendants seek dismissal of all claims asserted against them pursuant to FRCP Rules 8(a), 12(b)(6) and 56(e).

Rule 56 of the Federal Rules of Civil Procedure ("FRCP") states summary judgment is appropriate "if the *pleadings*, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56©. (emphasis added). When analyzing a summary judgment motion, a court "must view the evidence and draw inferences in the light most favorable to the non-movant." (***Hemlani v. Hemlani***, 2015Guam 16, ¶13). The movant bears the initial burden of showing that

"undisputed facts in the record support a prima facie entitlement to the relief requested." (***Hawaiian RockProducts Corp. v. Ocean Housing, Inc.***, 2016 Guam 4, ¶ 27). If such a showing is made, "the non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." (***Gayle v. Hemlani***, 2000 Guam 25, ¶ 21 (citations omitted)); GRCP 56(e).

A genuine dispute "occurs where there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact finder." (***Hawaiian Rock Products Corp.***,supra at ¶ 26). The dispute must be to a material fact, that is, a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."(***Bank of Guam v. Flores***, 2004 Guam 25, ¶ 8).

When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." ***First Hawaiian Bank***, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief. (***Vasques v. Los Angeles County.***, 487 F.3d 1246, 1249 (9th Cir. 2007)).

Rule 8(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a). ("Rule 8 requires only a short and plain statement of the claim." ***Conley v. Gibson***, 355 U.S, 41 (1957). *Conley* involved review of a dismissal of a Complaint under Rule 12(b)(6). The Court stated that a case should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts imposing liability. Here much of the pleadings against Defendants amount to conclusory allegations which do not equate to the plausibility of any unlawful actions ot inactions by Defendants or an illicit accord by Defendants to violate Plaintiffs fourth amendment constitutional rights.

**B. Standards for Individual Liability under 42 U.S.C. § 1983.**

The United States Supreme Court has established that claims of excessive force by


TORRES LAW GROUP
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 477-9891

law enforcement during an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment by an "objective reasonableness" standard. ***Graham v. O'Connor,*** 490 US 386. Plaintiff asserts supervisor liability against Corpuz and Flickinger, claiming they "participated in or directed" the violations or "acquiesced" in them. These allegations are formulaic recitations of the legal standard and lack any supporting facts.

Dismissal of Count VII is warranted due to the lack of moving Defendants personal participation. In ***Ashcroft v. Iqbal***, 556 US 662 (2009), the Supreme Court addressed "supervisory liability" which it termed a misnomer. 42 U.S.C. § 1983 liability requires personal involvement in the alleged constitutional violation. One is only liable for his or her misconduct. Stated another way, under § 1983, a defendant is only liable if they "personally participated" in the constitutional deprivation. Corpuz and Flickinger were not present during the March 4, 2023 incident. Corpuz and Flickinger were involved only through handling administrative paperwork presented by Plaintiff. The Second Amended Complaint fails to allege that either Corpuz or Flickinger were present during the March 4, 2023, incident or that they participated in the use of force. (See SAC ¶ 28,29,33,34 and Count XII).

A defendant may be deemed to have "caused" a constitutional violation under § 1983 under the Integrated Participant Standard. That standard requires that a defendant knew about and acquiesced in the conduct as part of a common plan or set in motion acts they knew would cause others to inflict the injury. ***Peck v. Montoya***, 51 F.4th 877, 889 (9th Cir. 2022). Plaintiff presents no allegations of any such conduct, participation, or involvement by Defendants to inflict injury.

To impose Supervisor Liability (Count X) under 42 U.S.C. § 1983 requires more than a mere supervisory relationship to establish liability. Supervisors cannot be held liable under a theory of respondeat superior or vicarious liability solely for the actions of their subordinates. There must be a sufficient causal connection to sustain a supervisor liability claim between the supervisor's wrongful conduct and the constitutional violation. ***Monell***

***v. New York City Department of Social Services***, 436 U.S. 658,691 (1978). Liability must be based on the supervisor's own culpable action or inaction.

In ***Starr v. Baca***, 652 F.3d 1202 (9th Cir. 2011), the Court held that a plaintiff states a claim for deliberate indifference if they allege the supervisor knew of subordinates' unconstitutional conduct (such as a pattern of excessive force) and failed to act to prevent it. In that situation a supervisor would be held liable for his or her own culpable action or inaction not vicarious liability. No such allegation or claim has been asserted by Plaintiff against Defendants. Defendants were not directly involved in or directed the use of any force alleged by Plaintiff nor are alleged to have exercised any deliberate indifference towards Plaintiff. (See also, ***Vazquez v. County of Kern***, 949 F. 3d 1153, 1173).

Overlapping the above facts and argument into Count IX claims, the Supreme Court clarified that a supervisor is only liable for their own misconduct and rejected the idea of "supervisory liability" as a distinct category from individual liability. ***Ashcroft***, supra. Defendants do not set or ratify Guam Police Department policy. They are neither policy makers for the Government of Guam or the Guam Police Department. Defendants do not establish and execute discretionary policies, training procedures, customs and practices. Plaintiff has not alleged any causal connection between the supervisor's conduct and the alleged incident on March 4, 2023.

Furthermore, Plaintiff did not allege that Defendants knew of any training deficiency that made a violation "highly predictable". In ***Flores v. County of Los Angeles*** (2014) the Court of Appeals for the Ninth Circuit endorsed the requirement that the Plaintiff must allege facts to show that the individual defendants "... were deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." ***Connick v. Thompson***, 131 S. CT. 1350,1358. There is no substantiative allegations of training omission or that either Defendant implemented a policy or maintained a custom that directly caused the injury. (See, ***Larez v. City of Los Angeles***, 946 F.2d 630 (1991).

Plaintiff has not shown a "sufficient causal connection" between any wrongful



TORRES LAW GROUP
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 477-9891

conduct by Defendants and the alleged constitutional violation. The SAC fails to allege any specific "culpable action or inaction" regarding the training or control of the subordinate officers involved in the incident. Without specific facts showing that Defendants knew of a specific risk of constitutional violations and failed to act, this claim fails as a matter of law.

**C. Standards for Official Capacity and Prospective Relief**.

Count IX seeks prospective injunctive relief against Corpuz and Flickinger in their official capacities. A Guam official is considered a "person" for § 1983 purposes when sued in their official capacity for prospective relief. ***Paeste v. Gov't of Guam***, 798 F.3d 1228, 1235-40 (9th Cir. 2015). ***Crawford v. Antonio B. Won Pat Int'l Airport Auth.***, 917 F.3d 1081, 1089 n.8 (9th Cir. 2019). Corpuz has retired from the Guam Police Department. Flickinger has no allegations plausably suggesting that he would commit any unlawful actions harming citizens constitutional rights. Simply stated an injunction should only issue if there is a likelihood of success on the merits and the constitutional harm being repeated against it citizens. For the reasons advanced by Flickinger and Corpuz warranting summary judgment and dismissal of the claims against them no Injuction is warranted and Count IX as it pertains to the Moving Defendants should be denied.

**D. Negligence.**

The Government of Guam waives sovereign immunity for torts arising from the negligent acts of employees acting at the government's direction. 5 G.C.A. § 6105(b). While the government cannot be held liable for intentional torts, it can be held liable for negligent torts as can the individual employee. As set forth above the SAC fails to state any claim upon which relief can be granted against the Moving Defendants in their individual capacities. More specifically there is no dispute of facts here as Plaintiff failed to allege and a specific breach of a duty the proximately caused Plaintiff harm.

**E. Conversion.**

Count XI seeks judgment for conversions with a general allegation against all Defendants for theft of Two Thousand Dollars ($2,000.00). That allegedly occurred at the

scene of the stop. The Moving Defendants were not present at the scene of the stop. Accordingly, they could not have converted Plaintiff's money. No allegation of how or when the Moving Defendants could have been involved was made by Plaintiff. Accordingly this Count against the Moving Defendants fails and Summary Judgment is warranted.

**F. Attorneys Fees**

Should the Court dismiss the claims against the Defendants, it should also dismiss Count XII for attorneys fees as it applies to them. Furthermore it should award them their Attorney's Fees in light of Plaintiff's admission at paragraphs 32 and 33 of the SAC for adding the Moving Defendants and the minimal and deficient liability allegations in its SAC.

## CONCLUSION

For the foregoing reasons, Defendants Corpuz and Flickinger respectfully request that this Court dismiss Counts IV, VII, IX, X, XI and XII of the Second Amended Complaint against them.

***Respectfully submitted*** this 20th day of March, 2026.

**TORRES LAW GROUP**

By /s/

**PHILLIP TORRES, ESQ.**
*Attorneys for Defendants*
*Kendall J.N. Diaz, Aren L. Fabila,*
*John W. Barcinas, Patrick G. Corpuz*
*and Donald Flickinger*