LAW OFFICE OF DANIEL J. BERMAN
Suite 801, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No.: (671) 922-7570
Email: djberman@pacificlawyers.law

Attorney for Plaintiff:
*JOSE ARLINE DADIVAS DEVELLES*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, PATRICK G. CORPUZ, JOHN W. BARCINAS, DONALD FLICKINGER and DOES 1 TO 10,<br><br>Defendants. | CIVIL CASE NO. 1:24-cv-00019 |

# PLAINTIFF'S OPPOSITION TO SECOND MOTION TO DISMISS FROM DEFENDANT GOVERNMENT OF GUAM RE: SECOND AMENDED COMPLAINT FOR DAMAGES

## TABLE OF CONTENTS

INTRODUCTION ..... 1

RELEVANT FACTS ..... 2

LEGAL STANDARDS ..... 3

POINTS AND AUTHORITIES ..... 5

I. THIS COURT HAS JURISDICTION OVER ALL CLAIMS ..... 5

A. Original Subject Matter Jurisdiction Over Federal Claims ..... 5

B. Supplemental Jurisdiction Over Guam Law Claims ..... 8

C. GovGuam's "Single Past Incident Argument Fails to Warrant Dismissal ..... 12

D. Plaintiff Alleges Sufficient Facts to Show Supervisor and Municipal Liability ..... 13

E. Counts VI and X Plead Notice, Deliberate Indifference or Causation ..... 14

F. Jose Alleged Sovereign Immunity Waiver for Negligence ..... 16

G. Additional Amendment to Conform to Proof if Necessary ..... 16

CONCLUSION ..... 17

## TABLE OF AUTHORITIES

**Cases**

*ABF Freight Sys. v. Int'l Bhd. of Teamsters*, 645 F.3d 954 (8th Cir. 2011) ..... 9

*Adkins v. Guam Police Dep't*, 2010 U.S. Dist. LEXIS 87353 ..... 12

*Albert v. Embassy of Music GMBH*, No. 5:19-cv-06652-EJD, 2020 U.S. Dist. LEXIS 132657, 2020 WL 4284830, at *4 (N.D. Cal. July 27, 2020) ..... 7

*Alston v. Cnty. Of Sacramento Sheriff's Dep't*, No. 2:13-CV-1488 DAD, 2015 U.S. Dist. LEXIS 147738, 2015 WL 6689636, *4. (E.D. Cal. October 29, 2015) ..... 9

*Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006) ..... 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 4, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 4, 14

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134 (9th Cir. 2021) ..... 14

*Bondurant v. City of Battleground*, No. 3:15-CV-05719-KLS, 2016 U.S. Dist. LEXIS 164494, 2016 WL 6973267, *7 (W.D. Wash. November 28, 2016) ..... 9

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995) ..... 11

*Cabrales v. County of Los Angeles*, 864 F.2d 1454 (9th Cir. 1988) ..... 15

*Canton v. Harris*, 489 U.S. 378 (1989) ..... 13

*City of Canton v. Harris*, 489 U.S. 378 (1989) ..... 15

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ..... 13

*Dahlstrom v. Lifecare Ctrs. of Am., Inc.*, 2022 U.S. Dist. LEXIS 33585, *8-9, 2022 WL 584246 (W.D. Wash. Feb. 8, 2022) ..... 5

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ..... 16

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ..... 8

*Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986) ..... 16, 17

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) ..... 14, 15

*Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002) ..... 4

*Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366 (9th Cir. 1992) ..... 6

*Guillory v. Greenlee County*, 2006 U.S. Dist. LEXIS 110788, *4-5 (D. Ariz. Mar. 13, 2006) ........ 8

*Gumataotao v. Highsmith*, 2022 U.S. Dist. LEXIS 58532, *7 (D. Guam Mar. 28, 2022) ........ 5, 10, 11, 12

*Hanna v. Plumer*, 380 U.S. 460 (1965) ........ 2

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) ........ 5

*Johnson v. Weinberger*, 851 F.2d 233 (9th Cir. 1988) ........ 3

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ........ 5

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ........ 8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ........ 4

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) ........ 4

*Miller v. Lovett*, 879 F.2d 1066 (2d Cir. 1989) ........ 11

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ........ 13, 14

*Paeste v. Gov't of Guam*, 798 F.3d 1228 (9th Cir. 2015) ........ 6

*Palazzo v. Bonaventura*, No. 2:12-CV-00562-MMD-VCF, 2012 U.S. Dist. LEXIS 80998, 2012 WL 2132279, *2 (D. Nev. June 12, 2012) ........ 10

*Parker v. Scrap Metals Processors Inc.*, 468 F.3d 733 (11th Cir. 2006) ........ 8

*People v. Quitugua*, 2009 Guam 10 ........ 1

*Price v. Sery*, 513 F.3d 962 (9th Cir. 2008) ........ 14

*Ryan v. Mansapit-Shimizu*, 2024 U.S. Dist. LEXIS 123181, *15 (D. Guam July 11, 2024) ........ 6

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ........ 3

*Schmidt v. County of Nev.*, 2011 U.S. Dist. LEXIS 14492, *11-12, 2011 WL 445836 (E.D. Cal. Feb. 7, 2011) ........ 11

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........ 2

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003) ........ 3

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) ........ 3

**Statutes**

28 U.S.C. § 1331 .......... 2, 5

28 U.S.C. § 1367 .......... 8

28 U.S.C. § 1367(a) .......... 2, 8

28 U.S.C. § 1367(c) .......... 9, 12

42 U.S.C. § 1983 .......... 1, 2, 3, 5, 6, 7, 9, 10, 11, 13, 15

5 G.C.A. § 6105(b) .......... 16

5 G.C.A. Chapter 6 (Government Claims Act) .......... 16

**Other Authorities**

U.S. Constitution Article III .......... 12

U.S. Constitution Article III, § 2 .......... 3

**Rules**

Federal Rules of Civil Procedure 12(b)(1) .......... 1, 3, 7

Federal Rules of Civil Procedure 12(b)(6) .......... 1, 3, 4, 7

Federal Rules of Civil Procedure 15(a) .......... 4

Federal Rules of Civil Procedure 15(b) .......... 16

COMES NOW the Plaintiff JOSE ARLINE DADIVAS DEVELLES ("Jose"), by and through counsel undersigned, and hereby opposes the Second Motion to Dismiss filed by the Defendant GOVERNMENT OF GUAM as follows.

**INTRODUCTION**

This is an action to hold the Government of Guam ("GovGuam")[1] and at least four police officers accountable for their unlawful, malicious battery on Jose and the related violations of Jose's rights before, during, and after a vehicle stop. The violations of Jose's constitutional rights were put in motion and fostered by the creation of a policy of lawlessness and failure to supervise and train the responsible officers. After Jose was severely beaten at the scene of the stop, the assigned and involved GPD officers stole Jose's money. GPD supervisors applied no review and no discipline, GPD's internal affairs investigators failed to take any appropriate action, and when served with the government claim form, GovGuam did not bother to write a response, offer any defense, nor initiate any known disciplinary action. As a result, Jose understandably filed this action under federal law and alleging federal civil rights claims as well as Guam tort law claims arising from the same operative facts. Jose sues Defendant GovGuam[2] and certain named and unnamed police officers employed by GovGuam. GovGuam has moved to dismiss the claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]

---

[1] Guam Police Department ("GPD") is a direct line agency responsible for the relevant acts and omissions set forth in the Second Amended Complaint ("SAC"). Lacking autonomous entity status, GPD is not a named defendant.

[2] Jose alleges twelve (12) counts in the SAC. *See* Doc. 40 (2d Am. Compl.). The four (4) claims in the SAC alleged against Defendant GovGuam are: Count V – Vicarious Liability; Count VI – Negligent Hiring, Retention, Supervision and Training; Count IX – Government Custom or Policy/Failure to Supervise or Train (42 U.S.C. § 1983) for Prospective Injunctive Relief Only; and Count XI – Conversion of Money. *See id.* Defendant GovGuam moves to dismiss these four counts. *See* Docs. 62, 63 (GovGuam's Second Motion to Dismiss and Supporting Memorandum).

[3] GovGuam refers to the "Guam Rules of Civil Procedure" in its Motion to Dismiss (Doc. 62) and the Federal Rules in its supporting memorandum (Doc. 63). GRCP is not applicable and such authority should be stricken from their Motion. Nonetheless, Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure. *See People v. Quitugua*, 2009 Guam 10 ¶10. Certainly, the "Federal Rules of Civil Procedure apply irrespective of the source of subject matter

This civil rights case is complex procedurally and substantively, in part because of the many unknown participants and the deep systemic policy of police brutality that has its roots in hiring, training, supervising, retaining, acquiescing, tolerating, and failing to discipline. Jose is constrained to point out that nothing in the instant motion to dismiss shows a recent discovery of supporting facts or law that could not have been filed 12 or 6 months ago, and that the timing is pregnant with design to sadly upset the existing Trial date of July 7, 2026. As shown below, dismissal is unwarranted.

**RELEVANT FACTS**

In the Second Amended Complaint ("SAC"), Plaintiff alleges:

> 10. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Jose's claims under 42 U.S.C. § 1983 arise under federal questions.
>
> 11. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

The SAC contains twelve (12) counts, all of which form part of the same case or controversy. The factual background common to all claims is extensive. *See* Doc. 40 (2d. Am. Compl.) ¶¶ 12–36. The role of GovGuam as plead in the SAC is central and vast. To begin, Jose alleges that GovGuam "expected its police officers to perform law enforcement activities in conformance with all applicable laws and GPD policies and procedures." *Id.* ¶14. Although the SAC certainly includes tort claims under Guam law, the essence of the case involves asserted violations of 42 U.S.C. § 1983 against multiple defendants. *See id.* (Counts VII, VIII, IX, X, and XII). Jose alleges that several of those defendants acted in a supervisory capacity and that several unnamed officers and agents

---

jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). "If a Federal Rule of Civil Procedure is valid under the Constitution and the Enabling Act, it applies according to its terms in all civil cases in federal district court." *Id.* Accordingly, this Opposition, as it must, refers to the relevant and applicable Federal Rules of Civil Procedure and authority interpreting those rules.

are responsible for hiring, supervising, and policymaking. *Id.* ¶¶8-9. Indeed, Count IX—the § 1983 claim against GovGuam—explains how the policies, procedures, customs, practices, and atmosphere, including failed governmental oversight, led to the alleged violation of Jose's constitutional rights at issue. *See id.* ¶¶117-131. Plaintiff alleges a pervasive governmental and departmental role of creating and tolerating "an atmosphere of lawlessness and carelessness." *Id.* ¶123. Jose requests prospective injunctive relief for GovGuam's "ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision." *Id.* ¶¶130-131. As discussed below, all of these counts—whether under federal or Guam law—derive from the same incident and core facts to form the same controversy.

## LEGAL STANDARDS

Article III, § 2, of the Constitution restricts federal courts' jurisdiction to a "case" or "controversy." A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed. *Johnson v. Weinberger*, 851 F.2d 233, 234 (9th Cir. 1988).

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal on the grounds that the court lacks subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a facial attack, the court "assume[s] [plaintiff's factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). But, as with a Rule 12(b)(6) motion, courts do not accept the truth of any legal conclusions contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not include detailed factual allegations but must provide more than just a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required, however, to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Here, Jose's SAC is replete with specific factual details of his stop, arrest, physical vulnerability, and horrific beating into a pulp. Jose alleges a pattern and practice of brutal incidents, including the one he has suffered. *See* Doc. 40 ¶¶65-69, 76-84. Jose alleges policymakers were involved and responsible. *Id.* ¶9. In addition, Jose alleges the law enforcement related policies, procedures, customs, and practices amount to deliberate

indifference to the constitutional rights of Jose and of the public, of which Jose is a member. *See* Doc. 40 ¶123. And those policies require redress and correction. *Id.* ¶130.

## POINTS AND AUTHORITIES

### I. THIS COURT HAS JURISDICTION OVER ALL CLAIMS.

In opposition to GovGuam's motion, this Court should find that it has original jurisdiction over the civil actions arising under federal questions and supplemental jurisdiction over the Guam law claims in the SAC.

#### A. Original Subject Matter Jurisdiction Over Federal Claims

This Court has original federal question jurisdiction for a federal § 1983 claim against GovGuam. *See Gumataotao v. Highsmith*, 2022 U.S. Dist. LEXIS 58532, *7 (D. Guam Mar. 28, 2022). Jose's claim arises under federal law.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining the existence of federal question jurisdiction, "the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoted authority omitted). A plaintiff is "'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Id.* By including civil rights claims under § 1983, a plaintiff presents federal questions within a federal district court's original jurisdiction. *Dahlstrom v. Lifecare Ctrs. of Am., Inc.*, 2022 U.S. Dist. LEXIS 33585, *8-9, 2022 WL 584246 (W.D. Wash. Feb. 8, 2022) (explaining that there was "no question" that complaint which included both state law claims and claims under 42 U.S.C. § 1983 was properly removed based on federal subject matter jurisdiction).

Section 1983 provides that: "Every person who, under color of any statute . . . of any Territory . . . [that] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Jose's claims are founded on § 1983.

A "Guam officer sued in his official capacity is a 'person' within the meaning of § 1983." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) (citing *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir. 1992)). Regardless, who is a "person" under § 1983 is a statutory question that does not implicate subject matter jurisdiction. *Id.* Similarly, sovereign immunity does not apply to the claims Jose brings against officers in their official capacities only for declaratory and injunctive relief. *See id.* As this Court has recognized, GovGuam may be sued for prospective injunctive relief through a § 1983 claim. *Ryan v. Mansapit-Shimizu*, 2024 U.S. Dist. LEXIS 123181, *15 (D. Guam July 11, 2024). Jose is suing GovGuam only for prospective injunctive relief in the § 1983 claim naming GovGuam as a defendant. Therefore, GovGuam is a "person" under § 1983 for this purpose. *See id.*

Original federal question jurisdiction exists in this case. Jose alleges that GovGuam and certain individual officers, including supervisors, violated § 1983. The Government argues that "[t]he District Court of Guam does not have original jurisdiction over Count XI, which alleges Government Custom or Policy / Failure to Supervise or Train violations actionable under 42 USC 1983." Doc. 63 at 4. To the contrary, Jose certainly alleges a § 1983 claim for prospective injunctive relief against GovGuam. Doc. 40 (2d Am. Compl.) ¶¶130-131. The SAC contains detailed allegations explaining how GovGuam, its agents, and its GPD agency failed to train, failed to supervise, failed to review, failed to discipline, and directly participated in the violation of Plaintiff's constitutional rights, and thereby jointly caused and encouraged the officers who struck the blows severely harming Jose. *Id.*

¶¶123, 130. To the extent that the SAC may have a technical flaw by not doing more [than 156 separate paragraphs] to clarify that continued or repeated brutality is likely to result to members of the public including Jose absent the requested injunctive relief, then leave to again amend the operative pleading to conform to proof at trial should be granted. Importantly, the injunctive relief is a remedy – and not a claim. *See Albert v. Embassy of Music GMBH*, No. 5:19-cv-06652-EJD, 2020 U.S. Dist. LEXIS 132657, 2020 WL 4284830, at *4 (N.D. Cal. July 27, 2020).

Jose has alleged a federal statutory claim against GovGuam in Count IX. GovGuam twice argues that this Court lacks original jurisdiction over the 1983 claim alleged in Count IX. Doc. 63 at 3, 4. But, GovGuam fails to explain why original jurisdiction is lacking. *See id*. GovGuam appears to base its jurisdictional argument on the assertion that Jose failed to allege that he "faces any continuing or imminent risk of being stopped and assaulted again by Government of Guam officers." *See* Doc. 63 at 3-4. GovGuam requests Rule 12(b)(6) dismissal for this reason. *Id*. at 4-5. This argument fails, and therefore dismissal of Count IX is improper under either Rule 12(b)(1) or under Rule 12(b)(6).

Furthermore, the other existing federal counts in the SAC against government agents, including supervisory and individual police officers show the pattern of government policy and the danger of continued rights violations absent major systemic change. Jose alleges the deliberate indifference was ongoing and required correction and redress and the failure to meet that need would result in continued violations. Doc. 40 ¶¶123-130. Furthermore, this Court has original subject matter jurisdiction over other counts besides Count IX in the SAC. Plaintiff here not only alleges a claim of original jurisdiction against GovGuam, but also alleges several federal claims against the other defendants.

**B. Supplemental Jurisdiction Over Guam Law Claims**

This motion should not be granted if this Court applies the rule that: "[A]ny civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367 provides litigants an "opportunity ... to pursue complete relief in a federal-court lawsuit." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1240 (2006). The "case or controversy" formulation confers supplemental jurisdiction over state law claims that arise out of a "common nucleus of operative facts" with substantive federal claims. *Parker v. Scrap Metals Processors Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Section 1367(a) "is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district court would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). This "broad grant of supplemental jurisdiction" extends to "claims involving joinder or intervention of additional parties." *Id.*

If "the facts underlying the federal and state claims substantially overlap or ... presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court," the exercise of supplemental jurisdiction is warranted. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (internal citation omitted). "Supplemental jurisdiction refers to a federal court exercising jurisdiction over additional claims that may be brought into a federal case without independently satisfying subject matter jurisdiction requirements, once there is a basic controversy as to which there is in fact subject matter jurisdiction." *Guillory v. Greenlee County*, 2006 U.S. Dist. LEXIS 110788, *4-5 (D. Ariz. Mar. 13, 2006) (explaining that for a complaint alleging two federal and two

state law claims, the federal district court had original subject matter jurisdiction based on the federal questions involving 42 U.S.C. § 1983 and had supplemental jurisdiction over the state law claims of negligent or intentional infliction of emotional distress and gross negligence.).

One action can be filed against multiple defendants in federal court, where the plaintiff can show the claims against all defendants are part of the "same case or controversy," and that the court has original jurisdiction over the claims against at least one of the defendants. *See ABF Freight Sys. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (having original jurisdiction over action against the Union, the district court had supplemental jurisdiction over the claims against a different defendant, as the claims against all defendants arose from the same facts). Nonetheless, federal courts may decline to exercise supplemental jurisdiction if: the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In cases like this one, district courts in the Ninth Circuit routinely exercise supplemental jurisdiction over state tort claims brought alongside Section 1983 actions even where the state claims are not constitutional in nature. *See, e.g., Alston v. Cnty. Of Sacramento Sheriff's Dep't*, No. 2:13-CV-1488 DAD, 2015 U.S. Dist. LEXIS 147738, 2015 WL 6689636, *4. (E.D. Cal. October 29, 2015) (exercising supplemental jurisdiction over state negligence claim brought alongside Section 1983 claim); *Bondurant v. City of Battleground*, No. 3:15-CV-05719-KLS, 2016 U.S. Dist. LEXIS 164494, 2016 WL 6973267, *7 (W.D. Wash. November 28, 2016) (exercising supplemental jurisdiction over state tort claims for false imprisonment, false arrest and assault brought alongside Section 1983 claims); *Palazzo v. Bonaventura*, No. 2:12-CV-00562-MMD-VCF, 2012 U.S. Dist. LEXIS 80998, 2012 WL

2132279, *2 (D. Nev. June 12, 2012) (exercising supplemental jurisdiction over state contract claims brought alongside 1983 claims).

Similarly, in *Gumataotao*, this Court found that it had both original subject-matter jurisdiction over a federal § 1983 claim and supplemental jurisdiction over state law claims. *See Gumataotao v. Highsmith*, 2022 U.S. Dist. LEXIS 58532, *7 (D. Guam Mar. 28, 2022). The plaintiff, Gumataotao alleged "Counts II and III against GovGuam, and Counts I and III against Highsmith," *id.* at *2, because he had alleged battery by a law enforcement officer: Asst. AG Highsmith.[4] Although that case was eventually remanded to the Superior Court of Guam for other reasons,[5] this Court concluded that it had "original federal question jurisdiction due to Gumataotao's allegation that GovGuam and Highsmith violated § 1983." *Id.* at *2. In fact, in that case GovGuam removed the case from the Superior Court of Guam based on federal question jurisdiction. *Id.* This Court stated: "This court has original federal question jurisdiction due to Gumataotao's allegation that GovGuam and Highsmith violated § 1983. Because the court has original federal jurisdiction, the court "shall" have supplemental jurisdiction over Gumataotao's state law claims insofar as they form part of the same case or controversy. *Id.* at *6-7.

Certainly, the facts of Jose's case show the high level of connection between his battery by GPD and the lack of any supervision, training or discipline provided by senior GPD officers in charge of making and enforcing policy and standards of conduct. Simply put, the tort claims substantially overlap with the main federal claims brought under § 1983.

---

[4] "The Complaint contains three counts: Count 1 is against Defendant Highsmith; Count II is against Defendant Government of Guam; and Count III is against both Defendants Highsmith and the Government of Guam." *Gumataotao v. Highsmith*, 2023 U.S. Dist. LEXIS 42794, *4 (D. Guam Mar. 13, 2023).

[5] Because Gumataotao's claim was for retroactive money damages and did not seek prospective injunctive relief, the Court dismissed the claim against "GovGuam and Highsmith." *Gumataotao v. Highsmith*, 2022 U.S. Dist. LEXIS 58532, *4 (finding in Count III that the Defendants are not "persons" under Section 1983 and thus cannot be held liable under Section 1983). That is not the case plead in Jose's Sec. Amd. Complaint.

Moreover, here, none of the reasons for declining to exercise supplemental jurisdiction apply. Nothing novel or complex exists in Guam law for a claim of police brutality and civil rights violations. Additionally, when a plaintiff alleges a violation of constitutional rights under 42 U.S.C. § 1983, it is highly unlikely that state law tort claims will substantially predominate. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 790 (3d Cir. 1995). The state law claims do not predominate here. *See, e.g., Schmidt v. County of Nev.*, 2011 U.S. Dist. LEXIS 14492, *11-12, 2011 WL 445836 (E.D. Cal. Feb. 7, 2011) ("the federal Section 1983 claim is not merely an appendage to plaintiff's state law claim. Instead, ... the facts giving rise to both plaintiff's state law claims and plaintiff's constitutional claims are so interrelated ...Therefore, the state law claims do not predominate, and, for purposes of efficiency, the court does not decline to exercise supplemental jurisdiction); *see also Miller v. Lovett*, 879 F.2d 1066, 1072 (2d Cir. 1989) (holding that it was an abuse of discretion to dismiss state law tort claims for assault and negligence arising out of the same incident which the plaintiff alleged constituted a civil rights violation under Section 1983). No federal claims have yet been dismissed, and no compelling or exceptional circumstances exist to justify declining to exercise supplemental jurisdiction over the overlapping and intertwined Guam law tort claims.

Because the court has original federal jurisdiction, the court "shall" have supplemental jurisdiction over Jose's Guam law claims because they undoubtedly form part of the same case or controversy. Every harm suffered by Jose stems from the alleged governmental policies and practices that directly lead to extreme physical abuse of Jose during a traffic stop by Guam police officers. Jose alleges a factual background common to all claims, including the claim he brings against GovGuam for a violation of § 1983. This Court has noted the viability of this pleading approach with approval in recognizing the need to exercise supplemental jurisdiction. *See Gumataotao*, 2022 U.S. Dist. LEXIS 58532, *7 ("Importantly, the main operative facts, which describe an altercation ... are

contained within paragraphs 1-23 of the Complaint."). Like *Gumataotao,* here in Jose's case, "the federal and state law claims arise out of the same controversy." *Id.* Accordingly, this Court should find that it has supplemental jurisdiction over Jose's Guam law claims and no sufficient discretionary reasons for declining to exercise supplemental jurisdiction exist. *See* 28 U.S.C. § 1367(c).

**C. GovGuam's "Single Past Incident Argument Fails to Warrant Dismissal**

GovGuam essentially makes an Article III standing argument to assert that Jose "has not plausibly alleged an imminent, individualized threat of future constitutional injury." Doc. 63 at 5. GovGuam requests dismissal of Count IX and the prospective injunctive relief Jose requests "unless the Court grants leave to amend and Plaintiff can plead specific facts demonstrating a real and immediate threat that he personally will again be stopped and subjected to police brutality." *Id.*

GovGuam relies on *Adkins v. Guam Police Dep't*, 2010 U.S. Dist. LEXIS 87353, to argue that "a single past incident" does not establish a likelihood of future harm to Plaintiff. *Id.* In *Adkins*, there was "no pending case against the Plaintiff by the Attorney General, and, in fact the Attorney General indicated that she has no plans to prosecute the Plaintiff ... [a] general threat of prosecution is not enough to confer standing." 2010 U.S. Dist. LEXIS 87353, at *16-17. Here, despite GovGuam's mischaracterization of "[p]ast misconduct and broad policy allegations," *see* Doc. 63 at 5, Jose has specifically alleged an atmosphere of lawlessness likely to lead to continued, ongoing policy brutality and constitutional violations. Doc. 40 ¶123.

This atmosphere of lawlessness involves excessive force. *Id.* ¶ 124. Jose alleges that GovGuam's failure to train and supervise and to remain deliberately indifferent to the inadequate training led to a violation of rights and physical harm, require redress and correction, and GovGuam will not voluntarily correct these failings absent injunctive relief. *Id.* ¶¶ 123-130. It is surprising and false for GovGuam to argue that Jose failed to

plead facts showing that the Government of Guam or any policymaker is likely to stop and assault him again. *See* Doc. 63 at 5. Jose alleged pervasive harmful policies requiring correction that the Government refuses to change. Continuing those policies puts all of the public, including Jose at great risk of unchecked police brutality as alleged in the SAC.

GovGuam further relies on *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), where the Supreme Court of the United States held that a plaintiff who had been subjected to the allegedly unconstitutional use of a "chokehold" by Los Angeles Police did not have standing to seek an injunction against future use of the chokehold. In *Lyons*, the Court stated that if officers acted "within the strictures of the City's policy," in order to suffer injury in the future Lyons would have to "illegally resist arrest or an officer would have to disobey city policy and choke him without provocation." *Id.* 103 S. Ct. at 1667. Here, by contrast, Jose alleged that the atmosphere of lawlessness involves excessive force, was not limited to chokeholds, that some supervisors routinely failed to properly train officers, and that because he remains on Guam as a resident, he is among those persons who are subject to the illegal conduct in the future.

**D. Plaintiff Alleges Sufficient Facts to Show Supervisor and Municipal Liability**

For municipal liability under 42 U.S.C. § 1983, a plaintiff must plead facts showing (1) the existence of a municipal policy, practice, or custom, (2) that the policy was the moving force behind a constitutional deprivation, and (3) deliberate indifference where relevant. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Canton v. Harris*, 489 U.S. 378 (1989).

GovGuam argues the allegations in the SAC and the incorporated documentary exhibits "are largely legal conclusions and lack sufficient factual detail to plausibly demonstrate a municipal policy, practice, or deliberate indifference as the moving force behind the alleged constitutional injury." *See* Doc. 63 at 6 (citing Doc. 40 ¶¶16–31, 22–29,

142–148; Doc. 40 pp.3–6, 22–23). This is wrong. Jose's clear allegations and exhibits do provide the necessary *Monell* or supervisory factual basis as required by *Twombly* and *Iqbal*.

Jose has alleged a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. *See Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Jose has alleged the custom is so persistent and widespread that it constitutes a permanent and well-settled municipal policy. *See Monell*, 436 U.S. at 691.

Jose has done more than allege an isolated incident that lead to an improper policy or custom. And Jose has not solely made allegations against non-policymaking employees. In the SAC, Jose alleges that many other incidents of police brutality have been investigated and reported. *See* Doc. 40 ¶124. Importantly, Jose alleges that DOES 6 to 10 are "policymaking officers and agents of the GPD." *Id.* ¶9. Jose alleged that fault and causation were clearly traceable to authorized decisionmakers or policymakers. *See* Doc 40 ¶¶121-122 (alleging DOES 6 to 10 "developed and maintained policies…which were moving forces behind, and proximately caused, the violations of Jose's constitutional rights"); *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1153-54 (9th Cir. 2021) (even "[s]ingle acts may trigger municipal liability where 'fault and causation' were clearly traceable to a municipality's legislative body or some other authorized decisionmaker[.]"). Accordingly, the counts against GovGuam should not be dismissed.

### E. Counts VI and X Plead Notice, Deliberate Indifference or Causation

GovGuam argues that Counts VI and X contain pleading deficiencies and fail to allege facts showing notice, deliberate indifference, or causation. Doc. 63 at 6-7. This is incorrect and reflects a shotgun approach to motion practice. A plaintiff may "establish municipal liability by demonstrating that . . . the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). A local

government may be held liable under § 1983 for omissions that amount to the local government's own official policy. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 & n. 2 (9th Cir. 1988).

To impose liability on a local government for failure to adequately train its employees, the government's omission must amount to "deliberate indifference" to a constitutional right. This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). A local government may be held liable under § 1983 when "the individual who committed the constitutional tort was an official with final policy-making authority" or such an official "ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Jose alleges that GovGuam and DOES 6 to 10 knew or reasonably should have known of the malicious, negligent, and intentional misconduct propensities of the officers they hired, trained, retained, and supervised. Doc. 40 ¶79. Jose alleges failure to evaluate employment applications - and screen and evaluate - employees and these willful and wanton failures occurred instead of acting to prevent Jose's beating. *Id.* ¶¶82-82. Jose alleges a pattern of repeated police brutality. This, together with the other allegations in this count, shows notice, deliberate indifference, and causation. Because, based on the well-pleaded allegations in the SAC, the need for more or different training for GPD Officers is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, the policymakers involved here can reasonably be said to have been deliberately indifferent to the need of Guam's citizens and the "deliberate indifference" standard described in *City of Canton* is clearly met here. Similarly, Jose alleges

participation and personal involvement by supervisors and policymakers in Count X. *Id.* ¶¶134-135. This is sufficient pleading to show supervisor liability.

**F. Jose Alleged Sovereign Immunity Waiver for Negligence**

GovGuam argues that Jose "nowhere alleges the statutory basis or facts necessary to show the Government has waived immunity for intentional torts in this context." Doc. 63 at 7. In response, first, Jose's pleading shows that he served a formal and written Notice of his Claims against GovGuam and GPD, but they failed to respond and Jose fully complied with the Government Claims Act. *Id.* ¶¶35-36. Further, Count V in the SAC alleged vicarious liability for negligent acts. Doc. 40 ¶¶71-72. Likewise, Count VI alleges negligent acts and omissions. Doc. 40 ¶¶75-86. Jose's pleading alleges a waiver of sovereign immunity for torts arising from negligent acts of employees acting for and at the discretion of the government under 5 G.C.A. § 6105(b). Doc. 40 ¶70. Jose concedes that GovGuam has not waived sovereign immunity for intentional torts and thus should not be a named party to Count XI for Conversion. Dismissal of GovGuam as to Count XI is proper. Taken together or individually, the pleadings present a well-developed and detailed set of facts and legal claims in support of the Government's waiver of sovereign immunity for negligent acts and Jose's compliance with Sec. 6105.

**G. Additional Amendment to Conform to Proof if Necessary**

An amendment of pleadings to conform to proof at trial is proper under Rule 15(b) unless it results in prejudice to one of the parties. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1512-13 (9th Cir. 1986). Rule 15 reflects the liberal policy of favoring amendments of pleadings at any time. *Id.* at 1512. The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Jose maintains that the SAC is more than sufficient notice of his claims and particularized allegations support his claims of police brutality and civil rights violations. Nonetheless, should the Court find that one claim or claims have a shortcoming in

pleading, then such a hypothetical claim may not proceed to trial, while all other claims adequately pleaded, should proceed to trial as scheduled. Alternatively, should the Court decide to dismiss Jose's federal or state law claims against GovGuam due to the "pleading deficiencies" GovGuam asserts, Jose should be granted leave to amend to conform to proof at trial. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1512-13 (9th Cir. 1986) (amendment of pleadings to conform to proof rests in the sound discretion of the trial court).

**CONCLUSION**

For the foregoing reasons, the Court should deny GovGuam's Second Motion to Dismiss.

DATED this 10 day of April, 2026.

**LAW OFFICE OF DANIEL J. BERMAN**
Attorney for Plaintiff

By: [signature]
**DANIEL J. BERMAN**