LAW OFFICE OF DANIEL J. BERMAN
Suite 801, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No.: (671) 922-7570
Email: djberman@pacificlawyers.law

Attorney for Plaintiff:
*JOSE ARLINE DADIVAS DEVELLES*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Plaintiff,<br>vs.<br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, PATRICK G. CORPUZ, JOHN W. BARCINAS, DONALD FLICKINGER and DOES 1 TO 10,<br>Defendants. | CIVIL CASE NO. 1:24-cv-00019 |

# PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PATRICK G. CORPUZ AND DONALD FLICKINGER

## TABLE OF CONTENTS

INTRODUCTION ..... 1
RELEVANT FACTS ..... 2
LEGAL STANDARDS ..... 3
A. Rule 8(a). ..... 3
B. Rule 12(b)(6). ..... 3
C. Rule 56(a). ..... 4
POINTS AND AUTHORITIES ..... 6
I. Section 1983 Liability. ..... 6
A. Count VII ..... 6
B. Count IX ..... 6
C. Count X. ..... 9
D. Dismissal of Count IX as to Flickinger for Injunctive Relief is Improper. ..... 10
E. Jose States a Claim for Negligence Against Corpuz and Flickinger. ..... 11
F. Jose States a Claim for Conversion. ..... 12
G. Attorney's Fees. ..... 12
H. Additional Amendment if Necessary ..... 14
CONCLUSION ..... 14

## TABLE OF AUTHORITIES

**Cases**

*AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631 (9th Cir. 2012) .......... 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......... 4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3, 4

*Balint v. Carson City*, 180 F.3d 1047 (9th Cir. 1999) .......... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3, 4

*Canning v. Star Publishing Co.*, 19 F.R.D. 281, 1956 U.S. Dist. LEXIS 4252 (D. Del. 1956) .......... 10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 4, 5

*Conley v. Gibson*, 355 U.S. 41 (1957) .......... 3

*Farina v. Mission Inv. Trust*, 615 F.2d 1068 (5th Cir. 1980) .......... 10

*Farmer v. Brennan*, 511 U.S. 825 (1994) .......... 7

*Farrar v. Hobby*, 506 U.S. 103 (1992) .......... 13

*Felarca v. Birgeneau*, 891 F.3d 809 (9th Cir. 2018) .......... 7

*Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002) .......... 4

*Green v. Torres*, 59 F. App'x 400 (2d Cir. 2003) .......... 13

*Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366 (9th Cir. 1992) .......... 10

*Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) .......... 7

*Heineke v. Santa Clara Univ.*, 812 Fed. Appx. 644 (9th Cir. 2020) .......... 14

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......... 13

*Hyde v. City of Willcox*, 23 F.4th 863 (9th Cir. 2022) .......... 7, 9

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .......... 5

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) .......... 3

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) .......... 3

*Paeste v. Gov't of Guam*, 798 F.3d 1228 (9th Cir. 2015) .......... 10

*Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175 (9th Cir. 2007) .......... 6, 7

*Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991) .......... 7

*Robins v. Meecham*, 60 F.3d 1436 (9th Cir. 1995) .......... 7

*Ryan v. Mansapit-Shimizu*, 2024 U.S. Dist. LEXIS 123181, *15 (D. Guam July 11, 2024) .......... 10

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .......... 7, 8

*Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) .......... 6

*Tillman v. Tillman*, 825 F.3d 1069 (9th Cir. 2016) .......... 14

*Van Asdale v. Int'l Game Tech.*, 577 F.3d 989 (9th Cir. 2008) .......... 13

*Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003) .......... 13

**Statutes**

42 U.S.C. § 1983 .......... 6, 9, 10, 11, 13

42 U.S.C. § 1988 .......... 13

42 U.S.C. § 1988(b) .......... 13

**Rules**

Civil Local Rules of Practice 7(b) .......... 10

Federal Rules Civil Procedure 8(a)(2) .......... 3

Federal Rules of Civil Procedure 12(b)(1) .......... 1

Federal Rules of Civil Procedure 12(b)(6) .......... 1, 3

Federal Rules of Civil Procedure 15(a) .......... 5

Federal Rules of Civil Procedure 15(a)(2) .......... 14

Federal Rules of Civil Procedure 56 .......... 1, 4

Federal Rules of Civil Procedure 56(a) .......... 4

Federal Rules of Civil Procedure 56(c) .......... 5

Federal Rules of Civil Procedure 6(b) .......... 10

Federal Rules of Civil Procedure 8(a) .......... 1, 3

COMES NOW the Plaintiff JOSE ARLINE DADIVAS DEVELLES ("Jose"), by and through counsel undersigned, and hereby opposes the Motion for Summary Judgment, Doc. 64, filed by Defendants Patrick G. Corpuz ("Corpuz") and Donald Flickinger ("Flickinger") as follows.

## INTRODUCTION

This is an action to hold the Government of Guam ("GovGuam") and at least four police officers accountable for their unlawful, malicious battery on Jose and the related violations of Jose's rights during and after a vehicle stop and related failure to supervise and train the responsible officers. After Jose was severely beaten at the scene of the stop, the assigned and involved GPD officers stole Jose's money. GPD supervisors applied no review and no discipline. As a result, Jose understandably filed this action and alleges claims under federal and Guam law against Defendant GovGuam and certain named and unnamed police officers employed by GovGuam, including Corpuz and Flickinger. GovGuam has moved to dismiss the claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Corpuz and Flickinger move under Federal Rules of Civil Procedure 8(a), 12(b)(6) and 56 to dismiss Counts IV, VII, IX, X, XI, and XII of the Second Amended Complaint ("SAC"). Doc. 64. Although they request summary judgment, they fail to offer any declaration or other proof.[1] They argue Jose has failed to allege sufficient

[1] Thirteen days after filing their Motion for Summary Judgment, Doc. 64, Defendants filed two declarations that purport to be in support of their Motion, Docs. 66, 67. Defendants failed to file the declarations with the Motion, they failed to reference the declarations in the Motion and supporting memorandum, and they failed to file the declarations before the scheduling order dispositive motion deadline. And, the declarations contain facts never disclosed in Defendants' initial disclosures, denying Jose and his counsel sufficient information to make an informed decision to depose Corpuz and Flickinger during discovery. For these and other reasons, Jose intends to move to strike the declarations of Corpuz and Flickinger, Docs. 66, 67, from the docket, or alternatively to request the Court to decline to consider their contents in deciding Defendants' Motion, Doc. 64. Jose prepared this Opposition with the initial understanding that no supporting declarations were in issue. Because the declarations should be stricken, they contain conclusory material, and they violate the discovery initial disclosure requirement, Jose maintains that Defendants fail to offer supporting or sworn proof for their summary judgment request.

facts and to set forth claims meriting relief. *Id.* at 2. As shown below, dismissal and summary judgment is unwarranted.

**RELEVANT FACTS**

This action was commenced to hold GovGuam, the GPD, and several police officers accountable for their unlawful, malicious violations of Jose's rights. During a vehicle stop on the date of March 4, 2023, the Plaintiff, Jose, was unlawfully, physically pulled out of his vehicle by Defendant Diaz. Subsequently, Defendants Fabila and Barcinas and other police officers arrived on the scene because the radio report called Jose a "Adam Henry" at his stop. Officers violently threw Jose onto the ground and maliciously assaulted and battered him—beating him in the torso and face, causing serious and permanent injuries. As a diminutive, elderly, cancer survivor, retiree with no physical strength to resist, Jose was easy prey. After maliciously assaulting and battering Jose, the Defendants initially refused to render much needed medical aid but finally relented and called for an ambulance. After Jose received medical care at the hospital for his severe eye and rib injuries, he was booked and released. Jose then discovered the police had taken the $2,000.00 in cash money from his wallet. Defendants Corpuz and Flickinger supervised and were responsible for the officers who were on scene and brutalized Jose. As Jose explained and alleged in the SAC, discovery revealed that "GPD prepared an abstract of investigation classifying the incident as an 'Assault' with [Defendant] Corpuz as the Preliminary Officer, [and] Jose as the Victim and Reporting Person[.]" Doc 40 ¶33. Discovery from GPD also identified Corpuz and Flickinger as "the supervisory GPD officers responsible for" Defendants Diaz, Fabila, and Barcinas. *Id.* ¶32. Jose alleges Corpuz and Flickinger acted in a supervisory capacity over fellow or subordinate Defendant officers at all relevant times. *Id.* ¶8.

## LEGAL STANDARDS

### A. Rule 8(a).

Rule 8(a) of the Federal Rules requires that each complaint filed in federal court contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 requires only a short and plain statement of the claim." *Conley v. Gibson*, 355 U.S. 41 (1957). Detailed factual allegations are not required but, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

### B. Rule 12(b)(6).

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Twombly*, 550 U.S. at 555; *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not include detailed factual allegations but must provide

more than just a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required, however, to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. However, in this instance, the defendants have filed no supporting declarations and there are no facts contrary to the Second Amended Complaint ("SAC") at issue. The supervisory roles of Corpuz and Flickinger are to be taken as true.

**C. Rule 56(a).**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis on which a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under governing law. *Id.*

If the moving party satisfies this initial burden, Rule 56 requires the party opposing the motion to respond with a "showing sufficient to establish the existence of [each properly challenged] element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Celotex*, 477 U.S. at 322-23. In attempting to establish a genuine factual dispute, the opposing party may not rely upon conclusory allegations or pleading unsupported by factual data, but instead must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See id.* at 324. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

"[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita*, 475 U.S. at 587. At the summary judgment stage, the court's function is not to weigh the evidence or determine the truth of the matter but, rather, to determine whether there is any genuine issue for trial. *Anderson*, 477 U.S. at 249; *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc).

Here, Jose's SAC is organized in numbered paragraphs and counts; it does more than enough to provide fair notice of the particular claims Jose asserts and the grounds for each. The SAC is replete with specific factual details of his stop, arrest, physical vulnerability, and horrific beating into a pulp. Jose alleges a pattern and practice of brutal incidents, including the first one he has suffered. *See* Doc. 40 ¶¶65-69, 76-84. Jose alleges Corpuz and Flickinger acted in a supervisory capacity over fellow or subordinate Defendant officers at all relevant times. *Id.* ¶8.

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

2008). The only facts before the Court are plead in the SAC because the defendants have filed no supporting declarations. There are no facts contrary to the SAC at issue. Corpuz and Flickinger have not shown that dismissal is proper. Genuine factual issues remain for Trial as to their liability for the counts alleged in the SAC.

## POINTS AND AUTHORITIES

### I. Section 1983 Liability.

"[A] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoted authority omitted).

#### A. Count VII

Corpuz and Flickinger argue that Count VII should be dismissed because they "lacked personal involvement." Doc. 64 at 2. They assert that the "SAC contains no factual allegations that Corpuz or Flickinger were present during the traffic stop or participated in the use of force." Doc. 64 at 2. While Jose maintains that Corpuz and Flickinger are liable as supervisors, he concedes that discovery to date has not shown them to be present and "personally involved" at the scene of the traffic stop and beating. To the extent that Jose's claim in Count VII for Deprivation of Federal Civil Rights under § 1983 requires their physical presence at the scene of the traffic stop, Jose concedes that dismissal of Corpuz and Flickinger from Count VII is appropriate under the circumstances.

#### B. Count IX

Under § 1983, a supervisor is liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the

training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (internal quotation marks and citation omitted).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *see Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007) (concluding that allegations that school officials knew of alleged violation and failed to take corrective action were sufficient to state a claim); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) (concluding that allegations that FBI agents developed a plan and then encouraged another agent to shoot a suspect were sufficient to state a claim); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (concluding that failure to intervene to stop alleged violation could be sufficient to establish liability); *Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (*en banc*) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"Officers may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). When a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates. *Starr*, 652 F.3d at 1206–07 (holding that "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the

supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates").

In Count IX, Jose has sufficiently alleged a claim for failure to supervise or train under § 1983 and for their policymaking which created a lawless GPD environment. Jose alleges that Corpuz and Flickinger at all relevant times were policymakers for GPD. Doc. 40 ¶121. Jose alleges that Corpuz and Flickinger developed and maintained the policies that were the moving forces behind, and proximately caused, the violations of Jose's rights. *Id.* ¶122. Jose alleges Corpuz and Flickinger were in a supervisory role at *all* relevant times. *Id.* ¶8. Jose alleges that Corpuz and Flickinger were deliberately indifferent and therefore liable for their own culpable conduct by failing to train and supervise the GPD officers in their charge, including the named and unnamed co-defendant officers. *Id.* ¶127. This is sufficient pleading to survive dismissal, and Corpuz and Flickinger offer no sworn proof meriting summary judgment. *See Starr*, 652 F.3d at 1206–07 (holding that "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates").

Jose has sufficiently alleged that Corpuz and Flickinger performed affirmative acts, participated in another's affirmative act, or failed to perform an act which he is legally required to do, such as refrain from or prevent the use of unnecessary and excessive force by GPD officers against Jose. Based on the allegations in the SAC and in Count IX, Jose has sufficiently alleged the requisite causal connection by alleging that Corpuz and Flickinger set in motion a series of acts by other officers or by knowingly refusing to terminate the acts of their fellow officers, which Corpuz and Flickinger knew or reasonably should have known would cause the other officers to inflict a constitutional injury on Jose. Dismissal and summary judgment on this count are improper. In contrast

to the arguments by Corpuz and Flickinger, *see* Doc. 63 at 6, Jose alleges sufficient facts to demonstrate the policy of lawlessness caused the additional constitutional violations.

**C. Count X.**

Under § 1983, "supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Hyde*, 23 F.4th at 874 (internal quotation marks and citation omitted).

Count IX contained Jose allegations against Corpuz and Flickinger for the first alternative for supervisor liability, failure to train, supervise, and control subordinates. In Count X, Jose sufficiently alleges a claim for supervisor liability the second and third alternatives under § 1983—acquiescence and reckless indifference. Jose alleges Corpuz and Flickinger were liable for their own culpable action by participating in or directing the brutality that violated Jose's rights. Doc. 40 ¶¶133-37. Jose alleges that the supervisory conduct of Corpuz and Flickinger caused and resulted in the infliction of excessive force and brutal injury upon Jose. *Id.* ¶138. The injuries included Jose's head, eye, back, and ribs, for which Jose required hospitalization. *Id.* ¶¶23-27. This is a sufficient short and plain statement of the claims against Corpuz and Flickinger to put them on notice of the claims against them. By acquiescing to the brutal conduct that their fellow, subordinate officers inflicted upon Jose, Corpuz and Flickinger are subject to supervisor liability under § 1983. Alternatively, they are liable as supervisors for their conduct, including their policymaking, that created a that showed a reckless or callous indifference to the rights of others. Count X should not be dismissed. To the extent that all bases for supervisor liability should be merged and litigated in one count, Jose concedes that Count X could be dismissed as against Corpuz and Flickinger so long as their acquiescence in constitutional rights' deprivation or their reckless or callous indifference to the rights of

others are considered part of the well-plead claim of supervisor liability in Count IX. In their belatedly-filed declarations which Jose maintains must be stricken,[2] Corpuz and Flickinger assert that they were not the "immediate" supervisors of the co-defendant officers and that neither was a "drafter" of GPD police policy. *See* Doc. 66 ¶¶6, 8; Doc. 67 ¶¶ 4, 6. To the extent this Court were to accept the late-filed declarations, these conclusory and ambiguous "immediate" allegations are insufficient to support a summary judgment determination.

**D. Dismissal of Count IX as to Flickinger for Injunctive Relief is Improper.**

Section 1983 provides that: "Every person who, under color of any statute . . . of any Territory . . . [that] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. A "Guam officer sued in his official capacity is a 'person' within the meaning of § 1983." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) (citing *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir. 1992)). As this Court has recognized, GovGuam may be sued for prospective injunctive relief through a § 1983 claim. *Ryan v. Mansapit-Shimizu*, 2024 U.S. Dist. LEXIS 123181, *15 (D. Guam July 11, 2024). Corpuz asserts he has retired from GPD. Doc. 64 at 6. Prospective injunctive relief remains a possible remedy as against Defendant Flickinger

[2] As will be fully briefed by separate motion, one reason this Court should strike or disregard the declarations of Corpuz and Flickinger, Docs. 66, 67, is that they were not served before the dispositive motion deadline and were instead served thirteen days after the deadline had passed. *See* CVLR 7(b) ("Each motion ... shall be accompanied by a memorandum of points and authorities and, where appropriate, a separate statement of material facts. If a motion... requires consideration of facts not appearing of record, the movant ... shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of or in opposition to the motion."); *Canning v. Star Publishing Co.*, 19 F.R.D. 281, 1956 U.S. Dist. LEXIS 4252 (D. Del. 1956) (granting employee's motion to strike the supporting affidavit when the supporting affidavit was not filed at the same time as the employer's motion for summary judgment); *Farina v. Mission Inv. Trust*, 615 F.2d 1068 (5th Cir. 1980) (For purposes of summary judgment, court does not abuse its discretion when it refuses to accept out-of-time affidavits absent affirmative showing by non-moving party of excusable neglect according to Rule 6(b)).

as he is a "person" under § 1983 for this purpose. Jose has sufficiently alleged that this type of constitutional violation is likely to occur against the public on Guam. This extends to the conduct of Flickinger or those he supervises.

**E. Jose States a Claim for Negligence Against Corpuz and Flickinger.**

Corpuz and Flickinger concede that GovGuam has waived sovereign immunity for their negligent acts at the government's direction. Doc. 64 at 6. They then argue that the SAC failed to allege that Corpuz and Flickinger breached a duty that caused harm to Jose. *Id.* However, Count IV incorporates all allegations before Count I in the SAC. Doc. 40 ¶59. Those incorporated paragraphs contain specific factual allegations that Corpuz and Flickinger were "supervisory GPD Officers responsible for" Diaz, Fabila, and Barcinas. *Id.* ¶32. Corpuz and Flickinger are alleged to have "acted in a supervisory capacity over fellow or subordinate Defendant officers during all relevant times." *Id.* ¶8. Corpuz is alleged to have been identified as "the Preliminary Officer." *Id.* ¶33. Jose alleges that GPD Officers at the scene named Jose as an "Adam Henry," pulled him violently from his vehicle, punched Jose's head, and injured his eye, back, and ribs. *Id.* ¶¶21-24. Jose alleges that his injuries required hospitalization. *Id.* ¶26. Jose alleges that Corpuz and Flickinger owed Jose a duty and breached that duty through their "acts and omissions" directly and proximately caused harm to Jose. *Id.* ¶¶60-63. Jose sufficiently alleges a claim for negligence against Corpuz and Flickinger for their own negligent acts because they were responsible for their fellow and subordinate officers as their direct supervisors at the time of the beating detailed in the SAC. In their belatedly-filed declarations which Jose maintains must be stricken, Corpuz and Flickinger assert that they "took no part in any alleged intentional or negligent action to violate Plaintiff Develles' personal rights." *See* Doc. 66 ¶9; Doc. 67 ¶8. To the extent this Court were to accept the late-filed

declarations, these conclusory allegations are insufficient to support a summary judgment determination.

**F. Jose States a Claim for Conversion.**

Corpuz and Flickinger argue that the theft of money Jose alleges took place while he was in custody "allegedly occurred at the scene of the stop," "[t]he Moving Defendants were not present at the scene of the stop," and therefore "they could not have converted Plaintiff's money." Doc. 64 at 6-7. However, the short and plain statement of claim Jose presents in Count XI does not specify when the money was taken because he only knows it was taken before he was released. *See* Doc 40 ¶29 ("Jose discovered at the time of return of his belongings that the $2,000.00 cash in his wallet had been stolen…"); ¶143 ("When Defendants released Jose …, [he] only then discovered that his $2,000 had been taken from his wallet and not returned."); ¶144 ("Defendants had exclusive control over Jose's money while he was being beaten and/or in police custody."). Certainly, as alleged, the conversion could have occurred at the scene, in a police vehicle, at the hospital, at the police station, etc., at any time before the GPD released Jose from custody, and distributed between co-conspirator after Jose was released from custody. Jose has no way of knowing and thus alleged his claim as he did. Corpuz and Flickinger offer no proof and their dismissal argument fails. The theft is in no way limited to the time and scene of the stop as alleged. Jose has sufficiently alleged conversion while he was in GPD custody and Corpuz and Flickinger were in a supervisory capacity at all relevant times. Dismissal is unwarranted.

**G. Attorney's Fees.**

Corpuz and Flickinger request dismissal of Count XII for attorney's fees as applied to them should this Court dismiss the other claims against them. Doc. 64 at 7. They argue they are instead entitled to recover their fees because Jose added Corpuz and Flickinger as defendants based upon discovery revealing their active supervisory role and because

of "the minimal and deficient liability allegations." *Id*. Through Count XII in the SAC, Jose requests fees and costs pursuant to 42 U.S.C. § 1988. Doc. 40 ¶156. As the SAC discloses, the pleading is ample and detailed in allegations of no supervision and no training. Further, these Defendants never bothered to even serve a compliant defendants' Initial Discovery Disclosure. *See*, Declaration of Counsel for Plaintiff, Ex. "2" thereto. Instead, well after the dispositive motion deadline, Defendants Corpuz and Flickinger each belatedly filed a declaration, Docs. 66, 67, that contain facts which warranted disclosure through the initial disclosures or proper and timely supplementation.

Section 1988 authorizes a court to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" associated with a civil action under § 1983. 42 U.S.C. § 1988(b). To be considered a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation omitted). In a case where a party prevails but has achieved only partial or limited success, some reduction in the fee award may be proper. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (explaining the Ninth Circuit's two-step process to determine the appropriateness of any fee award reduction).

Whether Jose should recover fees absent success on all claims is not as simple as Corpuz and Flickinger suggest. *See, e.g., Green v. Torres*, 59 F. App'x 400, 402 (2d Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) ("Fees may be awarded for unsuccessful as well as successful claims where the claims are inextricably intertwined and involve a common core of facts or are based on related legal theories."). Jose may be entitled to all of his legal fees, or reasonable or some fees if some claims are dismissed.[3]

[3] This Court may still determine that certain fees and costs relating to motion practice are warranted to Jose from Corpuz and Flickinger as a discovery sanction because of their failure in initial disclosures and then late revelation of contradictory facts through their belatedly-filed declarations. To some degree, the declarations may run afoul of the "sham affidavit" rule because of the lack of information provided in initial disclosures and the contradictory material in the declarations. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2008).

And Corpuz and Flickinger should not automatically recover their fees if claims against them are dismissed. After the trial, this Court may require further briefing.

**H. Additional Amendment if Necessary.**

Jose maintains that the SAC is more than sufficient notice of his claims and particularized allegations support his police brutality and civil rights violations claims. Nonetheless, should the Court find that one claim or claims have a shortcoming in pleading, the such a hypothetical claim may not proceed to trial, while all other claims adequately plead, should proceed to trial as scheduled. Alternatively, should the Court decide to dismiss Jose's federal or state law claims against GovGuam due to the "pleading deficiencies" GovGuam asserts, Jose should be provided an additional opportunity to amend[4] his operative Complaint to cure any technical pleading deficiencies that may remain. *See Heineke v. Santa Clara Univ.*, 812 Fed. Appx. 644, 646 (9th Cir. 2020) (reversing denial of leave to amend because "[i]n elevating form over substance, the court abused its discretion.").

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendants Corpuz and Flickinger's Motion for Summary Judgment.

DATED this 10 day of April, 2026.

**LAW OFFICE OF DANIEL J. BERMAN**
Attorney for Plaintiff

By: Daniel J. Berman
**DANIEL J. BERMAN**

---

[4] The Federal Rules of Civil Procedure require that leave to amend be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, the harsh penalty of dismissal should only be imposed in extreme circumstances." *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (internal quotation marks and citation omitted). "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).