LAW OFFICE OF DANIEL J. BERMAN
Suite 801, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No.: (671) 922-7570
Email: djberman@pacificlawyers.law

Attorney for Plaintiff:
*JOSE ARLINE DADIVAS DEVELLES*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, JOHN W. BARCINAS, PATRICK G. CORPUZ, DONALD FLICKINGER and DOES 1 TO 10,<br><br>Defendants. | CIVIL CASE NO. 1:24-cv-00019<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM TO STRIKE DECLARATIONS OF:**<br><br>**(i) PATRICK G. CORPUZ; and**<br>**(ii) DONALD FLICKINGER** |

## INTRODUCTION

Rule 56(c)(4) of the Federal Rules of Civil Procedure ("FRCP") permits motions for summary judgment to be supported by competing declarations.[1] The Plaintiff moves that the offending two declarations be stricken in whole. Defendants—after the dispositive motion deadline established by this Court—filed two declarations which are unquestionably in direct support of their Motion for Summary Judgment. Defendants' counsel failed to reach out to Plaintiff's counsel to communicate any interest to meet and confer regarding modification of the dispositive motion deadline or request an

[1] The rule places three straightforward requirements upon declarations that are filed in support of a motion for summary judgment - the declaration must be based upon personal knowledge, it must set forth admissible evidence, and it must show affirmatively that the declarant is competent to testify. These declarations fail to satisfy all three requirements of Rule 56(c)(4) and other FRCP.

extension of time for this purpose. Defendants' counsel could have filed a motion to extend time or request leave of court, but did not. The surprise, belated filing of two (2) Declarations cuts into Plaintiff's time to respond and requires an adjustment to strategy in the drafting of Opposition to Motion for Summary Judgment. Defendants' Motion for Summary Judgment—as filed before the dispositive motion deadline—lacked sworn proof. Plaintiff commenced his written Opposition with the understanding that Defendants had filed no affidavits or declarations in support of the Motion by the established deadline. *See* Declaration of Counsel Re: Belated Unsigned Initial Disclosures at ¶¶6-7, filed herewith. The draft of the Opposition by Plaintiff's counsel is ninety-five percent (95%) complete.

## POINTS AND AUTHORITIES

### I. THE DECLARATIONS OF PATRICK G. CORPUZ AND DONALD FLICKINGER SHOULD BE STRICKEN FOR VIOLATION OF SCHEDULE ORDER DEADLINE

On August 26, 2025, Amended Scheduling and Planning Order was filed that required "dispositive motions shall be filed no later than 3/20/2026." *See* Doc. 52, Amended Scheduling and Planning Order, at p. 3, § (3).

At no time did Defendants seek leave of court or file a motion for modification of the Scheduling Order. Instead, the Defendants' record discloses repeated delay and difficulty with compliance with the Rules of Court and Civil Procedure.

On August 26, 2025, the Minutes disclose that the Court had to instruct Atty. Guthrie and Atty. Torres to file a Substitution of Counsel for Officer Diaz under General Local Rules. Doc. 51. Therein, Plaintiff's Request for Entry of Default for the delay of Defendants was found to be moot because two Defendants answered the Second Amended Complaint. *Id.*

On October 2, 2025, Plaintiff's counsel sent email to Defendants' Atty. P. Torres with notice that their Initial Disclosures were overdue as of September 19, 2025, and five

(5) days to cure were provided. *See* Exhibit "1", attached to Declaration of Counsel, filed contemporaneously herewith.

On October 7, 2025, Defendants Diaz, Fabila, Barcinas, Corpuz and Flickinger served their Initial Disclosures pursuant to Rule 26(a)(1). *See* Exhibit "2", attached to Declaration of Counsel, filed contemporaneously herewith. As the Court will see, the Initial Disclosures were not signed at any time and were back-dated to "19th day of September, 2025." *Id.*

On October 7, 2025, the Court entered its Order that denied substitution of Atty. P. Torres for the Office of the Attorney General for one Defendant Diaz. Doc. 54.

On December 4, 2025, Minutes of the Court disclose that Attys. Guthrie and Torres are struggling to file a proper Substitution of Counsel. Although Mr. Torres stated he may need an extension to complete discovery, no motions were filed.

Rule 6(c)(2) of the FRCP provides in relevant part that "Any affidavit supporting a motion must be served with the motion."

Rule 6(b) provides, in relevant part, as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the patty failed to act because of excusable neglect.

Where a party seeks to file a declaration in support of a dispositive motion after the time for doing so has passed, that party is required as a matter of procedural law to file a motion for leave to do so and to make a showing that its failure to file the declaration in timely fashion was the result of excusable neglect.[2] If the court then

---

[2] Whether neglect is considered excusable is an equitable inquiry that takes into account all relevant circumstances. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Factors to consider include "the danger of prejudice . . ., the length of the delay and its potential impact

determines that there is good cause to permit the late filing, the court may extend the filing deadline accordingly.

FRCP 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re: Arizona*, 528 F.3d 652, 657 (9th Cir. 2009). "Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the [trial] judge, including dismissal, entry of default or contempt of court." *Id.* (*citing* FRCP 16(f) and 37(b)(2)).

The Ninth Circuit has consistently demonstrated that Rule 16's deadlines are firm, real and are to be taken seriously by the parties and their counsel. *See, e.g., Hostnut.com. Inc. v. Go Daddy Software, Inc.*, 2006 U.S. Dist. LEXIS 64098, 2006 WL 2573201 *3 (D. Ariz. 2006) (evidence not disclosed until more than two months after the discovery deadline precluded at trial). In addition to FRCP 16 sanctions, a party's failure to disclose witnesses in a manner prescribed by the court exposes that party to sanctions under FRCP 37(c). This rule provides, in relevant part:

> A party that without substantial justification fails to disclose information as required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required under Rule 26(a)(2), is <u>not</u> ..., <u>permitted to use as evidence at the trial</u>, at a hearing <u>or on a motion</u> any witness or information not so disclosed. GRCP 37(c). (emphasis added.)

The dispositive motion deadline was March 20, 2026. Defendants filed their Motion for Summary Judgment on March 20, 2026. Doc. 64. Defendants belatedly and surprisingly filed the declarations of Corpuz and Flickinger thirteen days later, on April

---

on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Neglect will not be excused merely because it is the fault of a party's attorney and not the party himself. *Id.* at 396-97. As explained, Plaintiff has been repeatedly prejudiced by Defendants' lack of diligence, such as Defendants' lack of compliance with initial disclosure requirements and scheduling order deadlines. In turn, Defendants have not demonstrated good faith and have to date offered no justification or explanation for their lack of compliance.

2, 2026. Docs. 66, 67. Defendants filed no motion to request an extension and have made no showing of good cause or excusable neglect. Striking the late-filed declarations is proper here. *See, e.g., Clackamas County v. Midwest Emplrs. Cas. Co.*, 2010 U.S. Dist. LEXIS 135684, *35, 2010 WL 5391577 (D. Or. Dec. 22, 2010) (granting motion to strike untimely filed declarations and striking the declarations from the docket); *Canning v. Star Publishing Co.*, 19 F.R.D. 281, 1956 U.S. Dist. LEXIS 4252 (D. Del. 1956) (granting employee's motion to strike the supporting affidavit when the supporting affidavit was not filed at the same time as the employer's motion for summary judgment).

At minimum, this Court should wholly exclude the declarations of Donald Flickinger and Patrick Corpuz from consideration of any motions for summary judgment submitted by the Defendants. *See, e.g., Rodriguez v. Lotte Hotel Guam, LLC.*, 2025 U.S. Dist. LEXIS 21056, *25, 2025 LX 137415, 2025 WL 388391 (granting motion to strike insofar as the late-disclosed information is excluded from consideration of Motion for Summary Judgment).

Defendants' counsel has not sought leave to file an untimely affidavit and has not provided any reason that the information could not have been raised and provided with the filed Motion for Summary Judgment. *See McCoy v. U.S. Collections West, Inc.*, 2014 U.S. Dist. LEXIS 110489-10 (D. Ariz. 2014) *citing Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

## II. VIOLATION OF INITIAL DISCLOSURE REQUIREMENTS: STRIKE DECLARATIONS

Review of the Defendants' Initial Disclosures show that none of the facts or reasons in the new surprise Declarations were timely set forth in the Disclosures. *See* Exhibit "2", Defendants' Initial Disclosures. Defendants have failed to supplement their initial disclosures to disclose these facts at any time to date. For the very reason that Defendants refused to disclose that they are not "immediate" supervisors of Fabila,

Diaz and Barcinas, no depositions were taken of Corpuz and Flickinger. *See* Doc. 66 ¶6, Doc. 67 ¶4.

Federal Rule of Civil Procedure 37 allows a court to preclude a party from introducing evidence at trial, at a hearing, or on a motion where that party has, without substantial justification, failed to disclose required information in discovery or to amend a prior discovery response as required by Rule 26(e)(2). F.R.Civ.P. 37(c)(1).

In determining whether to preclude introduction of evidence under the Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Dey, L.P. v. Ivax Pharmaceuticals Inc.*, 233 F.R.D. 567, 571 (C.D. CA 2005) (citing, *Southern States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592 (4th Cir.2003)). Jose has been surprised by the belatedly-filed declarations revealing facts curiously and conveniently omitted from the initial disclosures received from Corpuz and Flickinger. Jose has been unfairly prevented from deposing these two officers and absent relief from the Court would not be able to cure the surprise, especially if the declarations are accepted and considered. Given the violation of the Initial Disclosures deadline of September 19, 2025 and surprise new declarations of opinion and fact from the two Defendants, Plaintiff has been prejudiced by the surprise Declarations. Allowing the evidence or reopening discovery would disrupt the trial schedule. Thus far, Defendants have offered no explanation for the failure to disclose the evidence they obviously deem important to their summary judgment request and which Jose concedes is important enough that had he known the alleged facts in the declarations he would have deposed these defendants during discovery. Precluding the introduction of this evidence is warranted under Rule 37.

**II.**

**THE DECLARATIONS OF CORPUZ AND FLICKINGER SHOULD BE STRICKEN BECAUSE THEY FAIL TO SATISFY THE REQUIREMENTS OF RULE 56(C)(4).**

**A. Rule 56(c)(4) Legal Standards**

Rule 56(c)(4) of the GRCP requires that an "affidavit or declaration used to support or oppose a motion shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show that the affiant or declarant is competent to testify to the matters stated." In reviewing motions for summary judgment, courts may not consider affidavits or declarations that do not comply with these requirements. *El Deeb v. Univ. of Minnesota*, 60 F.3d 423, 428 (8th Cir. 1995); *School Dist. 1J v. AC and S*, 5 F.3rd 1255, 1261 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1983); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992); *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987); *United States v. M.E. Dibble*, 429 F.2d 598 (9th Cir. 1970).

To be admissible to support or oppose a motion for summary judgment, declarations must also set out specific facts – not mere conclusory allegations. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that the object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Mitchell*, 964 F.2d at 585 (holding that "conclusory allegations and subjective beliefs ... are wholly insufficient evidence...."); *O'Shea v. Detroit News*, 887 F.2d 683 (6th Cir. 1989) (holding that conclusory allegations are not admissible evidence).

Corpuz and Flickinger offer solely conclusory allegations without facts or explanation. For example, they each aver that they were not the "immediate" supervisor of Defendants Diaz, Fabila or Barcinas, but fail to state facts showing what they mean by "immediate supervisor." *See* Doc. 66 ¶6, Doc. 67 ¶4. In other words, is there an officer serving that role depending on the shift or assignment? Are they the supervisors of the supervisor of Diaz, Fabila or Barcinas? They fail to assert who serves

in such a role, the role they each have with respect to the other officers, and why they were disclosed as supervisors on GPD paperwork. In addition, they make wholly conclusory allegations that they "took no part in any alleged intentional or negligent action to violate Plaintiff Develles' personal rights." Doc. 66 ¶9, Doc. 67 ¶8. These are legal conclusions and opinion intertwined with ambiguous fact. This is based on their subjective beliefs and not admissible evidence. To the extent that they had a supervisory role, they may be liable for their own negligent acts in training, supervising, etc. Their conclusory allegations should be stricken or disregarded.

## CONCLUSION

For the above reason, this Court should strike the untimely declarations of Corpuz and Flickinger, or at minimum, preclude them from evidence and decline to consider them when assessing Defendants' Motion for Summary Judgment.

Respectfully submitted this 10 day of April, 2026.

**LAW OFFICE OF DANIEL J. BERMAN**
Attorney for Plaintiff

By: [signature]
**DANIEL J. BERMAN**