**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, JOHN W. BARCINAS, PATRICK G. CORPUZ, DONALD FLICKINGER, and DOES 1 TO 10,<br><br>Defendants. | Civil Case No. 24-cv-00019<br><br>**NOTICE OF POTENTIAL JUDICIAL CONFLICT**<br><br>**(28 U.S.C. § 455)** |

**COMES NOW** Defendant GOVERNMENT OF GUAM, (hereinafter "**Gov. Guam**"), pursuant to Canon 3C3(a) of the *Code of Conduct for United States Judges* and as contemplated by Canon 3C(1)(d)(iii) and 28 U.S.C. §§ 455(a)[1] and 455(b)(5)(iii)[2], and says as follows:

[1] 28 U.S.C. § 455(a) requires that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

[2] 28 U.S.C. § 455(b)(5)(iii) requires that any judge "**shall** also disqualify himself in the following circumstances: … (5) "He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a

1. The Attorney General has learned a person within the third-degree of relationship of the Presiding Judge, specifically, the Presiding Judge's brother, Phillip Tydingco, Esquire, has a vested interest in this action which may be substantially affected by the outcome of this proceeding as defined by Canon 3C3(a) of the *Code of Conduct for United States Judges* and as contemplated by Canon 3C(1)(d)(iii) and 28 U.S.C. §§ 455(a) and 455(b)(5)(iii).

2. There will be an election in November of 2026, wherein the brother of Chief Judge Tydingco-Gatewood, Phillip J. Tydingco, Esquire, is running for the office of Attorney General of Guam against the incumbent, Attorney General Douglas B. Moylan. Candidate Tydingco is unquestionably within the third-degree of relationship with his sister, the Chief Judge. Attorney General Moylan recently announced he is running for re-election. The Guam Elections Commission reflects he signed out his candidate packet on March 11, 2026. On April 10, 2026, Judge Tydingco-Gatewood issued General Order 26-0007 closing the District Court of Guam commencing on Monday, April 13, 2026 due to the approach of Super Typhoon Sinlaku. On April 16, 2026, the Judge issued General Order 26-0008 re-opening this Court on Monday, April 20, 2026.

3. The Attorney General respectfully submits this Notice to allow the Court the opportunity to consider, out of an abundance of caution, whether Judge Tydingco-Gatewood should recuse herself and allow another judge, unrelated to her brother, to continue with this matter, to avoid any appearance of impropriety.

4. Before the Presiding Judge are multiple cases, including this action, the outcomes of which will have significant impact on the Organic structure of the Office of Attorney General

---

person: "… (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." (emphasis added).

of Guam as these cases directly affect the manner in which the Attorney General may prosecute lawsuits within the local and federal courts of Guam. The Court's decisions may appear to signal a preference in the outcome of the election for the Attorney General to be held this November.

5. Any ruling by this Honorable Court regarding the merits of any litigation involving the Attorney General's Office, whether the Attorney General is a party, or whether the Attorney General's Office represents other parties, would create the appearance of impropriety in which a judge's "impartiality might reasonably be questioned," because lawyers, especially political candidates, are judged by voters on the basis of whether they won or lost a given case. Therefore, Candidate Tydingco has an electoral interest in any ruling by this Honorable Court which rules against the Attorney General or the Attorney General's Office.

6. Title 28 U.S.C. 455 is a self-executing statute that places an independent duty on the Court to evaluate potential disqualification without the need for a formal motion from a party. *See In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 74-75 (S.D.N.Y. 2001).

7. Judges who have found themselves in similar situations have chosen to voluntarily recuse themselves in the context of perceived electoral favoritism. *See United States v. Bobo*, 323 F.Supp.2d 1238 (N.D. Ala. 2004). While there may be no issue in fact the appearance can become reality. In *Bobo*, the sitting Judge was a <u>6th degree relative</u> (second cousin) of the sitting Governor, who was not a party to the action. The Court was aware that the final result of *Bobo* could indirectly affect the election for the office of the Governor, scheduled almost 2 years into the future. *Id*. at 1240 & n. 1. In *Bobo*, the Judge opined that "Even the appearance of impropriety is a matter of persuasive remedial action" and, out of a respect for the public trust, he recused himself from the matter. *Id*. at 1242.

8. Any ruling on the merits would create an appearance of impropriety where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983). *See also Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (reversing refusal of judge to disqualify where "section 455(b) provides us with a concrete example where the appearance of partiality suffices to establish a ground for recusal under section 455(a) even absent actual bias."); *Mangini v. United States*, 314 F.3d 1158, 1161 (9th Cir.), *opinion amended on denial of reh'g*, 319 F.3d 1079 (9th Cir. 2003) (Section 455(b) "requires disqualification under Section 455(a), even absent any evidence of actual bias.").

THEREFORE, the Attorney General respectfully suggests that there is an appearance of impropriety as contemplated by 28 U.S.C. § 455 such that the Chief Judge should assign this case to another judge, and recuse herself from all cases where the Attorney General is a party, or whether the Attorney General's Office represents a party before this Honorable Court.

**Respectfully submitted**, this 28th day of April, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*/s/ Staci L. Anderson*
**STACI L. ANDERSON**
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026 that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**DANIEL J. BERMAN**
Attorneys for Plaintiff
Jose Arline Dadivas Develles
238 Archbishop Flores Street
*Hagåtña*, Guam 96910
Office: (671) 922-7570
*djberman@pacificlawyers.law*

**PHILLIP TORRES**
Attorneys for Defendants
Kendall J.N. Diaz, Aren L. Fabila,
John W. Barcinas, Patrick G. Corpuz
and Donald Flickinger
285 Clubhouse Drive
Yona, Guam 96915
Office: (671) 477-9891
*ptorres@tttguamlawyers.com*

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*/s/ Staci L. Anderson*
**STACI L. ANDERSON**
Assistant Attorney General