**TORRES LAW GROUP**
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 687-9294

***Attorneys for Defendants***
*Kendall J.N. Diaz, Aren L. Fabila,*
*John W. Barcinas, Patrick G. Corpuz*
*and Donald Flickinger*

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, JOHN W. BARCINAS, PATRICK G. CORPUZ AND DONALD FLICKINGER and DOES 1 TO 10,<br><br>Defendants. | CIVIL ACTION NO. 1-24-cv-00019<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS PATRICK G. CORPUZ AND DONALD FLICKINGER'S MOTION FOR SUMMARY JUDGMENT** |

On April 10, 2026, Plaintiff, Jose Arline Dadivas Develles, ("Plaintiff" or "Develles") filed his Opposition to Defendants Patrick G. Corpuz ("Corpuz") and Donald Flickinger's ("Flickinger") (collectively "Moving Defendants") Motion for Summary Judgment. Plaintiff relies on Rule 8(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a).

Plaintiff conceded that since Defendants Corpuz and Flickinger were not present at the scene of the traffic stop, Count VII-- Depravation of Federal Civil Rights, should be dismissed. (Opposition at p. 6). Moving Defendants herewith file their Reply to Plaintiff's Opposition[1/]. This Reply is supported by the below Memorandum of Points and Authorities and the pleadings on filed herein.

---

[1/] Plaintiff's and Defendants' counsel agreed that the Reply date, originally due April 24, be extended one week in light of the weather and related events of this past month.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff asserts that it should survive the Motion for Summary Judgment because it has complied with Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below Plaintiff failed to set forth claims upon which relief can be granted and Defendants Motion should be granted.

**A. Standard for Dismissal under GRCP 12(b)(6) and Rule 56(c)and (e).**

Moving Defendants seek dismissal of all claims asserted against them pursuant to FRCP Rule 12(b)(6) and Rule 56(c). Rule 56(c) of the FRCP states summary judgment is appropriate "if the *pleadings*, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to a judgment as a matter of law." (emphasis added).

The Court of Appeals for the Ninth Circuit has held that, "In assessing whether a plaintiff has stated a claim, we accept as true all *well-pleaded* factual allegations, and construe all factual inferences in the light most favorable to the plaintiff." ***Parents for Privacy v. Barr***, 949 F.3d 1210, 1221 (9th Cir. 2020)). (emphasis added). The movant bears the initial burden of showing that "undisputed facts in the record support a prima facie entitlement to the relief requested." (***Hawaiian RockProducts Corp. v. Ocean Housing, Inc.***, 2016 Guam 4, ¶ 27). If such a showing is made, "the non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." (***Gayle v. Hemlani***, 2000 Guam 25, ¶ 21. Courts must not resolve factual disputes on summary judgment. See ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 247-48 (1986), but "whether the conduct of which the plaintiff complains violated clearly established law" is an "essentially legal question" that courts are competent to resolve. ***Mitchell v. Forsyth***, 472 U.S. 511, 526 (1985). The legal question of qualified immunity can be resolved by the Court and based upon that ruling whether there was a violation of clearly established law.

When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading

in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." ***First Hawaiian Bank***, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief. ***Vasques v. Los Angeles County.,*** 487 F.3d 1246, 1249 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim under FRCP Rule 12(b)(6), a plaintiff must assert factual allegations that suggest that the claim has at least a plausible chance of success. ***Levin v. Yelp! Inc,*** 765 F.3d 1123, 1134-35 (9th Cir., 2014). A claim has a plausible chance of success if it allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal,*** 556 U.S. 662, 678 (2009). The court must draw on its judicial experience and common sense to determine the plausibility of a claim given the specific context of each case. ***Id.***, at 679 The facts are sweeping legal conclusions cast in the form of factual allegations. Consideration of Plaintiff's SAC as a whole demonstrates that it fails to meet the requirements established in ***Zorn*** and under the Rule 8 of the FRCP. The allegations do not indicate that the claims have a plausible chance of success.

At page two of his Opposition, Plaintiff sets forth his "Relevant Facts". The Opposition describes Plaintiff as a "...diminutive, elderly, cancer survivor, retiree with no physical strength to resist...", thus, "easy prey". Plaintiff argues that "several police officers [are] accountable for their unlawful, malicious violations of Jose's rights." Plaintiff "was unlawfully, physically pulled out of his vehicle by Defendant Diaz..." and "...violently threw Jose onto the ground and maliciously assaulted and battered him" Plaintiff alleges that he was initially refused medical aid. Nowhere is that allegation found in the Court's record for this case. These general conclusory allegations do not put the three police officers on notice of who is accused of doing which individual illegal and violent actions to Plaintiff that violate his fourth amendment rights.

As supportive facts Plaintiff referred to his allegations in his Second Amended Complaint, as material facts to defeat Moving Defendants' Motion. In paragraphs 32 and

33, Plaintiff restates his own allegations referencing the title of the internal handling of the Plaintiff's complaint stating GPD prepared an abstract of investigation classifying the incident as an 'Assault' with POIII PG Corpuz as the Preliminary Officer, Jose as the Victim and Reporting Person..." (ECF 40 at ¶33). He further states that "the supervisory GPD officers responsible for Diaz, Fabila, and Barcinas..." are Corpuz and Flickinger. (ECF 40 at ¶33).

Restating Second Amended Complaint allegations in opposition to a Motion for Summary Judgment is insufficient to establish a dispute of material fact. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." The Supreme Court has determined that Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 324 (1986). The Court made it clear that a party cannot defeat a motion for summary judgment with mere allegations in their pleadings. They must present specific facts through admissible evidence. The Court ruled that a party opposing summary judgment must make a showing sufficient to establish the existence of an element essential to their case, as the failure to do so means there is no genuine issue of material fact. ***Id.***

This claim falls within the defense of Sovereign or Qualified Immunity that protect government employees from personal liability for actions performed in their official capacity, unless a clearly established constitutional right was violated. Plaintiff's constitutional violation excessive force arguments are defeated by the peace officers qualified immunity asserted as an affirmative defense. All of the complained alleged events stem from actions following Plaintiff's lawful traffic stop. Plaintiff fails to be candid with the Court that he refused to cooperate with police officers and that he had been drinking and was operating his vehicle beyond the legal alcohol driving limit. Clearing his initial actions do not warrant the violating of Plaintiff's rights. Here, however, Plaintiff has


**TORRES LAW GROUP**
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 477-9891

not established that the Defendant officers acted beyond the bounds of Guam policy and procedures. Plaintiff has not established that the Defendant officers acted with knowledge of any established case law and violation of such case law proscribed behavior in caring out their duties.

Monday morning quarterbacking of what happened should not be substituted for the reasonable approach taken by the officers in the early morning hours of March 4, 2023. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. ***Terry v. Ohio*** 392 U. S. 1, 20-22. With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. ***Johnson v. Glick*** 481 F.2d 1028, 1033. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation. ***Graham v. O'Connor*,** 490 US 386, 396-97 (1989). Here Defendants were confronted with a non-cooperative person at about 1:45am. He refused even the most basic request of showing his license and registration. Plaintiff's size does not mean he is not a threat to officer safety. Defendants followed GPD policy for their own safety and did not violate Plaintiff's constitutional civil rights through the use of excessive force despite the unfortunate injuries sustained by Plaintiff.

**CONCLUSION**

Based upon Defendants' Motion and response to Plaintiff's opposition, Defendants respectfully request that their Motion to Dismiss or for Summary Judgment be granted.

***Respectfully submitted*** this 1st day of May, 2026.

**TORRES LAW GROUP**

By /s/

**PHILLIP TORRES, ESQ.**
*Attorneys for Defendant*



**TORRES LAW GROUP**
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 477-9891