**TORRES LAW GROUP**
285 CLUBHOUSE DRIVE
YONA, GUAM 96915
TELEPHONE: (671) 687-9294

***Attorneys for Defendants***
*Kendall J.N. Diaz, Aren L. Fabila,*
*John W. Barcinas, Patrick G. Corpuz*
*and Donald Flickinger*

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, JOHN W. BARCINAS, PATRICK G. CORPUZ AND DONALD FLICKINGER and DOES 1 TO 10,<br><br>Defendants. | CIVIL ACTION NO. 1-24-cv-00019<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS PATRICK G. CORPUZ AND DONALD FLICKINGER'S DECLARATIONS** |

On April 10, 2026, Jose Arline Dadivas Develles ("Plaintiff" or "Develles) filed a Motion to Strike the Declarations of Defendants Patrick G. Corpuz and Donald Flickinger that were filed in support of their Motion for Summary Judgment on Plaintiff's Second Amended Complaint. The Declarations were filed thirteen (13) days after their Motion was filed. Defendants Patrick G. Corpuz ("Corpuz") and Donald Flickinger ("Flickinger") (collectively "Defendants") herein file their Opposition. This Opposition is supported by the below Memorandum of Points and Authorities and the pleadings on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In his Motion Plaintiff recounts the procedural history of the case and asserts that Defendants' declarations should be stricken because the undersigned failed to request Plaintiff's counsel's permission to file the Declarations, failed to seek leave of Court to file the Declarations and that Plaintiff's counsel is prejudiced by the filing. Plaintiff also questions the plain meanings of the Declarations' statements.

The undersigned does not dispute that he failed to request Plaintiff's counsel's permission to file the Declarations and failed to seek leave of Court to file the Declarations. Defendants Corpuz and Flickinger filed their Motion for Summary Judgment to dismiss the claims against them. Those claims are stated at Count IV (Negligence), Count VII (Deprivation of Federal Civil Rights), COUNT IX - (Government Custom or Policy/Failure to Supervise or Train, 42 U.S.C. § 1983...in their Official Capacity for Prospective Injunctive Relief Only), Count X (Supervisor Liability), Count XI (Conversion of Money) and Count XII ("Attorneys Fees"). Counts VII, IX, X, and XII are directly related to Plaintiff's 42 U.S.C. § 1983 claims of violation of his civil rights and excessive force.

Pursuant to Federal Rule of Civil Procedure (FRCP) Rule 6(b)(1)(B), a court has the discretion to accept a late filing if the party failed to act because of excusable neglect. ***Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership Et Al.***, 507 U.S. 380, 391. The United States Supreme Court addressed the issue of neglect in ***Pioneer***, a bankruptcy case,(1993). In that case unsecured creditors of petitioner, a company seeking relief under Chapter 11 of the Bankruptcy Code, respondents were required to file proofs of claim with the Bankruptcy Court before the deadline date established by that court. Respondents missed the filing deadline. Respondents' attorney asked the court to permit the late filings where the movant's failure to comply with the deadline "was the result of excusable neglect." The bankruptcy court refused to permit the late filing. The District Court affirmed, but the Court of Appeals reversed.

Upon Supreme Court review, the Court held that Congress plainly contemplated that courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control. This flexible understanding comports with the ordinary meaning of "neglect." ***Pioneer***, supra at 381. The Court confirmed that Courts can grant "...a reprieve to out-of time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to esp[ecially] through carelessness." Webster's Ninth New

Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning." ***Perrin v. United States***, 444 U. S. 37, 42 (1979)". ***Pioneer***, supra at 388.

The phrase "excusable neglect," is used in several of the Federal Rules of Civil Procedure and is understood to be a somewhat "elastic concept." Pp.387-395. Regarding bankruptcy rules and the federal rules the Court stated that, "Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. (***Pioneer***, supra at 395, citing ***In re Pioneer Investment Services Co. v. Brunswick*** **Associates** 943 F.2d 673, 677).

The "Pioneer factors" established by the Supreme Court are Danger of Prejudice; Length of Delay; Reason for Delay; and Good Faith. Here, despite Plaintiff's arguments, he has not been prejudiced by the delayed Declarations. Defendants Corpuz and Flickinger's Declaration are substantially the same and paraphrasing state that they were working in the precinct office on March 4, 2023, were not present at the scene of the traffic stop, that neither are the immediate supervisor of Defendants Diaz, Fabila or Barcinas, and that they are not drafters of police policy. Corpuz declared that his only contact with Plaintiff was to assist him in filing his complaint, accepted the complaint and forwarded it up the chain of command. Both parties declared that they took no part in any alleged intentional or negligent action to violate Plaintiff Develles' personal rights and that they feel victimized by having been named a defendant in this civil rights case.

The Declarations as filed did not prevent Plaintiff from timely filing his Opposition.

The filed Declarations did not prompt Plaintiff's counsel to seek an extension of time to file his Opposition. Plaintiff's counsel argues that the Declarations cut into his time and required a change yet fails to elaborate on what that was. Plaintiff responded to Defendants' Motion and on balance has not demonstrated prejudice.

Length of Delay: A 13-day delay is relatively short in the context of this federal litigation. Court hearings on the Motions pending before the Court is June 7, 2026. The filing of the Declarations is unlikely to disrupt the Court's schedule significantly. Plaintiff's counsel has requested no remedy of additional time to respond. Thus, the delayed Declarations were not burdensome upon Plaintiff. Nonetheless, should the Court be inclined for the Plaintiff's request, Defendants do not object to the Plaintiff receiving an additional 13 days to file a supplemental response.

Reason for Delay: It is common knowledge and often reported in the local newspapers that police officers on Guam maintain a heavy and at times eradicate schedule, with lots of overtime. It is the type of common knowledge that warrant judicial notice. Discussing the case and meeting with the five individual defendants has been challenging. What was also challenging and not the Defendants fault was that the undersigned was in Europe at the time of the motion cut-off date. The undersigned traveled to Europe through Abu Dhabi and the return flight was also through Abu Dhabi. The return was delayed due to the Iran war affecting flights out of that airport and other middle east airports. With so many cancelled flights and the unsettled war bombing the undersigned had no control or influence on the return flight and had to wait my turn.

Good Faith: The delayed filing of the Declarations was not a tactical move to surprise the Plaintiff but an effort to provide a complete record for the Court. On August 26, 2025, based on a status report filed with the Court the scheduled dates in this case were amended. Defendants raised no objections and the status report was a joint filing. Defendants have not acted in bad faith by the delayed Declaration filings.

**CONCLUSION**

Moving Defendants request that the Court exercise its "wide discretion" under Rule

6(b) to permit the late Declarations to avoid the "harsh penalty" of striking essential evidence. The ***Pioneer*** factors favor the Defendants in this matter. Based upon the arguments set forth above Defendants respectfully request that Plaintiff's Motion be denied.

***Respectfully submitted*** this 1st day of May, 2026.

**TORRES LAW GROUP**

By /s/ ______________________________
**PHILLIP TORRES, ESQ.**
*Attorneys for Defendant*