UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

JOSE ARLINE DADIVAS DEVELLES,

                Plaintiff,

    v.

GOVERNMENT OF GUAM, *et al.*,

                Defendants.

CIVIL CASE NO. 24-00019

ORDER

This matter comes before the Court on the Government of Guam's motion to dismiss (Dkt. No. 62), which the Court GRANTS in part and DENIES in part as explained below, after having thoroughly considered the briefing and the record.

This is a civil rights case. (*See generally* Dkt. No. 40.) Plaintiff alleges that certain Guam Police Department officers used excessive force during a traffic stop when removing him from his vehicle and then stole money from a wallet in the vehicle. (*See id.* at 3–5.) Plaintiff further alleges other officers were complicit in this conduct. (*See id.* at 5–6.) Plaintiff also alleges that the incident is in accord with the Department's generalized customs and practices. (*See id.* at 18–21.)

In total, the complaint asserts twelve counts against all defendants, four of which against the Government of Guam (through its relationship to the Guam Police Department). (*See id.* at 6–24.) They are Count V (Vicarious Liability for Officers' Negligent Conduct), Count VI

(Negligent Hiring, Retention, Supervision), County IX (Failure to Supervise or Train Officers pursuant to 18 U.S.C. § 1983), and Count XI (Conversion). (*Id.* at 10–13, 18–23.) The Government moves to dismiss each pursuant to Rules 12(b)(1) and 12(b)(6). (Dkt. No. 63.) It argues that (a) the Court lacks subject matter jurisdiction for counts resulting in state law claims (Counts V, VI, and XI) and (b) Plaintiff fails to plausibly assert claims for the count the Court would have original jurisdiction over (Count IX). (*See generally id.*)

Rule 12(b)(1) motions challenge "[]the Court's subject matter jurisdiction." *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 721 (N.D. Cal. 2014). In summary, the Court may only exercise supplemental jurisdiction over claims arising under state law "that are so related to" the federal claim "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). If the Court dismisses the federal claim, it may—and generally should—decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Whereas Rule 12(b)(6) motions challenge the sufficiency of the allegations in asserting a colorable cause of action. Thus, to avoid dismissal, a plaintiff must point to factual allegations that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Said another way, the Court must be able to conclude that the movant is entitled to judgment as a matter of law, even after accepting allegations as true and construing them in the light most favorable to the non-moving party. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

The Court first addresses the sufficiency of the allegations supporting Plaintiff's federal claim, in accord with *Iqbal* and *Twombly*. This is because, to establish the Court's jurisdiction over a state law claim based on 18 U.S.C. § 1367, it must first be anchored by a colorable federal claim. 28 U.S.C. 1367(a). And the federal claim here, as described in Count IX, is the one

ORDER
CIVIL CASE NO. 24-00019
PAGE - 2

Plaintiff brings pursuant to 42 U.S.C. § 1983. (*See* Dkt. No. 40 at 18–21.) To state a §1983 claim, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Because, at least for purposes of the instant motion, Plaintiff's excessive force § 1983 claim is brought against the Government of Guam, it must also satisfy the standard for municipal liability, namely (1) the existence of a municipal policy, practice, or custom, (2) that the policy was the moving force behind a constitutional deprivation, and (3) the existence of deliberate indifference (where relevant). *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

In Count IX, the excessive force § 1983 claim, Plaintiff describes the "atmosphere of lawlessness and carelessness" along with the "long-standing, department-wide discretionary customs, law enforcement policies, procedures, customs [and] practices" leading to the Guam Police Department's failure to train and supervise its officers, resulting in the deliberate indifference alleged in this case." (Dkt. No. 40 at 19.) These allegations, alone, would be insufficiently conclusory to withstand the Government's motion. But the complaint goes on. It incorporates by reference[1] particularized accounts of similar instances reasonably supporting the notion of an implied policy, practice, or custom, which are consistent with Plaintiff's generalized allegations. (*See id* at 19–20.) Collectively, these allegations, coupled with Plaintiff's personal experience, (*see id.* at 3–8, 29–69), are sufficient to plead an excessive force § 1983 claim against Guam. Thus, Count IX survives the Government's motion to dismiss.[2]

With a plausibly pleaded federal Count IX, the Court sees no reason not to exercise supplemental jurisdiction over the remaining counts, namely Counts V, VI, and XI (to the extent

[1] *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

[2] In moving to dismiss Count IX, the Government also asks that Plaintiff's request for injunctive relief be dismissed due to a lack of pleaded imminent threat. (*See* Dkt. No. 63 at 4.) But, given the alleged pervasive and lawless application of excessive force, (*see* Dkt. No. 40 at 19–20), the Court cannot say that such threat as pleaded, is not imminent as to Plaintiff.

ORDER
CIVIL CASE NO. 24-00019
PAGE - 3

they are otherwise colorable) pursuant to *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005). This is because each is based on the same events as Count IX, so they clearly arise from the same case or controversy. (*See* Dkt. No. 40 at 10–23.) Nevertheless, the Government argues that Count VI is inadequately pleaded and Count XI, as an intentional tort, lacks statutory support. (*See* Dkt. No. 63 at 7.) The argument as to Count VI is not well taken. Although the Court agrees with the Government as to Count XI.

As to Count VI, the negligent hiring, retention, and supervision claim, the complaint alleges that the officers at issue had "prior history and records of employment misconduct . . . and related propensities to offensive behavior and harm to others." (Dkt. No. 40 at 11.) Further, the Government of Guam "knew or reasonably should have known, of the malicious, negligent, and intentional misconduct propensities" of these officers. (*Id.* at 12.) And finally, the Government "failed to conduct reasonable and necessary screening; failed to properly evaluate their conduct and performance as employees of GPD; failed to exercise the due diligence incumbent upon employers and supervisors to investigate employee misconduct and to take appropriate disciplinary action." (*Id.* at 13.) These allegations, in a vacuum, border on conclusory. But when viewed in the context of all then allegations in the complaint, including those described above, they plausibly state a negligent hiring, retention, and supervision claim. Thus, Count VI survives the Government's motion to dismiss.

As to Count XI, the conversion claim, as an intentional tort, requires a waiver of sovereign immunity. *See Wood v. Guam Power Auth.*, 2000 Guam 18 (Guam 2000) (citing 1 GCA § 405. And Plaintiff concedes no such waiver exists. (*See* Dkt. No. 68 at 16.) Thus, the Court need not address this issue further. Count XI does not survive the Government's motion.

Finally, the Government asks the Court to "strike any demand for punitive damages" against it. (Dkt. No. 63 at 8.) It contends such damages "are generally barred except where statute permits." (*Id.*) But it provides no authority for this proposition. So, at least for now, the Court declines the Government's request. Should it wish to renew the request through a Rule

12(c) or Rule 56 motion, the Court reminds the Government to support its position with relevant authority. *See Saevik v. Swedish Med. Ctr.*, 2021 WL 5918595, slip op. at 4 (W.D. Wash. 2021) (quoting *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, 322 F. App'x 569, 571 n.2 (9th Cir. 2009)) (Courts "need not consider allegations 'unsupported by citations to the record or legal authority.'").

For the foregoing reasons, the Government of Guam's motion to dismiss (Dkt. No. 62) is GRANTED as to Count XI, which is DISMISSED. The motion is DENIED as to the remaining Counts (Counts V, VI, and IX).

So DATED this 18th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CIVIL CASE NO. 24-00019
PAGE - 5