**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Solicitors Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

*Attorneys for the Government of Guam*

**BEFORE THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| **JOSE ARLINE DADIVAS DEVELLES,**<br><br>**Petitioner,**<br><br>**vs.**<br><br>**GOVERNMENT OF GUAM, KENDALL T. DIAZ, AREN L. FABILA and DOES 1 TO 10,**<br><br>**Defendants.** | CIVIL CASE NO. 1:24-CV-00019<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE (Fed. R. Civ. P. 12(b)(6) & 12(f))** |

Comes now the Government of Guam, by and through undersigned counsel and hereby submits its Memorandum in Support of Motion to Dismiss and Motion to Strike pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f).

**INTRODUCTION**

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to strike portions of Plaintiff's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(f) that rely solely on out-of-court news articles and internet links cited by Plaintiff as factual

support for municipal/custom/supervisory liability, or "*Monell*" claims. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The SAC attaches and includes numerous non-hearsay documents (police investigation abstracts, property detail report, arrest record, internal affairs statements, medical records) that legitimately may be considered. But Plaintiff separately incorporates and relies on external press articles and webpages (cited at SAC p.19 ¶¶ 122–126 and elsewhere) as the factual basis for *Monell* and related claims. Those article-based assertions are hearsay, are not pled as admissible public records or exceptions, and cannot supply the factual predicate required by *Twombly/Ashcroft,* infra*,* to state plausible claims. The Court should (1) dismiss claims or allegations to the extent they rest solely on those articles, and (2) strike the article quotations, hyperlinks, and any scandalous or immaterial narrative derived solely from them.

**ISSUES PRESENTED**

1. Whether allegations that rely solely on the contents of out-of-court news articles and internet links may be accepted as true to plead municipal/custom or supervisory liability under *Twombly/ Ashcroft.*

2. Whether the Court should strike as immaterial, impertinent, or scandalous under Fed. R. Civ. P. 12(f) article citations, hyperlinks, and incorporated article text that are not admissible or otherwise part of the governmental records Plaintiff already attached.

**SUMMARY OF THE ARGUMENT**

*Twombly* and *Ashcroft*, infra, require factual allegations sufficient to state a plausible claim. Conclusory assertions and hearsay-based allegations cannot substitute for factual predicate.

The SAC cites press articles and websites (SAC pp.19–20, ¶¶ 122–126) to support Count IX (Government Custom or Policy) and related supervisory/ *Monell* allegations (Counts VI, IX, X). Those article statements are out-of-court assertions offered for their truth and therefore hearsay.

Plaintiff did attach several non-hearsay records (police abstract, property detail report, internal affairs statements, arrest records, medical records) that may properly be considered by the Court. Those documents are insufficient by themselves, however, to plead the particularized municipal policy or deliberate indifference required by *Monell* where the Complaint otherwise depends on the press accounts to show systemic or policy failures.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6) the Court should dismiss all allegations and claims that depend solely on the cited articles, and strike, pursuant to Fed. R. Civ P. 12(f), the article citations/quotations/hyperlinks and any scandalous or immaterial material drawn exclusively from them.

**STATEMENT OF FACTS**
**(LIMITED TO NON-HEARSAY EXHIBITS ATTACHED TO THE SAC)**

References below cite the SAC paragraph numbers and the docket-file page numbers as filed (Document 40, pages cited below). The SAC and attached exhibits are part of the record and may be considered on this motion.

1. Plaintiff alleges that on March 4, 2023 Defendant Diaz stopped Plaintiff and that Plaintiff was pulled from his vehicle and beaten by officers (SAC ¶¶ 16–24; see SAC pp.3–6 (Document 40, pp. 3–6)). The SAC alleges that Plaintiff suffered physical injuries to his eye and ribs and that $2,000.00 in cash was taken from his wallet (SAC ¶¶ 23, 29; Document 40, pp.5–6).
2. Plaintiff submitted a governmental claim form dated June 14, 2023, attached as Exhibit "A" to the SAC (Claim Against the Government, Document 40, p.27). The claim form states the claimed damages and references his factual account (Document 40, p.27).
3. The SAC includes a copy of a Guam Police Department Internal Affairs statement identified as "Place Statement Taken: INTERNAL AFFAIRS," bearing the name Jose Develles and containing Plaintiff's handwritten statement describing the stop and alleged assault (Document 40, pp.29–30).
4. The SAC includes a GPD abstract of investigation dated April 10, 2023, classifying the incident as "Assault" and listing POIII PG Corpuz as Preliminary Officer and naming Plaintiff as victim (Document 40, p.31).
5. The SAC includes arrest records and booking information for March 4, 2023 (Document 40, pp.33–34).
6. The SAC includes medical records from Guam Regional Medical City: ED records, diagnostic imaging results (CT head, cervical spine, chest x-ray), discharge instructions, patient education, and lab results reflecting an ethanol level and tests referenced in the ED notes (Document 40, pp.40–56, 61–66). The ER Provider Note documents patient presentation (Document 40, pp.57–63).

7. The SAC includes photographs and other attached non-hearsay documents (medical photos and investigator contract/invoice) which show alleged injuries and investigation steps (Document 40, pp.35–39).

These attached police records, property report, internal statements and medical records are non-hearsay documentary material within the SAC that the Court may consider on this motion. They do not, however, alone establish the municipal policy or deliberate indifference allegations that Plaintiff attributes to Defendants via the press articles cited in the SAC at p.19 ¶¶ 122–126.

## ARGUMENT

### I. Standard of Review

On a Fed. R. Civ. P. 12(b)(6) motion, the Court accepts factual allegations as true and draws reasonable inferences in the plaintiff's favor, but need not accept legal conclusions or unwarranted inferences. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Documents attached to or incorporated by reference in the complaint may be considered. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998–1002 (9th Cir. 2018). The Court may strike under Fed. R. Civ. P. 12(f) matter that is "redundant, immaterial, impertinent, or scandalous." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

### II. Article-Based Allegations Are Hearsay and Cannot Supply the Factual Predicate for *Monell* or Supervisory Liability.

#### A. The SAC explicitly relies on news articles to plead governmental custom/policy.

Plaintiff's SAC alleges that Defendants "created and tolerated an atmosphere of lawlessness" and explicitly cites a cluster of press articles to support the policy/custom allegations. See SAC ¶¶ 122–126 and p.19 (Document 40, p.19). Those citations include Guam Daily Post, KUAM News, Marianas Variety, and MX Variety URLs (SAC p.19 ¶¶ 122–126).

**B. Those press statements are out-of-court assertions offered for their truth and are therefore hearsay.**

The articles contain third-party assertions about prior incidents, internal investigations, and department culture. Plaintiff offers them to prove the truth of those matters (that such a policy/custom existed). Hearsay is not admissible to prove the truth of the matter asserted unless an exception applies. Fed. R. Evid. 801-807.

At the pleading stage, courts do not accept hearsay article content as true to establish the essential facts required by Twombly/Iqbal. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (district court may not accept hearsay as true when evaluating sufficiency of complaint); Khoja, 899 F.3d at 1002–03 (courts must exclude extraneous documents and improper material even if attached).

**C. Plaintiff did not plead that the articles are official public records or fall under an exception to the hearsay rule.**

The SAC does not allege that the cited articles are official government records or otherwise admissible public documents whose truth is appropriate for judicial notice. See Fed. R. Evid. 201 (judicial notice of adjudicative facts only; not for truth of contested facts in third-party news reports). Thus, the articles cannot be accepted as establishing the alleged systemic policy or deliberate indifference.

**D. The article-reliant allegations therefore fail to plausibly plead *Monell* or supervisory liability claims.**

*Monell* requires showing that a municipal policy, practice, or custom caused the constitutional deprivation. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403–05, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Conclusory assertions and press reports without particularized factual allegations tying policymakers to a deliberate choice are insufficient. See *Ashcroft*, 556 U.S. at 678–79.

The SAC's *Monell* allegations incorporate press citations (SAC ¶¶ 122–126; Document 40, p.19). Because those citations are hearsay and not pled as admissible, the Complaint lacks the particularized factual predicate necessary to state a claim under § 1983 against GovGuam or supervisory Defendants based solely on the articles.

**III. Alternatively, the Court Should Strike the Article Citations and Any Article-Derived Material Under Fed. R. Civ. P. 12(f).**

**A. The article quotations, hyperlinks, and incorporated article text are immaterial or impertinent.**

The press article material does not constitute admissible factual proof and therefore is immaterial/ impertinent to the legal sufficiency of Plaintiff's claims. Fed. R. Civ. P. 12(f) authorizes the Court to strike such material to streamline the pleadings and avoid inflammatory or prejudicial matter.

**B. Portions may be scandalous.**

If any cited article contains unproven allegations suggesting criminal or immoral conduct by named Defendants beyond Plaintiff's own attached records, those parts are scandalous and should be stricken to prevent prejudice.

**IV. Remedy — Dismissal with Prejudice as to Article-Based Allegations; Strike Article Material.**

The proper relief is dismissal under Rule 12(b)(6) of the claims or allegations that rest solely on the news articles (*Monell* and related supervisory claims to the extent they rely only on those articles) because Plaintiff has not pleaded admissible facts showing a municipal policy or deliberate indifference. Alternatively, the Court should strike under Fed. R. Civ. P. 12(f) the specific paragraphs, citations, and quoted article material identified at SAC p.19 ¶¶ 122–126 (Document 40, p.19) and any other portions of the SAC that reproduce or paraphrase those articles.

## REQUEST FOR RELIEF

For the reasons given, Defendants respectfully request the Court to:

1. Grant Defendants' Fed. R. Civ. P. 12(b)(6) Motion and dismiss those counts or allegations that rely exclusively on the contents of out-of-court news articles cited in the SAC (including, without limitation, any portion of Count IX and related *Monell*/ supervisory allegations that are premised solely on the articles cited at SAC p.19 ¶¶ 122–126);
2. Grant Defendants' Fed. R. Civ. P. 12(f) Motion and strike from the SAC:
    a. All citations, quotations, hyperlinks, and incorporated narrative derived exclusively from the news articles and internet links cited at SAC p.19 ¶¶ 122–126 (Document 40, p.19); and,
    b. Any immaterial, impertinent, or scandalous matter contained in or reproduced from such articles;
3. Alternatively, in the event the Court grants leave to amend, require that any fact-pleading premised on outside articles identify admissible evidence, state the

basis for admission under a hearsay exception or public-record doctrine, and plead particularized facts showing policymakers' knowledge and deliberate indifference (sufficient to meet *Monell*).

Dated this 26th day of June, 2026.


**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General**

By: /s/ Staci L. Anderson
**STACI L. ANDERSON**
Assistant Attorney General