**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Solicitor Division
134 W Soledad Avenue, Suite 302
Hagatna, GU 96910
Tel: (671) 475-2709
Fax: (671) 472-2493
www.guamattorneygeneral.org

***Attorneys for the Government of Guam***

**DISTRICT COURT OF GUAM**

| | |
|---|---|
| **JOSE ARLINE DADIVAS DEVELLES,**<br>**Petitioner,**<br>**vs.**<br>**GOVERNMENT OF GUAM, KENDALL T. DIAZ, AREN L. FABILA and DOES 1 TO 10,**<br>**Defendants.** | **CIVIL CASE NO. 1:24-CV-00019**<br><br>**MEMORANDUM IN SUPPORT OF GOVERNMENT OF GUAM'S RENEWED MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES (Fed. R. Civ. P. 12(c) or, in the alternative, 56)** |

Comes now the Government of Guam and respectfully requests the entry of an order striking from the Complaint any demand for punitive damages against the Government of Guam, with prejudice, pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, Fed. R. Civ. P. 56.

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 12(c) (judgment on the pleadings) or, in the alternative, Fed. R. Civ. P. 56, the Government of Guam respectfully renews its request (see Dkt. No. 63 at 8; Court Order, Dkt. No. 79, p. 4) that the Court strike and

dismiss with prejudice any claim for punitive damages against the Government of Guam. The Court expressly invited renewal of this request supported by relevant authority. See Dkt. No. 79, p. 4. For the reasons below, punitive damages are legally unavailable as against the Government of Guam and Plaintiff's demand should be struck.

## II. STANDARD

Fed. R. Civ. P. 12(c): After the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings; the standard is the same as Fed. R. Civ. P. 12(b)(6): judgment is appropriate where, taking the nonmoving party's factual allegations as true, the moving party is entitled to judgment as a matter of law. See Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995).

Fed. R. Civ. P. 56: Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## III. ARGUMENT

### A. Punitive damages are not recoverable against a municipal/sovereign defendant such as the Government of Guam under federal civil-rights law.

The United States Supreme Court has held that punitive damages are not recoverable against municipal entities under 42 U.S.C.A. § 1983 (West). City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271–72, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (municipalities are immune from punitive damages). See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45

(1989) (a state is not a "person" under § 1983 and states and their agencies enjoy sovereign immunity from money damages under § 1983 absent waiver).

Because the Government of Guam is a territorial government and functions as the sovereign municipal/governmental defendant here, the same principles bar punitive damages against it under the federal claims pleaded.

**B. Punitive damages are barred by sovereign immunity under Guam law for the state-law claims.**

Under Guam law, intentional tort claims and recovery of punitive damages against the Government require an express statutory waiver of sovereign immunity. Wood v. Guam Power Auth., 2000 Guam 18 (Guam June 2, 2000) (citing § 405. Immunity from Suit., 1 G.C.A. § 405). Plaintiff concedes no such waiver exists. See Dkt. No. 68 at 16 (Plaintiff's response to motion to dismiss).

Where sovereign immunity has not been waived, punitive damages against the territorial government are barred as a matter of law.

**C. Applying the law to the pleadings: no set of facts pleaded can support punitive damages against the Government of Guam.**

Even accepting Plaintiff's allegations as true for purposes of Fed. R. Civ. P. 12(c), City of Newport and Will foreclose punitive damages against municipal/sovereign defendants on federal § 1983 claims. Likewise, under Guam law (Wood; § 405. Immunity from Suit., 1 G.C.A. § 405), punitive damages are unavailable for state-law claims absent waiver.

Because the relief sought (punitive damages against the Government of Guam) is legally unavailable, the demand is immaterial and impertinent to the claims against

the Government and should be struck. See Fed. R. Civ. P. 12(f) (court may strike insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter), and courts routinely grant judgment on the pleadings or summary judgment to remove legally unavailable damage theories. See, e.g., City of Newport, 453 U.S. at 271–72; Will, 491 U.S. at 71.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, the Government of Guam respectfully requests that the Court:

1. Grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (or, alternatively, summary judgment under Fed. R. Civ. P. 56) that punitive damages are unavailable as against the Government of Guam; and

2. Strike and dismiss with prejudice any prayer or demand in the Complaint for punitive damages against the Government of Guam, and grant such other relief as the Court deems just and proper.

Dated this 26th day of June, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General

By: */s/ Staci L. Anderson* ___________
**STACI L. ANDERSON**
Assistant Attorney General