**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Solicitor Division
134 W Soledad Avenue, Suite 302
Hagatna, GU 96910
Tel: (671) 475-2709
Fax: (671) 472-2493
www.guamattorneygeneral.org

***Attorneys for the Government of Guam***

**BEFORE THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Petitioner,<br>vs.<br>GOVERNMENT OF GUAM, et. al.,<br>Defendants. | CIVIL CASE NO. 1:24-CV-00019<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AS TO DEFENDANT GOVERNMENT OF GUAM COUNT IX** |

Defendant Government of Guam moves under Fed. R. Civ. P. 12(b)(6) to dismiss Count IX to the extent it seeks prospective injunctive relief against the Government of Guam. The Second Amended Complaint does not allege facts showing a real and immediate threat that Plaintiff will again be stopped and, without provocation, subjected to police brutality by the Government of Guam or its agents—an essential showing for injunctive relief under 42 U.S.C. § 1983.

## ARGUMENT

1. Count IX seeks only prospective injunctive relief against the Government

of Guam (Second Am. Compl. ¶¶ 117–131 [Dkt. 40]). The Complaint describes a single incident on March 4, 2023 (Second Am. Compl. ¶¶ 16–35; exhibits, pp. 21-70 [Dkt. 40]), but contains no nonconclusory allegations that Plaintiff faces any continuing or imminent risk of being stopped and assaulted again by Government of Guam officers.

2. Legal standard. Prospective equitable relief in a § 1983 action requires an actual and imminent—not speculative—threat that the plaintiff personally will suffer the challenged acts again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–11 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 496–98 (1974). The District of Guam applied this rule in *Adkins v. Guam Police Dep't*, No. CIV. 09-00010, 2010 WL 3385176, at *5 (D. Guam Aug. 24, 2010), dismissing injunctive claims where the complaint failed to show a likelihood of recurrence.

3. The Complaint fails to meet Lyons/Adkins requirements.

4. The Complaint alleges a single past incident (the March 4, 2023 stop and alleged assault) and makes generalized assertions about departmental policies or customs (Second Am. Compl. ¶¶ 122–129 [Dkt. 40]). Past misconduct and broad policy allegations, without more, do not establish a likelihood of future individualized harm to Plaintiff. *Lyons*, 461 U.S. at 105–06; *Adkins*, 2010 WL 3385176, at *5.

5. Plaintiff does not plead facts showing that the Government of Guam or any policymaker has threatened, targeted, or is likely to stop and assault him again, nor that Plaintiff has experienced repeated or recent stops or harassment creating an imminent risk. Thus, the Complaint lacks the particularized factual

allegations required to support prospective relief.

6. Relief requested. Because Plaintiff has not plausibly alleged an imminent, individualized threat of future constitutional injury, Count IX's request for prospective injunctive relief against the Government of Guam should be dismissed. Dismissal should be with prejudice as to injunctive relief unless the Court grants leave to amend and Plaintiff can plead specific facts demonstrating a real and immediate threat that he personally will again be stopped and subjected to police brutality.

7. Due to the brevity of this motion Defendant, Government of Guam,

**CONCLUSION**

For the foregoing reasons, Defendant Government of Guam respectfully requests that the Court dismiss Count IX to the extent it seeks prospective injunctive relief against the Government of Guam.

Dated this 26th day of June, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General

By: /s/ Staci L. Anderson
**STACI L. ANDERSON**
Assistant Attorney General