LAW OFFICE OF DANIEL J. BERMAN
Suite 801, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No.: (671) 922-7570
Email: djberman@pacificlawyers.law

Attorneys for Plaintiff:

*JOSE ARLINE DADIVAS DEVELLES*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Plaintiff,<br>vs.<br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, PATRICK G. CORPUZ, JOHN W. BARCINAS, DONALD FLICKINGER and DOES 1 TO 10,<br>Defendants. | CIVIL CASE NO. 1:24-cv-00019 |

# PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANT GOVERNMENT OF GUAM'S (1) MOTION TO DISMISS & MOTION TO STRIKE; (2) RENEWED MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES; & (3) MOTION TO DISMISS COUNT IX AS TO DEFENDANT GOVERNMENT OF GUAM

## TABLE OF CONTENTS

INTRODUCTION ........ 1

RELEVANT FACTS ........ 3

LEGAL STANDARDS ........ 4

POINTS AND AUTHORITIES ........ 6

I. THE ARTICLES SHOULD NOT BE DISMISSED OR STRICKEN ........ 6

A. Citation of Newspaper Articles Fails to Warrant Dismissal ........ 6

B. Striking References to Newspaper Articles is Unwarranted ........ 10

II. PUNITIVE DAMAGES ........ 12

III. COUNT IX SHOULD NOT BE DISMISSED: NON-COMPLIANT MOTION FOR RECONSIDERATION SHOULD BE DENIED ........ 12

IV. AMENDMENT TO CONFORM TO PROOF ........ 16

CONCLUSION ........ 17

## TABLE OF AUTHORITIES

### Cases

*Ali v. Intel Corp.*, No. 18-CV-03981-LHK, 2018 U.S. Dist. LEXIS 186696, 2018 WL 5734673 (N.D. Cal. Oct. 31, 2018) ........ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 4, 5

*Bagos v. Vallejo*, No. 2:20-CV-00185-KJM-AC, 2020 U.S. Dist. LEXIS 189528, 2020 WL 6043949 (E.D. Cal. Oct. 13, 2020) ........ 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 4

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134 (9th Cir. 2021) ........ 16

*Burrell v. City of Vallejo*, No. 2:19-CV-01898-WBS-KJN, 2020 U.S. Dist. LEXIS 56442, 2020 WL 1532293 (E.D. Cal. Mar. 31, 2020) ........ 11

*California v. United States*, 512 F. Supp. 36 (N.D. Cal. 1981) ........ 5

*Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ........ 15

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ........ 16

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) ........ 7

*Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986) ........ 16

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) ........ 15

*Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002) ........ 4

*In re Connetics Corp. Sec. Litig.*, 542 F.Supp.2d 996 (N.D. Cal. 2008) ........ 10

*In re Lottery.com, Inc. Sec. Litig.*, 765 F. Supp. 3d 303 ........ 8

*In re McKesson HBOC, Inc. Secs. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000) ........ 8

*Jones v. Chapman*, 2015 U.S. Dist. LEXIS 96562, 2015 WL 4509871 (D. Md. July 24, 2015) ........ 9

*K.M. v. Cal. Dep't of Soc. Servs.*, 2023 U.S. Dist. LEXIS 141906, 2023 WL 8883326 (C.D. Cal. Aug. 14, 2023) ........ 15

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ........ 14

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........ 8

*Lilley v. Charren*, 936 F. Supp. 708 (N.D. Cal. 1996) ........ 5

*Lobaton v. City of San Diego*, No. 3:15-CV-1416-GPC-DHB, 2015 U.S. Dist. LEXIS 162475, 2015 WL 7864186 (S.D. Cal. Dec. 2, 2015) .... 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .... 5

*McCoy v. City of Vallejo*, No. 19-1191, 2020 U.S. Dist. LEXIS 11800, 2020 WL 374356 (E.D. Cal. Jan. 23, 2020) .... 15

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) .... 4

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) .... 9, 10, 11, 15, 16

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003) .... 5

*Perez v. Auto Tech. Co.*, No. 2:13-cv-06728-MMM-(VBKx), 2014 U.S. Dist. LEXIS 199495 (C.D. Cal. Feb. 4, 2014) .... 5

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) .... 5

*Smothermon v. Hodge*, 2026 U.S. Dist. LEXIS 101293, 2026 LX 249651, __ F.Supp.3d __, 2026 WL 1256823 (D. Nev. May 5, 2026) .... 11

*Stingley v. Cnty. of Sacramento*, 2025 U.S. Dist. LEXIS 49299, 2025 LX 110043, 2025 WL 842770 (E.D. Cal. Mar. 17, 2025) .... 11

*Tennyson v. Cty. of Sacramento*, 2021 U.S. Dist. LEXIS 99971, 2021 WL 2142733 (E.D. Cal. May 25, 2021) .... 16

*Walters v. Fid. Mortg. of Cal.*, 730 F. Supp. 2d 1185 (E.D. Cal. 2010) .... 5, 12

*Wash. Post v. Robinson*, 935 F.2d 282, 290 U.S. App. D.C. 116 (D.C. Cir. 1991) .... 8

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) .... 5

*Zorn v. Linton*, 607 U.S. 568 (2026) .... 14

**Statutes**

48 U.S.C. § 1983 .... 2, 3, 14

**Rules**

Fed. Civ. L.R. 7(p) .... 13, 14

Fed. R. Civ. P. 12(b)(1) .... 2

Fed. R. Civ. P. 12(b)(6) .... 2, 4, 6, 12, 14

Fed. R. Civ. P. 12(f) .... 5, 6

Fed. R. Civ. P. 15 .... 16

Fed. R. Civ. P. 15(a) .......... 5

Fed. R. Civ. P. 15(b) .......... 16

Fed. R. Evid. 201 .......... 8

COMES NOW the Plaintiff JOSE ARLINE DADIVAS DEVELLES ("Jose"), by and through counsel undersigned, and hereby opposes the following Motions filed by the Defendant GOVERNMENT OF GUAM ("GovGuam"): (1) Motion to Dismiss and Motion to Strike (Doc. 82) and (2) Motion to Dismiss Count IX as to Defendant Government of Guam (Doc. 86). Jose does not oppose GovGuam's Renewed Motion to Strike Plaintiff's Demand for Punitive Damages (Doc. 84) insofar as that component of Jose's relief requested is not awardable under federal or Guam law.

**INTRODUCTION**

This is an action to hold the Government of Guam ("GovGuam")[1] and at least four police officers accountable for their unlawful, malicious battery on Jose and the related violations of Jose's rights before, during, and after a vehicle stop. The violations of Jose's constitutional rights were put in motion and fostered by the creation of a policy of lawlessness and failure to supervise and train the responsible officers. After Jose was severely beaten at the scene of the stop, the assigned and involved GPD officers stole Jose's money. GPD supervisors applied no review and no discipline, GPD's internal affairs investigators failed to take any appropriate action, and when served with the government claim form, GovGuam – consistent with its policy - did not bother to write a response, offer any defense, nor initiate any known disciplinary action. As a result, Jose understandably filed this action – after full compliance with notice and demand required by the Government Claims Act - under federal law and alleging federal civil rights claims as well as Guam tort law claims arising from the same operative facts.

Jose sues Defendant GovGuam and certain named and unnamed police officers employed by GovGuam. This civil rights case is complex procedurally and substantively, in part because of the many unknown participants and the deep systemic policy of police

[1] Guam Police Department ("GPD") is a direct line agency responsible for the relevant acts and omissions set forth in the Second Amended Complaint ("SAC"). Lacking autonomous entity status, GPD is not a named defendant.

brutality that has its roots in hiring, training, supervising, retaining, acquiescing, tolerating, and failing to discipline. Jose, the GPD, and Guam's citizens who have access to media are most likely reasonably aware that similar past incidents of police brutality have been reported, investigated, and the subject of journalistic reporting. Jose incorporated by reference four such examples of publicly available reports to show these news stories exist, were published on Guam, and are available worldwide via the internet. To the extent those stories are detailed, reliable, and evidence a pattern or policy of police intolerance for an "Adam Henry," or person seen as uncooperative to GPD officers, they may be judicially noticed examples of GPD's systemic indifference to abusive police practices in line with Jose's detailed allegations. Jose was severely beaten by GPD officers after they internally labeled him an "Adam Henry" in accordance with their unwritten policy—ostensibly to physically punish someone they saw as non-conforming, obstinate or disobedient.

Jose alleges twelve (12) counts in the SAC. *See* Doc. 40 (2d Am. Compl.). The four (4) claims in the SAC alleged against Defendant GovGuam are: Count V - Vicarious Liability; Count VI - Negligent Hiring, Retention, Supervision and Training; Count IX - Government Custom or Policy/Failure to Supervise or Train (48 U.S.C. § 1983) for Prospective Injunctive Relief Only; and Count XI - Conversion of Money. *See id.* Defendant GovGuam has moved to dismiss these four counts under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Docs. 62, 63 (GovGuam's Second Motion to Dismiss and Supporting Memorandum). This GovGuam Second Motion to Dismiss "remains ripe and the Court will consider it in due course." Doc. 78 at 2. The Court recently authorized "additional and/or updated dispositive motion briefing." Doc. 78 at 1. In light of this, GovGuam has filed new or renewed motions - all of which could have been filed immediately after the SAC was served. Jose files this Opposition to GovGuam's (1) Motion to Dismiss and Motion to Strike (Doc. 82); (2) Renewed Motion to Strike

Plaintiff's Demand for Punitive Damages (Doc. 84); and (3) Motion to Dismiss Count IX as to Defendant Government of Guam (Doc. 86).

As shown below, Jose concedes that his punitive damage sub-component of his request for relief on his claims may be dismissed as against GovGuam only, but shows the Court that the remaining relief GovGuam seeks, dismissal and striking, is unwarranted.

**RELEVANT FACTS**

The SAC contains twelve (12) counts, all of which form part of the same case or controversy. The factual background common to all claims is extensive. *See* Doc. 40 (2d. Am. Compl.) ¶¶ 12–36. The role of GovGuam as plead in the SAC is central and vast. To begin, Jose alleges that GovGuam "expected its police officers to perform law enforcement activities in conformance with all applicable laws and GPD policies and procedures." *Id.* ¶14. Although the SAC certainly includes tort claims under Guam law, the essence of the case involves asserted violations of 48 U.S.C. § 1983 against multiple defendants. *See id.* (Counts VII, VIII, IX, X, and XII). Jose alleges that several of those defendants acted in a supervisory capacity and that several unnamed officers and agents are responsible for hiring, supervising, and policymaking. *Id.* ¶¶8-9.

Indeed, Count IX—the § 1983 claim against GovGuam—explains how the policies, procedures, customs, practices, and atmosphere, including failed governmental oversight, led to the alleged violation of Jose's constitutional rights at issue. *See id.* ¶¶117–131. Plaintiff alleges a pervasive governmental and departmental role of creating and tolerating "an atmosphere of lawlessness and carelessness." *Id.* ¶123. Jose alleges that many other incidents of police brutality have been investigated and reported. *See* Doc. 40 ¶124. Importantly, Jose alleges that DOES 6 to 10 are "policymaking officers and agents of the GPD." *Id.* ¶9. Jose alleged that fault and causation were clearly traceable to authorized decisionmakers or policymakers. *See* Doc 40 ¶¶121-122 (alleging DOES 6 to

10 "developed and maintained policies…which were moving forces behind, and proximately caused, the violations of Jose's constitutional rights").

Jose cites press articles published in the local Guam newspaper to the world discussing prior incidents of alleged policy abuse, internal police investigations, and police department culture. *See* Doc. 40 ¶¶122–126. Jose requests prospective injunctive relief for GovGuam's "ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision." *Id.* ¶¶130-131. All of these counts—whether under federal or Guam law—derive from the same incident and core facts to form the same controversy.

## LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not include detailed factual allegations but must provide more than just a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).

The court is not required, however, to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Perez v. Auto Tech. Co.*, No. 2:13-cv-06728-MMM-(VBKx), 2014 U.S. Dist. LEXIS 199495, at *2 (C.D. Cal. Feb. 4, 2014) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Walters v. Fid. Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010) (citing *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996)). "If a motion to strike is granted, '[i]n the absence of prejudice to the opposing party, leave to amend should be freely given.'" *Perez*, 2014 U.S. Dist. LEXIS 199495, 2014 WL 12591254, at *2 (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

Here, Jose's SAC is replete with specific factual details of his stop, arrest, physical vulnerability, and horrific beating into a pulp. Jose alleges a pattern and practice of brutal incidents, including the one he has suffered. *See* Doc. 40 ¶¶65-69, 76-84. Jose's allegations,

and in fact the heart of his case claims, need not and do not rely solely upon the news articles incorporated by reference. Jose was in the traffic stop, received the beating and will explain his innocence when beaten to the jury. But, that does not render their inclusion as immaterial. Jose alleges policymakers were involved and responsible. *Id.* ¶9. In addition, Jose alleges the law enforcement related policies, procedures, customs, and practices amount to deliberate indifference to the constitutional rights of Jose and of the public, of which Jose is a member. *See* Doc. 40 ¶123. The awareness of Jose, these defendants and the general public of claims of police abuse and a policy of tolerance of this abuse is part of what Jose alleges. At the pleading stage, what is important is that those published articles exist and that citizens of Guam, especially these defendants, are more than reasonably likely to know of their existence, regardless of whether they know each and every allegation in each article is in fact true. Jose sufficiently alleges a pattern and practice of deliberate indifference to the constitutional rights of citizens and arrestees, and a policy of tolerance. He alleges that such policies require redress and correction. *Id.* ¶130.

## POINTS AND AUTHORITIES

### I. THE ARTICLES SHOULD NOT BE DISMISSED OR STRICKEN

GovGuam argues that pursuant to Fed. R. Civ. P. 12(b)(6) the Court should dismiss all allegations and claims that "depend **solely** on the cited articles, and strike, pursuant to Fed. R. Civ P. 12(f), the article citations/quotations/hyperlinks and any scandalous or immaterial material drawn exclusively from them." Doc. 83 at 3. Jose submits that none of his allegations rely "solely" on news articles. Moreover, striking them is unwarranted.

#### A. Citation of Newspaper Articles Fails to Warrant Dismissal

GovGuam argues that Jose's citation of various news articles in the SAC amounts to "legal conclusions or unwarranted inferences," Doc. 83 at 5, and that 12(b)(6) dismissal is proper because they amount to hearsay to the extent Jose "offers them to prove the

truth of those matters (that such a policy/custom existed)," Doc. 83 at 6. GovGuam argues "the articles cannot be accepted as establishing the alleged systemic policy or deliberate indifference" alleged or required to be alleged in Count IX. Doc. 83 at 7. Without reference to the published articles, Jose otherwise sufficiently alleges that a municipal policy, practice, or custom caused the constitutional deprivation. For example, Jose alleges a pervasive governmental and departmental role of creating and tolerating "an atmosphere of lawlessness and carelessness." Doc. 40 ¶123. Jose alleges GPD officers insulted him with their own highly derogatory/defamatory name of "Adam Henry." Doc. 40 ¶21 (code for Ass Hole). Jose cites articles to show that other articles have been published about incidents of police brutality being investigated and reported, not to allege the contents of the articles themselves are true. *See* Doc. 40 ¶124. Specifically, Jose alleges "The atmosphere of lawlessness involves excessive force, including when a citizen is perceived as resisting police authority, resulting in allegations of police brutality and internal investigations." *Id.* A reasonable inference in Jose's favor drawn from the well-pleaded SAC is that a person named an "Adam Henry" is a person perceived as resisting police authority. Importantly, Jose alleges that DOES 6 to 10 are "policymaking officers and agents of the GPD." *Id.* ¶9. Jose alleged that fault and causation were clearly traceable to authorized decisionmakers or policymakers. *See* Doc 40 ¶¶121-122 (alleging DOES 6 to 10 "developed and maintained policies…which were moving forces behind, and proximately caused, the violations of Jose's constitutional rights").

GovGuam's hearsay argument is flawed. At the pleading stage, the Court looks to whether Plaintiff has plausibly stated a claim: an exercise that draws on judicial experience and common sense. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). Here, the non-conclusory factual content and reasonable inferences from that content in Jose's SAC fully suggest a claim entitling Jose to relief.

Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take notice of "undisputed matters of public record," but not of "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). A court may take judicial notice of the existence of news articles for the purpose of determining what statements they contain. *See Wash. Post v. Robinson*, 935 F.2d 282, 291, 290 U.S. App. D.C. 116 (D.C. Cir. 1991).

Importantly, the Court can readily take judicial notice of the fact that the articles themselves exist, but decline to notice the truth of the contents inside the articles. *See, e.g., Ali v. Intel Corp.*, No. 18-CV-03981-LHK, 2018 U.S. Dist. LEXIS 186696, 2018 WL 5734673 at *3 (N.D. Cal. Oct. 31, 2018) (declining to take judicial notice of newspaper articles for the truth of the contents of the articles). In contrast, some courts are willing to take judicial notice of factual allegations in news articles where their reliability is indicated. The factual allegations in an article "should be credited only to the extent that other factual allegations would be—if they are sufficiently particular and detailed to indicate their reliability." *In re McKesson HBOC, Inc. Secs. Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000). Courts will accept claims based on newspaper articles if the article contains "numerous factual particulars[,]" is "based on [ ] independent investigative effort[s]," or is corroborated by other sources. *See id.*; at 1273 (accepting allegations in a Wall Street Journal article because the article was sufficiently detailed and based on the newspaper's independent investigation); *In re Lottery.com*, 765 F. Supp. 3d at 329 (accepting allegations in a Bloomberg article because the article was based on many sources and included detailed allegations).

Therefore, the Court can take judicial notice that the articles exist and consider them for the purpose Jose included them—to show that newspapers published multiple,

varying articles about citizen complaints of police abuse and about GPD internal investigations. Jose offers the articles at the pleading stage to show the statements were made, not for the truth of those statements. He has separately and sufficiently alleged an atmosphere of lawlessness involving excessive police force. Should a trial commence against GovGuam as to the counts against it, including Count IX, Jose intends to consider utilizing the newspaper articles for cross examination and impeachment of witnesses.

To the extent this Court determines that the newspaper articles Jose cites in the SAC contain numerous factual particulars, are based on independent investigative efforts, or are corroborated by other sources, such as public record government reports of police department investigations, then this Court may judicially notice and accept any reliable and particular claims based on the cited newspaper articles. GovGuam offers nothing in its motion to show how or why the Guam Daily Post, KUAM News, Marianas Variety, and MX Variety and the specific articles from those sources cited by Jose in the SAC lack indicia of reliability or were slanderous. *See* Doc. 83 at 6. GovGuam merely states that the "articles contain third-party assertions about prior incidents, internal investigations, and department culture." *Id.* To the extent the articles were reliable because they were based on many sources and included detailed allegations, the Court can take notice of not only their existence but the facts they contain that are sufficiently particular and detailed to show their reliability.

Nonetheless, Jose does not rely solely on newspaper articles to constitute or support his claims against GovGuam for *Monell* or supervisory liability. *See Jones v. Chapman*, 2015 U.S. Dist. LEXIS 96562, 2015 WL 4509871, at *15 (D. Md. July 24, 2015) (denying a motion to dismiss claims of an unofficial custom of excessive force, in part, where the plaintiff identified "three purported instances of the use of excessive force [by police officers] prior to the occurrence"). Dismissal as GovGuam seeks is improper.

**B. Striking References to Newspaper Articles is Unwarranted**

GovGuam alternatively asks the Court to strike the "press article material" because it is not admissible factual proof. Doc. 83 at 7. GovGuam argues the cited articles are immaterial and impertinent to the legal sufficiency of Plaintiff's claims, inflammatory or prejudicial, and may be scandalous. *Id.* To the contrary, these published sources are exactly what the pleading claims (pattern/practice) and contribute in satisfaction of Jose's burden of proof (failure of supervision/training) and will come out in trial as necessary. Defendants are incorrect. As shown above, the existence or publication of the articles is not hearsay and may readily be judicially noticed. Moreover, the facts the articles contain that are sufficiently particular and detailed to show their reliability may be judicially noticed and accepted as part of Jose's claims.

To be clear, "When drafting a complaint, an attorney may rely in part on other sources, such as a newspaper article, as part of his or her investigation into the facts." *In re Connetics Corp. Sec. Litig.*, 542 F.Supp.2d 996, 1005 (N.D. Cal. 2008).

As one district court recently explained in denying a similar motion to strike:

> Defendants also take issue with paragraphs 176 and 180-185 because Defendants contend those paragraphs reference numerous events, lawsuits, settlements, news articles, and jury verdicts involving matters that have nothing to do with this case and some of the information alleged is subject to a protective order. (*Id.* at 28-29.)
>
> In opposition, Plaintiffs argue Defendants fail to meet their burden to show the material should be stricken. (ECF No. 55 at 25.) Plaintiffs contend the allegations describe Defendants' obvious deficiencies in prone restraint policies and the references to officer-involved deaths and George Floyd shows Defendants should have been on notice about the deficiencies in their policies and training regarding prone restraints. (*Id.*)
>
> . . .
>
> As already discussed above, the Court finds at least some of the incidents listed in paragraphs 176 and 180-185 could support a *Monell* claim as some the of the incidents involve use of prone restraints, including by the deputies named in this action. Further, Defendants fail to persuade the Court that Plaintiffs' allegations about past lawsuits cannot support a *Monell* claim. *See Bagos v. Vallejo*, No. 2:20-CV-00185-KJM-AC, 2020 U.S. Dist. LEXIS 189528, 2020 WL 6043949, at *5 (E.D. Cal. Oct. 13, 2020) ("Prior

> incidents involving lawsuits alone, even those which do not result in a finding or admission of wrongdoing, can be sufficient for *Monell* liability purposes in the face of a motion to dismiss."). While the Court acknowledges some of the allegations may be less relevant than others, Defendants do not cite a clear standard or meaningfully differentiate among the allegations in the instant case. The Court declines to do this analysis for Defendants. *See Burrell v. City of Vallejo*, No. 2:19-CV-01898-WBS-KJN, 2020 U.S. Dist. LEXIS 56442, 2020 WL 1532293, at *2 (E.D. Cal. Mar. 31, 2020) ("Although defendants argue that the examples they seek to strike . . . are irrelevant because they involve 'very different conduct' than the facts in this case, the motion does not suggest that defendants would be prejudiced if the motion were denied."); *see also Est. of Manzo v. Cnty. of San Diego*, No. 06CV0060 R, 2006 U.S. Dist. LEXIS 82942, 2006 WL 8455277, at *3 (S.D. Cal. Nov. 14, 2006) (denying a motion to strike because it cannot be "said at this stage of the litigation [*21] that" allegations of two prior shootings by the sheriff's deputies "have no possible relationship to plaintiffs' *Monell* claim").
>
> . . . Lastly, Defendants fail to persuade the Court that allegations about officer-involved deaths and the death of George Floyd are immaterial, impertinent, or scandalous, as Plaintiffs present colorable argument as to how those allegations show Defendants were on notice that their prone restraint policies were inadequate. *See Lobaton v. City of San Diego*, No. 3:15-CV-1416-GPC-DHB, 2015 U.S. Dist. LEXIS 162475, 2015 WL 7864186, at *3 (S.D. Cal. Dec. 2, 2015) ("[T]he Court finds that Defendants have failed to establish that these portions of the amended complaint 'have no possible relation or logical connection' to the subject matter of this case."). Moreover, "[a]ny doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Id.*
>
> Accordingly, the Court DENIES Defendants' motion to strike.

*Stingley v. Cnty. of Sacramento*, 2025 U.S. Dist. LEXIS 49299, *18-21, 2025 LX 110043, 2025 WL 842770 (E.D. Cal. Mar. 17, 2025).

Moreover, GovGuam has not shown that it is prejudiced by the references in the SAC to publicly available news articles. *See* Doc. 40 ¶124 (SAC listing four articles by title, publication, date, and website); Doc. 83 at 7 (GovGuam memorandum stating only that the material "should be stricken to prevent prejudice."); *see e.g., Smothermon v. Hodge*, 2026 U.S. Dist. LEXIS 101293, *9, 2026 LX 249651, __ F.Supp.3d __, 2026 WL 1256823 (D. Nev. May 5, 2026) (declining to strike web page and articles attached as exhibits to affirmative defenses in defamation claim, stating "Even if this Court were to find that the exhibits are

redundant, immaterial, impertinent, and scandalous, Plaintiff has not shown that he is prejudiced by them.").

Last and most significantly, because Jose's allegations rely somewhat (but not solely) on the articles, GovGuam cannot show the articles "could have no possible bearing on the litigation" as needed to successfully argue they should be stricken. *See Walters*, 730 F. Supp. 2d at 1196 (quoted). Indeed, this Court has already favorably considered Jose's reference to these articles. *See* Doc. 79 at 3 (The SAC "incorporates by reference particularized accounts of similar instances reasonably supporting the notion of an implied policy, practice, or custom, which are consistent with Plaintiff's generalized allegations.") (footnote omitted). The existence of these articles has already had some bearing on the litigation to date. To the extent Jose may utilize the articles at trial, they may have additional bearing. Striking the articles is unwarranted. The Court should deny GovGuam's Motion to Dismiss and Motion to Strike, Doc. 82.

## II. PUNITIVE DAMAGES

While Jose submits that GovGuam is not entitled to all relief it seeks in its renewed motion to dismiss the claims for punitive damages, Doc. 84, as listed in the request for relief, Doc. 85 at 4, Jose concedes that the sub-component of his relief requested styled as punitive damages are unavailable to him for that part of his claims against GovGuam.

## III. COUNT IX SHOULD NOT BE DISMISSED: NON-COMPLIANT MOTION FOR RECONSIDERATION SHOULD BE DENIED

GovGuam argues that Count IX should be dismissed under Rule 12(b)(6). Doc. 86. This appears to be a repeat or supplementation of part of GovGuam's unsuccessful motion to dismiss (Doc. 62) , which the Court granted in part and denied in part (Doc. 79). Because GovGuam essentially repeats and reargues the part of its earlier motion which this Court specifically denied, this newest motion (Doc. 86) is in fact a camouflaged motion for reconsideration. Because the motion fails in several (or in every) ways to

follow the Civil Local Rule of Practice before the District Court of Guam governing motions for reconsideration, it should be denied outright on this basis alone.

CVLR 7(p) governing motions for reconsideration provides:

> (1) Standard. Motions for reconsideration are generally disfavored. A motion for reconsideration of the decision on any motion may be made only on the grounds of:
>
> > (A) a material difference in fact or law from that represented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> >
> > (B) the emergence of new material facts or a change of law occurring after the time of such decision, or
> >
> > (C) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion except to the extent necessary to demonstrate manifest error. Failure to comply with this subsection may be grounds for denial of the motion. The pendency of a motion for reconsideration shall not stay discovery or any other procedure.
>
> (2) Procedure and Timing. A motion for reconsideration shall be plainly labeled as such. A motion or application for reconsideration under this subsection shall be filed no later than fourteen (14) days after the filing of the ruling or order sought to be reconsidered.

CVLR 7(p).

GovGuam fails to identify this motion as one for reconsideration in violation of CVLR 7(p). *See* Doc. 86. This repeat motion covers the same part of the earlier motion that this Court denied. *Compare* Doc. 87 at 3 (requesting that the Court dismiss Count IX to the extent it seeks prospective injunctive relief against the Government of Guam), *with* Doc. 63 at 5 (requesting that the Court dismiss Count IX to the extent it seeks prospective injunctive relief against the Government of Guam) *and* Doc. 79 at 3 & n.2 (this Court specifically holding that Count IX survives the Government's motion to dismiss and denying GovGuam's request that Plaintiff's request for injunctive relief be dismissed).

GovGuam repeats written argument made in support of the original motion, but does not transparently do so to show manifest error. *Compare* Doc. 63 at 4-5 (discussing how the SAC "alleges a single past incident") with Doc. 87 at 2, ¶4 (repeating the same exact argument paragraph about a single past incident and citing the same authorities). While this Court's recent order allowed for additional and/or updated dispositive motion briefing in light of *Zorn v. Linton*, 607 U.S. 568 (2026) and supplementation of currently pending motions, Doc. 78, nothing in that order refers to allowing undisclosed and nonconforming motions for reconsideration, *see id.*, and nothing in GovGuam's motion refers to a material difference in law or the *Zorn* decision, *see* Doc. 87. Failure to comply with CVLR 7(p) should be grounds for denial of the latest motion, Doc. 86.

With respect to GovGuam's earlier request to dismiss Count IX under Rule 12(b)(6), this Court stated:

> In Count IX, the excessive force § 1983 claim, Plaintiff describes the "atmosphere of lawlessness and carelessness" along with the "long-standing, department-wide discretionary customs, law enforcement policies, procedures, customs [and] practices" leading to the Guam Police Department's failure to train and supervise its officers, resulting in the deliberate indifference alleged in this case." (Dkt. No. 40 at 19.) These allegations, alone, would be insufficiently conclusory to withstand the Government's motion. But the complaint goes on. It incorporates by reference [*See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)] particularized accounts of similar instances reasonably supporting the notion of an implied policy, practice, or custom, which are consistent with Plaintiff's generalized allegations. (*See id* at 19–20.) Collectively, these allegations, coupled with Plaintiff's personal experience, (*see id.* at 3–8, 29–69), are sufficient to plead an excessive force § 1983 claim against Guam. Thus, Count IX survives the Government's motion to dismiss.

Doc. 79 at 3. The Court also expressly noted: "In moving to dismiss Count IX, the Government also asks that Plaintiff's request for injunctive relief be dismissed due to a lack of pleaded imminent threat. (*See* Dkt. No. 63 at 4.) But, given the alleged pervasive and lawless application of excessive force, (*see* Dkt. No. 40 at 19–20), the Court cannot say that such threat as pleaded, is not imminent as to Plaintiff." Doc. 79 at 3 n.2.

GovGuam in this Motion (Doc. 86) asks the Court to reconsider its decision because in a separate motion (Doc. 82) it seeks to dismiss or strike the news articles this Court considered incorporated by reference as particularized accounts of similar instances. As dictated by the Supreme Court, deliberate indifference on a *Monell* failure to train claim can be shown by a "pattern of similar constitutional violations by untrained employees" noting that similar prior incidents provide notice to the public entity that "specific training was necessary to avoid this constitutional violation." *Connick v. Thompson*, 563 U.S. 51, 62-62, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011).

Plaintiff alleges similar prior incidents and at the motion to dismiss stage is entitled to all reasonable inferences derived from those allegations. *See, e.g.*, *McCoy v. City of Vallejo*, No. 19-1191, 2020 U.S. Dist. LEXIS 11800, 2020 WL 374356, at *2-4 (E.D. Cal. Jan. 23, 2020) (denying motion to dismiss claims of excessive force under *Monell* because complaint identified several similar instances of excessive force by the defendant's officers). Jose has alleged a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. *See Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

A plaintiff "is not required to support the existence of those customs or practices with painstakingly detailed factual allegations. Plaintiff's *Monell* claim can be adequately pleaded if Plaintiff states succinctly the basis for inferring that the alleged customs or practices exist outside of (or at least in addition to) those involved in her particular case." *K.M. v. Cal. Dep't of Soc. Servs.*, 2023 U.S. Dist. LEXIS 141906, *5, 2023 WL 8883326 (C.D. Cal. Aug. 14, 2023).

Jose has done more than allege an isolated incident that led to an improper policy or custom. And Jose has not solely made allegations against non-policymaking employees. In the SAC, Jose plausibly alleges that other incidents of police brutality have been investigated and reported. *See* Doc. 40 ¶124. Importantly, Jose alleges that DOES 6

to 10 are "policymaking officers and agents of the GPD." *Id.* ¶9. Jose alleged that fault and causation were clearly traceable to authorized decisionmakers or policymakers. *See* Doc 40 ¶¶121-122 (alleging DOES 6 to 10 "developed and maintained policies…which were moving forces behind, and proximately caused, the violations of Jose's constitutional rights"); *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1153-54 (9th Cir. 2021) (even "[s]ingle acts may trigger municipal liability where 'fault and causation' were clearly traceable to a municipality's legislative body or some other authorized decisionmaker[.]"). Accordingly, the Court's prior Order should not be reconsidered on this defective motion, nor should Count IX against GovGuam be dismissed. The Court should deny GovGuam's Motion to Dismiss Count IX, Doc. 86.

## IV. AMENDMENT TO CONFORM TO PROOF

An amendment of pleadings to conform to proof at trial is proper under Rule 15(b) unless it results in prejudice to one of the parties. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1512-13 (9th Cir. 1986). Rule 15 reflects the liberal policy of favoring amendments of pleadings at any time. *Id.* at 1512. The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Jose maintains that the SAC is more than sufficient notice of his claims and particularized allegations support his claims of police brutality and civil rights violations. Nonetheless, should the Court decide "pleading deficiencies" exist with respect to Jose's *Monell* or supervisor liability allegations such as by incorporation of past incidents through news reports, Jose should be granted leave to amend now or to conform to proof at trial. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1512-13 (9th Cir. 1986) (amendment of pleadings to conform to proof rests in the sound discretion of the trial court); *Tennyson v. Cty. of Sacramento*, 2021 U.S. Dist. LEXIS 99971, *13, 2021 WL 2142733 (E.D. Cal. May 25, 2021) (where generalized allegations of excessive force or deficient policy under *Monell*

might be corrected by adding more detailed factual allegations to the complaint, dismissal is with leave to amend).

**CONCLUSION**

For the foregoing reasons, the Court should deny GovGuam's Motion to Dismiss and Motion to Strike (Doc. 82) and the Motion to Dismiss Count IX as to Defendant Government of Guam (Doc. 86) should be denied as a non-compliant motion to dismiss and otherwise lacking in good ground or basis.

DATED this 17 day of July, 2026.

**LAW OFFICE OF DANIEL J. BERMAN**
Attorneys for Plaintiff

By: Daniel Berman
**DANIEL J. BERMAN**