LAW OFFICE OF DANIEL J. BERMAN
Suite 801, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No.: (671) 922-7570
Email: djberman@pacificlawyers.law

Attorney for Plaintiff:
*JOSE ARLINE DADIVAS DEVELLES*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, KENDALL J.N. DIAZ, AREN L. FABILA, JOHN W. BARCINAS, PATRICK G. CORPUZ, DONALD FLICKINGER and DOES 1 TO 10,<br><br>Defendants. | CIVIL CASE NO. 1:24-cv-00019<br><br>**PLAINTIFF'S CVLR 56(b) CONCISE STATEMENT OF MATERIAL FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE DISMISSAL OF ALL COUNTS AGAINST DEFENDANTS KENDALL J.N. DIAZ, AREN L. FABILA, AND JOHN W. BARCINAS** |

Pursuant to CVLR 56(b), JOSE ARLINE DADIVAS DEVELLES ("Jose"), hereby submits the following concise statement of material facts as to which Jose contends there exists a genuine issue necessary to be litigated:

1. Defendants Kendall J.N. Diaz, Aren L. Fabila, and John W. Barcinas ("Moving Defendants") filed a Motion for Summary Judgment or in the Alternative Dismissal, Doc. 88.

2. While Moving Defendants included a "Relevant Factual Background" section, Doc. 88 at 6-8, they failed to include a separate concise statement of material facts as specifically required by CVLR 56(a).

3. Accordingly, there is no concise statement for Jose to consider accepting pursuant to CVLR 56(b)(1).

4. As concisely detailed below, Jose disputes the "Relevant Factual Background," Doc. 88 at 6-8, Moving Defendants include in their summary judgment motion.

5. When Jose was pulled over by the Guam Police Department ("GPD") for a vehicle stop on March 4, 2023, he was a retiree, elderly and senior citizen of 63 years of age. Jose had and still has a slim build with height of 5 feet, 4 inches, and then weight of only 130 pounds. He is a cancer survivor and lacked and still lacks the physical strength to resist physical harm.

6. Soon after Jose was pulled over for a traffic stop, several GPD officers, including Moving Defendants surrounded his vehicle.

7. When Jose opened his driver's side door, he was suddenly, surprisingly, and violently pulled from his vehicle and forced to the ground without his consent.

8. Officer Fabila and other GPD officers punched the back of Jose's head and punched and smashed his left eye.

9. The GPD officers also severely injured Jose's back and ribs.

10. The officers stomped, kicked, and/or punched Jose's back and ribs when Jose was face-down on the ground and partially or completely subdued

11. While Jose was fully under the control and at the mercy of Moving Defendants, one or more of them executed blows and strikes to Jose's head, face, back, and ribs caused swelling and extreme pain, especially to Jose's ribs and eye. The GPD officers also ripped Jose's earrings out, causing lacerations.

12. Jose did not actively or substantially resist arrest or attempt to flee custody before or after being pulled over by GPD on March 4, 2023.

13. After assaulting and battering Jose, the GPD Officers initially refused to provide him with medical aid but they finally called for an ambulance.

14. Sometime after Jose was held or seized by GPD and finally given medical care, GPD officers stole $2,000 in cash from Jose's wallet.

15. Jose experienced severe, sharp, and constant pain in his right ribs, the left side of his face, his left eye, and elsewhere as a result of the GPD beating.

16. Jose was never ticketed, criminally charged, or indicted for any traffic or criminal offense.

17. Jose directly denies and disputes the Moving Defendants statement that "Plaintiff made no allegation of any wrongdoing or misconduct on the part of the Moving Defendants after the arrest," *see* Doc. 88 at 7. Jose filed a report with internal affairs for assault. *See* Doc. 40 at 29-30. This is a misrepresentation to the Court.

18. Jose filed a Claim against the Government, *see* Doc. 40 at 27, and this litigation for many reasons that include the unreasonable use of excessive force against Jose by GPD.

19. Jose did not refuse to cooperate so as to justify being forcibly removed from my vehicle.

20. Jose did not refuse to cooperate or resist arrest so as to justify being struck and battered, let alone repeatedly hit in the head area after at least partially subdued.

21. Jose was punched. Jose was not solely struck with an open hand to gain compliance as Moving Defendants assert without sworn testimony, *see* Doc. 88 at 6.

22. Jose did not resist arrest as Moving Defendants assert without sworn testimony, *see* Doc. 88 at 6.

23. Jose did not threaten Diaz or Moving Defendants. Jose did not make furtive movements. Jose had no weapon, posed no threat, made no threatening movements or gestures, and did not reach for any weapon allegedly perceived to be in the passenger cabin of his vehicle or his waistband.

24. The GPD officers did not use reasonable force under the circumstances where Jose did not try to escape or actively resist arrest.

25. Officer Barcinas was unjustified in striking Jose.

26. Officer Diaz has no justifiable reason to fear for his safety or the safety of others.

27. Jose was never charged for driving under the influence, and when he was pulled over, his alleged violation was for speeding.

28. Jose is and was much older and physically much smaller than each of the Moving Defendants.

29. Jose's injuries were not the result of his own behavior.

30. Moving Defendants pulled Jose from his vehicle without consent.

31. Moving Defendants threw Jose to the ground and proceeded to beat him until he was severely injured.

DATED this 17 day of July, 2026.

**LAW OFFICE OF DANIEL J. BERMAN**
Attorneys for Plaintiff

By: [signature]
**DANIEL J. BERMAN**



Case 1:24-cv-00019 Document 95 Filed 07/17/26 Page 4 of 4