THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Plaintiff,<br>v.<br>GOVERNMENT OF GUAM, *et al.*,<br>Defendants. | CIVIL CASE NO. 24-00019<br>ORDER |

This matter comes before the Court on Guam Police Department Officers Patrick Corpuz and Donald Flickinger's motion seeking dismissal of all claims against them (Dkt. No. 64), along with Plaintiff's motion to strike (Dkt. No. 70). Having thoroughly considered the record and briefing, and considering oral argument unnecessary,[1] the Court GRANTS Officers Corpuz and Flickinger's motion (Dkt. No. 64) and it DENIES as moot Plaintiff's motion (Dkt. No. 70) for the reasons described herein.

The Court previously described the allegations associated with this excessive force case in generalized terms, when it considered the Government of Guam's first motion to dismiss. (*See* Dkt. No. 79.) At issue now is the sufficiency of allegations and facts in support of claims against Officers Corpuz and Flickinger, who were allegedly supervising the Guam Police Department

[1] Each party has had a full opportunity to brief the issues presented. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

Officers involved in the incident.[2] (*See generally* Dkt. No. 64.) In his complaint, Plaintiff alleges that, during a traffic stop, officers Kendall Diaz, Aren Fabila, and John Barcinas (along with unidentified officers) forcibly removed Plaintiff from his vehicle, struck him, took him to the ground and continued to beat him (resulting in face, back and rib injuries along with a damaged cellular phone). (*See* Dkt. No. 40 at 2–6.) They then delayed medical attention and stole $2,000 from Plaintiff's person.[3] (*Id.*) According to Plaintiff, the moving defendants supervised these officers (and were therefore complicit). (*Id.* at 5–6.) Plaintiff named each as defendants, along with several unidentified officers. (*See* Dkt. No. 40 at 3.) He seeks monetary damages and injunctive relief against each. (*See id.* at 24.)

As to Officers Corpuz and Flickinger, whose alleged actions are at issue in their motion, Plaintiff asserted the following claims: negligence (Count IV), deprivation of civil rights pursuant to 42 U.S.C. § 1983 (Count VII), integral-participant liability pursuant to 42 U.S.C. § 1983 (Count IX), supervisor liability pursuant to 42 U.S.C. § 1983 (Count X), and conversion (Count XI). (*Id.* at 9–10, 14–16, 18–22.) In addition, Plaintiff sought attorney fees pursuant to 42 U.S.C. § 1988 (Count XII). (*Id.* at 23–24.) Officers Corpuz and Flickinger now ask for dismissal, citing Rule 12(b)(6) or, in the alternative, Rule 56(e).[4] (Dkt. No. 64 at 2.) However, because they

---

[2] Officer Corpuz attests that he has since retired. (*See* Dkt. No. 66.) Nevertheless, for purposes of the instant motion, the Court will continue to refer to Mr. Corpuz by his title at the time of the incident (*e.g.*, "Officer Corpuz").

[3] Plaintiff alleges, more specifically, that Officer Diaz pulled Plaintiff over. (*Id.* at 3.) Officers Fabila and Barcinas and unnamed officers then arrived on scene. (*Id.* at 4.) Shortly after removing Plaintiff from the vehicle and before taking him to the ground, Officer Fabila "punched the back of [Plaintiff's] head and struck [Plaintiff's] left eye or caused [Plaintiff's] left eye to strike the ground." (*Id.* at 5.) According to the complaint, all of these officers "pulled [Plaintiff] from his vehicle . . . threw [Plaintiff] . . . to the ground and proceeded to beat him until [Plaintiff] was severely injured." (*Id.* at 7.) Further, Officers Fabila and Barcinas, when not hands-on themselves, "had a duty to restrain" the other officers but failed to do so. (*Id.* at 17.) Officer Corpuz compiled a post-incident report labeling the episode an "assault" and a reported theft, with Plaintiff as the victim. (*Id.* at 6.)

[4] Specifically, their motion is captioned as seeking summary judgment (pursuant to Rule 56(e)) but it also argues for dismissal pursuant to Rules 8(a) and 12(b)(6). (*See* Dkt. No. 64 at 1–2.)

already answered, (*see* Dkt. No. 49), and because the responsive pleading deadline has passed, the Court views their motion as one seeking Rule 12(c) relief, *i.e.*, a judgement on the pleadings, in the alternative to summary judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (recasting an improper Rule 12(b)(6) motion as a Rule 12(c) motion).

Rule 12(c) "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). It directs a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Thus, to avoid dismissal, a plaintiff must point to factual allegations that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court accepts all material allegations in the complaint as true" and resolves all doubts "in the light most favorable to the plaintiff." *McGlinchy*, 845 F.2d at 810 (citing *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986)). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Whereas, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e))

In seeking dismissal of all claims, Officers Flickinger and Corpuz first point out that, to ascribe supervisory liability for Plaintiff's alleged harms, specific conduct suggesting their direct involvement or, at a minimum, their clear acquiescence, must be established. (*See* Dkt. No. 64 at

3–6.)[5] Yet, they say, the complaint contains nothing more than conclusory allegations, lacking the specificity needed. (*Id.*) Nor does Plaintiff now offer evidence to support his generalized allegations. (*Id.*) At bottom, say the moving defendants, they were not present at the scene and Plaintiff fails to provide evidence, much less even plausibly pleaded facts, supporting supervisor liability. (*See generally* Dkt. Nos. 64, 74.) For this reason, they ask for dismissal as a matter of law, whether it be pursuant to Rules 12 or 56. (*Id.*)

The Court first notes that Plaintiff's response on the counts implicating federal law (Counts VII, IX, X, and XII) cannot withstand Officers Flickinger and Corpuz's motion. This is because Plaintiff offers no proof of the moving defendants' alleged conduct. Instead, he points to his own generalized allegations that the moving defendants played an attenuated role in the harms that befell him. (*See generally* Dkt. No. 69.) This will not suffice.

More specifically, as to Count VII, Plaintiff agrees that the moving defendants were not at the scene.[6] (Dkt. No. 69 at 10.) Based on this, he now "concedes that dismissal . . . is appropriate" to the extent § 1983 requires their physical presence" or at least their direct involvement. (*Id.* at 10.) Indeed, because this count is predicated on a civil rights violation, personal involvement ***is*** required. *See, e.g., Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1039 (9th Cir. 2020), *rev'd on other grounds*, 595 U.S. 344 (2022) (affirming dismissal of claims based on a theory of *respondeat superior* and noting that liability must be established "through the official's own individual actions"). As to Counts IX and X, Plaintiff's briefing is long on citation for the proposition that a 42 U.S.C. § 1983 action against a superior is colorable if that person's conduct contributed in some manner to the subordinate's actions (including by failing to prevent). (*See* Dkt. No. 69 at 10–14) (citing, *e.g.*, *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Taylor v. List*, 880 F.2d

---

[5] Further, the injunctive relief sought in Count IX requires a showing of continued or repeated harms. (*Id.*)

[6] Plaintiff indicates that "discovery to date has not shown them to be present and "personally involved" at the scene of the traffic stop and beating." (Dkt. No. 69 at 10.)

1040, 1045 (9th Cir. 1989)). While the Court agrees with this statement of law, Plaintiff's briefing fails to take the next step needed to utilize it: he does not identify *with any specificity* or *offer any proof* the moving defendants' colorable conduct. (*See generally id.*) Instead, he points to his own conclusory pleadings. (*See generally id.*) Again, this is insufficient to withstand the instant motion. *See Vasquez*, 487 F.3d at 1249. Further, without these anchoring claims, there is nothing to support Count XII, which seeks attorney fees pursuant to 42 U.S.C. § 1988 for the prevailing party in a § 1983 suit. *See Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

Plaintiff's state law counts against Officers Corpuz and Flickinger—negligence (IV) and conversion (XII)—fare no better, albeit for other reasons. As the Court previously noted, the pleading is a bit cursory but sufficient to satisfy Rule 8. (*See* Dkt. No. 79 at 4.) Nevertheless, the remaining counts cannot withstand the instant motion for a separate reason—Officers Corpuz and Flickinger also seek summary judgment, which they have properly supported. (*See generally* Dkt. No. 64.) Thus, to withstand this request, Plaintiff must point to *evidence* in support of his pleaded allegations. Fed. R. Civ. P. 56(a), (c). He does no such thing. (*See generally* Dkt. No. 69.) Instead, he moves to strike the moving defendants' declarations, (Dkt. No. 70), and suggests that without this evidence, their motion is doomed. (*See* Dkt. No. 69 at 15–16.) While the Court agrees that the declarations could be stricken in accordance with Federal Rule of Civil Procedure 6(c)(2), it makes no difference here. It is black letter law that Plaintiff (as the nonmoving party with the burden at trial) must establish a genuine issue of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). And he fails to do so. Thus, there is no reason for the Court to consider Plaintiff's motion to strike (Dkt. No. 70) and, even more importantly, nothing to avoid summary judgment to the moving defendants on each of these counts.

In a final attempt to save his case against these defendants, Plaintiff asks for leave to amend his complaint. (*See* Dkt. No. 69 at 18.) The Court DECLINES the request for numerous reasons. For one, amendment will not save Plaintiff from summary judgment, when he points to *no* proof in support of *any* of his generalized allegations. (*See generally* Dkt. No. 69.) For two,

while leave should be freely given, the Court need not do so when it would result in undue delay. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). That is just what would happen here. Plaintiff filed his original complaint two years ago (and lodged the Second Amended Complaint more than a year ago). *See* Dkt. Nos. 2, 17, 40.) Following repeated continuances, trial is set for two months from now. (*See* Dkt. No. 78.) Thus, at this point, further amendment, would result in undue delay of that trial.

For the foregoing reasons, Officer Corpuz and Flickinger's motion (Dkt. No. 64) is GRANTED and Plaintiff's motion (Dkt. No. 70) is DENIED as moot. All claims against the moving defendants are DISMISSED.

So DATED this 25th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE