THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Plaintiff,<br>v.<br>GOVERNMENT OF GUAM, *et al.*,<br>Defendants. | CIVIL CASE NO. 24-00019<br>ORDER |

This matter comes before the Court on the Government of Guam's renewed motions to dismiss and to strike (Dkt. Nos. 82, 84, 86). Having thoroughly considered the record and briefing, the motions are GRANTED in part and DENIED in part as described herein.

The Court described the allegations in this use of force case when considering prior motions to dismiss. (*See* Dkt. Nos. 79, 98.) It will not repeat that information here. At issue now is the following: the adequacy of Plaintiff's municipal liability (*i.e.*, *Monell*[1]) allegations, to the extent based on news articles attached to the complaint (describing similar instances), (Dkt. Nos. 82, 83); Plaintiff's request for injunctive relief, as contained in Count IX, (Dkt. Nos. 86, 87); and the propriety of Plaintiff's request for punitive damages, (Dkt. Nos. 84, 85).

The motions present a combination of Rule 12(c) and Rule 12(f) requests. Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial,

[1] *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658 (1978).

impertinent, or scandalous matter." Fed. R. Civ. R. 12(f).[2] While Rule 12(c) "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). It directs the Court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Thus, to avoid dismissal, a plaintiff must point to factual allegations that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] With the exception of punitive damages, the Court finds the Government of Guam's current requests inapt.

As to the punitives, Plaintiff now concedes that such damages are not available for its claims against the Government of Guam. (*See* Dkt. No. 92 at 17.) Thus, this portion of the Government's request is GRANTED. And the Court previously addressed the propriety of the injunctive relief sought in Count IX such relief. (*See* Dkt. No. 79 at 3 n.2.) It will not revisit that determination here. This leaves at issue Plaintiff's attachment of newspaper articles to his complaint.

As a preliminary matter, the Court *did not* take judicial notice of the articles' content (as movant now seems to suggest). Rather, it considered statements within the articles to be "incorporate[d] by reference" into the complaint. (*See* Dkt. 79 at 3.) The two concepts (judicial notice and incorporation by reference) are not the same. Judicial notice of an adjudicative fact has substantial limitations and is governed by Federal Rule of Evidence 201, whereas incorporation by reference is a judicial doctrine allowing a litigant to supplement pleadings through referenced or attached documents. *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp.

[2] "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[3] "[T]he court accepts all material allegations in the complaint as true" and resolves all doubts "in the light most favorable to the plaintiff." *McGlinchy*, 845 F.2d at 810 (citing *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986)). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

3d 1275, 1280 (C.D. Cal. 2016) (distinguishing between the two). Put simply, the Court is aware of no authority for the proposition that documents incorporated by reference into a complaint cannot contain hearsay.[4] Frankly, this would seem antithetical to Rule 12(b)(6), which directs the Court to "accept as true all of the allegations contained in a complaint." *See Iqbal*, 556 U.S. at 678. Further, even if Defendant's proposition were correct, it would have no impact here. The Court can certainly take judicial notice of the articles' existence in the public realm (irrespective of their truth). *See, e.g.*, *EVO Brands, LLC v. Al Khalifa Group LLC*, 657 F. Supp. 3d 1312, 1323 (C.D. Cal. 2023); *Whiteside v. Chosen Foods, LLC*, 796 F. Supp. 3d 667, 673 (S.D. Cal. 2025). And this existence is sufficient to buttress Plaintiff's *Monell* allegations, as the Court previously discussed. (*See* Dkt. No. 79 at 3.)

For the reasons described above, the Government of Guam's motions (Dkt. Nos. 82, 84, 86) are GRANTED in part and DENIED in part. The Court STRIKES Plaintiff's request for punitive damages against the Government of Guam but declines to strike any other portion of Plaintiff's pleading (Dkt. No. 40). All claims against the Government of Guam, other than those previously dismissed, (*see* Dkt. No. 79 at 5), remain valid.

So ORDERED this 27th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[4] The movant's legal citations, which it contends suggest otherwise, (*see* Dkt. No. 83 at 6), do not in fact support this proposition. For instance, in *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), the court held that *a defendant* could not use extrinsic evidence to support its motion to dismiss. *Id.* at 689. That has nothing to do with Plaintiff's use of articles here. And in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), the court discussed when referenced documents can be incorporated—not the limits of incorporation based on the nature of the referenced content. *Id.* at 1002–03.