UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

JOSE ARLINE DADIVAS DEVELLES,

Plaintiff,

v.

GOVERNMENT OF GUAM, *et al.*,

Defendants.

CIVIL CASE NO. 24-00019

ORDER

This matter comes before the Court on Guam Police Officers Kendall Diaz, Aren Fabila, and John Barcinas' motion for summary judgment (Dkt. No. 88). Having thoroughly considered the record and briefing, and finding oral argument unnecessary,[1] the Court DENIES the motion for the reasons described herein. In the alternative, Officers Diaz, Fabila, and Barcinas seek dismissal pursuant to Rules 12(b)(1) and/or 12(b)(6). (*See id.* at 9–10, 14–15.) Because, as previously discussed, the Court already concluded that Plaintiff adequately pleaded claims pursuant to 42 U.S.C. § 1983, (*see* Dkt. Nos. 79, 100), it need not retread that analysis here. Their motion is further DENIED on this basis.

The Court described the basic allegations in this excessive force case when considering prior dispositive motions. (*See* Dkt. Nos. 79, 98, 100.) It will not repeat that information here.

[1] Each party has had a full opportunity to brief the issues presented. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

Officers Diaz, Fabila, and Barcinas, in now moving for summary judgment on their qualified immunity defense, contend that *Zorn v. Linton*, 146 S. Ct. 926 (2026) (disposing of a passive protester's excessive force claim) "materially altered the legal landscape governing [these defendants] liability analysis and applicable defenses." (Dkt. No. 88 at 8.) Based on this, they suggest their alleged actions were reasonable and, thus, did not violate Plaintiff's Fourth Amendment rights and, even if they were unreasonable, the violation was not clearly established. (*See generally id*.) On this basis, they now seek summary judgment on each claim brought pursuant to 42 U.S.C. § 1983 and § 1988 and further ask that the Court decline supplemental jurisdiction over the remaining state law claims. (*Id.*)

The Court may grant summary judgment on a claim or defense where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a motion for partial summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

As a preliminary matter, the Court notes that it disagrees with Plaintiff's contention that *Zorn* materially altered the landscape here. As always, for Plaintiff to overcome the officers' immunity defense, he must demonstrate that they violated his constitutional right(s) and that the violation was "defined at the appropriate level of specificity [by prior caselaw] to determine [that] it was clearly established." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). *Zorn* merely reaffirmed that "[t]he relevant precedent must define the right with a 'high degree of specificity,' so that 'every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.'" 146 S. Ct. at 930 (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63,

(2018)). And the Court now so finds (for the reasons described below), applying the *traditional* qualified immunity framework. Correspondingly, it sees no reason not to exercise supplemental jurisdiction on Plaintiff's state law claims.

In performing the requisite excessive force analysis, the Court must first determine whether, based on the evidence Plaintiff now proffers, he establishes a genuine issue of fact as to the violation of his constitutional rights. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). And if it makes this conclusion in the affirmative, it must then determine whether the violation is "clearly established." *Id.* at 201–02.

Step one requires an analysis of whether the moving officers' use of force was objectively unreasonable, and therefore excessive. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). This is done through application of the following factors: (a) "the severity of the crime at issue," (b) "whether the suspect poses an immediate threat to the safety of the officers or others," and (c) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Plaintiff presents unrebutted testimony that he was a slight, older man when Officer Diaz pulled Plaintiff over for a traffic stop. (Dkt. No. 94 at 1.) As Plaintiff later opened his door (surrounded by the moving defendants), officers (including the moving defendants) "violently pulled" Plaintiff from the car, "punched the back of [Plaintiff's] head and punched and smashed [Plaintiff's] left eye." (*Id.* at 2.) They then "forced" Plaintiff "to the ground," and "stomped, kicked, and/or punched [Plaintiff's] back and ribs when [he] was face-down on the ground and partially or completely subdued." (*Id.*) Plaintiff attests that, regardless of any initial resistance, once he was "fully under the control and at the mercy [of the moving defendants], one or more executed blows and strikes to [Plaintiff's] head, face, back, and ribs" and went so far as to "rip [Plaintiff's] earings out." (*Id.*) Finally, Plaintiff declares that he "did not threaten or pose a threat to any [] officers at any time" and, in the end, was "not ticketed, criminally charged, or indicted" for his alleged resistance that day. (*Id.*) Applying this testimony to the factors described above, the Court concludes that the force applied was objectively unreasonable.

Turning to the step two analysis, the Court must assess whether this conduct violated Plaintiff's "clearly established" Fourth Amendment rights. *Zorn*, 146 S. Ct. at 930. This can be based on "controlling authority" or a "robust 'consensus of cases of persuasive authority.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Wilson*, 526 U.S. at 617.) The Court makes this finding. This is because, at a minimum, Plaintiff's opposition brief points to sufficient persuasive (if not controlling) authority to satisfy this standard. (*See* Dkt. No. 93 at 25–29.) This includes *Jones v. Las Vegas Metro. Police Dept.*, finding that application of a "pain compliance technique" violated "clearly established law" when done to a "prone suspect who exhibits no resistance, carries no weapon, is surrounded by sufficient officers to restrain him and is not suspected of a violent crime." 873 F.3d 1123, 1132 (9th Cir. 2017). It also includes *Rolfs v. City of Great Falls*, which recently found that "punching and kneeing [a detainee] in head and torso while he was prone, restrained, and non-resisting" violated "clearly established law." 2026 WL 485698, slip op. at 4 (D. Mont. 2026). Similar propositions include *Branscum v. San Ramon Police Dept.*, 606 F. App'x 860, 863 (9th Cir. 2015), *Mackay v. City of Salinas*, 2022 WL 2802981, slip op. at 10 (N.D. Cal. 2022), *Paulino v. Cruz*, 2017 WL 2903172, slip op. at 5 (N.D. Cal. 2017), and *Turner v. Graff*, 2012 WL 3656492, slip op. at 5 (N.D. Cal. 2012).

From this (non-comprehensive) collection of cases alone, Officer Diaz, Fabila, and Barcinas should have been aware that the level of force they applied to Plaintiff in the circumstances Plaintiff describes (if proven at trial) violated Plaintiff's clearly established Fourth Amendment rights. Accordingly, their motion for summary judgment (Dkt. No. 88) is DENIED.

So ORDERED this 28th day of August 2026.



John C. Coughenour
UNITED STATES DISTRICT JUDGE