UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JOSE ARLINE DADIVAS DEVELLES,<br>Plaintiff,<br>v.<br>GOVERNMENT OF GUAM, *et al.*,<br>Defendants. | CIVIL CASE NO. 24-00019<br>ORDER |

Jury trial for claims against the individual defendants in this matter is scheduled to commence October 26, 2026. (*See* Dkt. No. 78.) A bench trial will follow immediately thereafter for remaining claims (if any) against the Government of Guam.

In preparation, the Government submitted a trial brief pointing out this Court lacks subject matter jurisdiction for territorial claims against the Government, namely Counts V, VI. (*See* Dkt. No. 124 at 19–20.) This is because, says the Government, its sovereign immunity waiver (for such claims) applies only to suits brought *in its own courts*. (*See id.*) (citing, *e.g.*, 48 U.S.C. § 1421a; 5 G.C.A. §§ 6105, 6208; *Marx v. Govt. of Guam*, 866 F.2d 294, 299 (9th Cir. 1989)). Further, it says, the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 would be inapt, as it does not comport with the express terms of Guam's waiver. (*See id.*) (citing, *e.g.*, 5 G.C.A. § 6108.

The Court largely agreed with the Government's contention, as its position is consistent

with the required narrow construction of such immunity waivers, along with a sister court's decision specific to Guam and its limited waiver. *See Ramsey v. Muna*, 849 F.3d 858, 860 (9th Cir. 2017) (repeating the Supreme Court's mandate that a "waiver of . . . sovereign immunity must be unequivocal"); *see also Lau v. Dept. of Educ. for Govt. of Guam*, 2013 WL 1217764, slip op. at 6 (D. Guam 2013) (declining to extend supplemental jurisdiction to claims subject to Guam's sovereign immunity waiver because, in part, such "claims made . . . must be brought . . . in state court, not federal court").[1]

Nevertheless, before issuing a ruling on the topic, the Court invited supplemental briefing on this jurisdictional question. (*See* Dkt. No. 126.) That briefing has now been submitted. (*See generally* Dkt. Nos. 133, 135.) In sum, it does not provide the Court with a basis to depart from its prior understanding.

Plaintiff, in his supplemental brief, ostensibly admits that sovereign immunity applies to Counts V and VI. (*See generally* Dkt. No. 133.) So he relies on a theory of forfeiture to maintain the counts' viability (before this Court). According to Plaintiff, because the Government failed to timely invoke this particular jurisdictional deficiency until the eve of trial, as a matter of equity, it can no longer do so. (*See id.* at 8–11) (citing, *e.g.*, *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002)). But that is not quite right.

The Government repeatedly asserted sovereign immunity throughout its defense. (*See, e.g.*, Dkt. Nos. 63 at 1–2, 8; 114 at 3.) And while it only articulated the specific immunity theory relied on in its trial brief recently (namely, that in accordance with § 6108, territorial claims against the Government not otherwise precluded must be heard in Guam Superior Court), it did so shortly after lodging its Answer, which it coincidentally filed weeks before trial is scheduled to commence. (*See* Dkt. No. 124 at 19–20.) While this timing is far from ideal, it is not sufficient

[1] *But see Castro v. Govt. of Guam*, 2026 WL 1728492, slip op. at 5 n.7 (D. Guam 2026) (suggesting in dicta that supplemental jurisdiction could apply to such claims).

to constitute forfeiture.[2] Nor would the Court's recognition of Plaintiff's position be in accordance with Federal Rule of Civil Procedure 12(h)(3), which directs it to dismiss an action "any time" it determines it lacks subject matter jurisdiction.

This, for the reasons described above, the Court now FINDS that it lacks subject matter jurisdiction for Counts V and VI and DISMISSES those claims without prejudice. This ruling has no import on the remaining federal claim(s) against the Government.

So ORDERED 22nd day of October 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[2] This case is distinguishable from *In re Bliemeister*, for example, where the State failed to assert *any* such immunity in its answer. *See* 296 F.3d at 860–62.